UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM HENIG, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>   -against-<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP and PROVIDUS NEW YORK, LLC,<br><br>                      Defendants. | 13 CIV 1432 (RA) |

### REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT QUINN EMANUEL URQUHART & SULLIVAN'S MOTION TO DISMISS COMPLAINT

      Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Quinn Emanuel Urquhart & Sullivan hereby requests that, in connection with its Motion to Dismiss filed and served concurrently herewith, the Court take judicial notice of each of the documents listed below.

      Under Rule 201(d) courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

      1.    Attached as Exhibit 1 is a true and correct copy of a print-out of search results from the New York State Unified Court System's online attorney directory reflecting the registration number and year admitted for plaintiff William Henig. The Complaint states that plaintiff is an attorney who resides in New York. Compl. ¶ 9. The fact that plaintiff is a licensed

member of the New York bar is implied in the Complaint, and confirmation of this fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Thus, the record is appropriate for judicial notice pursuant to Rule 201(b).

2. Attached as Exhibit 2 is a true and correct copy of Opinion 16-05 issued by the District of Columbia Court of Appeals Committee on Unauthorized Practice of Law, dated June 17, 2005.

3. Attached as Exhibit 3 is a true and correct copy of an opinion letter from the New York State Department of Labor, RO-08-076, dated February 3, 2009.

4. Attached as Exhibit 4 is a true and correct copy of a pleading filed in Los Angeles Superior Court in the case captioned *J-M Manufacturing Company, Inc. v. McDermott Will & Emery*, Los Angeles Superior Court Case No. B462832.

Judicial notice of the foregoing records is appropriate.  A court may take judicial notice of proceedings in other courts or agencies if they have a bearing on the matters at issue.  *See Shah v. Meeker*, 435 F.3d 244, 249 (2d Cir. 2006).  At a minimum, courts will take judicial notice of the existence of other court or administrative proceedings or publicly filed documents where the purpose is merely to establish that certain matters were stated in the documents, not for their truth.  *See, e.g., Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Weizmann Inst. of Sci. v. Neschis,* 229 F. Supp. 2d 234, 240 (S.D.N.Y. 2002) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation") (citation and internal quotation marks omitted, alteration and omission in original).

DATED: New York, New York
April 26, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP


By /s/ Peter E. Calamari
Peter E. Calamari
(petercalamari@quinnemanuel.com)
Marc Greenwald
(marcgreenwald@quinnemanuel.com)
Shon Morgan, *pro hac vice*
(shonmorgan@quinnemanuel.com)
Scott Commerson, *pro hac vice*
(scottcommerson@quinnemanuel.com)

51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Defendant Quinn Emanuel Urquhart & Sullivan, LLP*