# EXHIBIT 2



District of Columbia Court of Appeals
Committee on Unauthorized Practice of Law
500 Indiana Avenue, N.W.
Washington, D. C. 20001
202/879-2777

OPINION 16-05

OF THE DISTRICT OF COLUMBIA COURT OF APPEALS
COMMITTEE ON UNAUTHORIZED PRACTICE OF LAW

Issued June 17, 2005

Pursuant to District of Columbia Court of Appeals Rule 49 ("the Rule" or "Rule 49"), and specifically its section 49(d)(3)(G), the District of Columbia Court of Appeals Committee on Unauthorized Practice of Law (the "Committee"), by a majority vote of a quorum of its members then present, approved the following opinion at its meeting on June 10, 2005:

COMPLIANCE WITH RULE 49 BY "CONTRACT" LAWYERS
IN THE DISTRICT OF COLUMBIA

The Committee has recently received a number of inquiries concerning the applicability of Rule 49 to lawyers who work in the District as "contract" lawyers – that is, lawyers other than partners or regular employees of a firm or other entity.[1]  These inquiries have raised questions such as:

- Is a lawyer who works in the District on a contract basis required to be a member of the D.C. Bar?

---

[1] Use of the term "contract lawyer" presupposes that the individual is in fact a lawyer, *i.e.*, that he or she is admitted to practice in some jurisdiction.  Persons not admitted to practice in a jurisdiction, even though they may possess a law degree, may not refer themselves as "lawyer."  *In re Banks*, 561 A.2d 158, 164-65 (D.C. App. 1987).

- If a lawyer working on a contract basis in the District applies for D.C. Bar membership, when must the contract lawyer submit the application and what is the contract lawyer permitted to do while the application is pending?

- If the contract lawyer is doing "paralegal work" or other arguably non-legal work, do the requirements of Rule 49 apply?

Because of the recurring nature of these questions, the Committee concluded that guidance will be useful to potential employers of contract lawyers, to the contract lawyers themselves, to the employment agencies that employ these contract lawyers or provide their services to firms or other entities, and to the Bar in general.[2]

Law firms and other legal organizations are increasingly using contract lawyers. Though there are a variety of situations in which contract lawyers are employed, typically a contract lawyer is not a regular employee of the law firm or other entity where he or she is working and has instead been hired to fill a temporary staffing need. The need for contract lawyers often results from large, document-intensive litigations or investigations, but law firms and law departments[3] have also begun to use contract lawyers to perform s legal research and other more substantive tasks.

---

[2]   For ethical guidance on other aspects of the use of "temporary" or "contract" lawyers, see: *Temporary Lawyers*, American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 88-356 (December 16, 1988); *Surcharge to Client for Use of a Contract Lawyer*, American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 00-420 (November 29, 2000); *Advising and Billing Clients for Temporary Lawyers*, DC Bar Ethics Opinion 284 (September 15, 1998); *Contracts with Temporary Lawyers: Restrictions on Subsequent Employment*, D.C. Bar Legal Ethics Committee Opinion 291 (June 15, 1999).

[3]   Rule 49(c)(6) provides an exception to the requirement of D.C. Bar membership to a person who provides legal advice "only to one's regular employer, where the employer

2

Sometimes contract lawyers are hired for a specific time period, which may be curtailed or extended as circumstances dictate. Sometimes they are hired for the duration of a particular case or project. Some contract lawyers work for a single employer for an extended period of time (and may eventually be hired by the employer as a regular staff attorney or associate). Other contract lawyers work for multiple employers, simultaneously or sequentially, for comparatively short periods of time. While contract lawyers are sometimes hired directly by the law firm or entity for whom they will work, frequently contract lawyers are supplied to the employer by an employment or "temp" agency.

As a general proposition, a contract lawyer who practices in the District on a regular basis must be a member of the D.C. Bar. Rule 49(a) prohibits any person who is not an active member of the D.C. Bar not only from engaging in the practice of law within the District, but also from holdings himself or herself out as authorized or competent to practice law in the District, unless otherwise authorized. As defined in Rule 49(b)(3), practice "in" the District of Columbia includes "conduct in, or conduct from an office or location within, the District of Columbia, where the person's presence in the District of Columbia is not of incidental or occasional duration."

Rule 49 makes no exception to these requirements for contract lawyers. For purposes of Rule 49, practicing law in the District of Columbia as a contract lawyer is no different than practicing law as a non-contract partner, associate or other employee. Unless the contract lawyer

---

does not reasonably expect that it is receiving advice from a person authorized to practice law in the District of Columbia." While one would not normally expect the employer of a contract lawyer to be that person's "regular" employer, it is possible that circumstances could arise in which a "contract lawyer" qualifies for the (c)(6) exception.

3

independently qualifies for one of the exceptions to Rule 49, the lawyer must be a member of the D.C. Bar.

Likewise, the exception in Rule 49(c)(8) for lawyers admitted in another jurisdiction who make timely application to the D.C. Bar applies equally to contract and non-contract lawyers.[4] If the contract lawyer files his or her D.C. Bar application within 90 days after commencing practice in the District, the lawyer may practice for a period of time up to 360 days during the pendency of that application, subject to the supervision and disclosure requirements of Rule 49(c)(8).[5] Such a lawyer must comply with the requirements in Rule 49(c)(8) to disclose his or her bar status and supervision status on all business documents and in media such as web sites identifying the lawyer to the public. Compliance with these disclosure requirements may often be less onerous for contract lawyers than for regular lawyers, since contract lawyers often are not issued business cards, do not communicate on firm letterhead, are not included in external directories and on web sites, and have no contact with clients, other counsel or the courts. The (c)(8) exception requires disclosure of the lawyer's bar status both to prospective employers and to clients to whom the lawyer provides legal services  This disclosure may be made by the contract lawyer or by the employment or "temp" agency employing or referring the contract

---

[4] If a person licensed in another jurisdiction is not eligible to apply for admission to the D.C. Bar, the person may not engage in the practice of law as a contract lawyer or hold out as authorized to engage in the practice of law as a contract lawyer. Although such a person may not be employed in the District as a contract lawyer, he or she may be employed as a law clerk or paralegal, subject to appropriate supervision.

[5] As a general rule, the 90-day application period, as well as the 360-day practice period (assuming an application is timely filed), starts to run when the contract lawyer first begins work as a contract lawyer in the District and continues to run through any subsequent work assignments, as well as through periods of unemployment or employment in a non-legal capacity.

lawyer, but each is responsible for ensuring that the required disclosures are made. Disclosure of the contract lawyer's status after hiring is required only to the extent the contract lawyer deals with people other than the lawyer's employer or client.

A number of the inquiries to the Committee have asked whether Rule 49 applies when the work the contract lawyer is hired to do is characterized as "paralegal work" or other work that seems to call for little or no application of legal knowledge, training or judgment, and that is supervised by a member of the D.C. Bar. The Committee recognizes that there are areas of legal practice where the work of lawyers and non-lawyers may overlap. Perhaps the most common example is review of documents for potential relevance or potential privilege, where the ultimate decision to assert the privilege and produce or not produce the document will be made by someone else. The Committee has been asked whether Rule 49 applies in such a situation even though the contract lawyer doing the first line review performs the same basic function as a paralegal.

The answer generally depends on whether the person is being held out, and billed out, as a lawyer or as a paralegal. Rule 49 does not regulate the hiring of a person as a paralegal or a law clerk, even though the person may be admitted to the practice of law in another jurisdiction. When a person is hired and billed as a lawyer, however, the person is generally engaged in the practice of law, and is certainly being held out as authorized or competent to practice law. Clients would reasonably assume that the person held out as a contract lawyer performs functions that are different in degree, if not in kind, from those performed by paralegals or law clerks, and that the cost of services performed by contract lawyers reflects the legal training and judgment that they bring to the work they perform. When a client is paying for the services of a

5

lawyer, and not a paralegal or a law clerk, the person providing the services and the person's employer must comply with Rule 49.

In addition, if a contract lawyer is supervised not as a paralegal or law clerk but as a subordinate attorney would be supervised, the contract lawyer is engaged in the practice of law. The fact that both paralegals and subordinate attorneys may perform similar tasks under similar supervision does not mean that subordinate attorneys are not engaged in the practice of law. D.C. Bar members have a duty to supervise not only non-lawyers but lawyers who work under their direction, and lawyers bring greater legal training and judgment to bear on certain tasks that may also be performed by paralegals subject to the type of supervision appropriate for paralegals.

Rule 49 also applies if a contract lawyer regularly takes short-term assignments in the District of Columbia. A contract lawyer, as defined for purposes of this Opinion, is employed for a limited period or project, and a contract lawyer may accept assignments outside the District of Columbia or have periods of non-employment between assignments. However, a contract lawyer whose presence in the District of Columbia as a contract lawyer is not occasional or incidental within the meaning of Rule 49(b)(3) is subject to Rule 49, even if each assignment, considered in isolation, might constitute only incidental or occasional presence here. For example, a contract lawyer who regularly practices in the District despite occasional projects in other jurisdictions is engaged in the practice of law, and holding out as authorized to practice law, "in" the District of Columbia within the meaning of Rule 49(b)(3). Conversely, a contract lawyer who practices primarily in another jurisdiction generally is not engaging in the practice of

law "in" the District of Columbia simply by taking on one discrete project here on an incidental basis.

In this context as in other contexts, the Committee's primary goal is compliance with Rule 49. To the extent there are contract attorneys who are engaged in practice in the District and who are not in compliance with Rule 49, the Committee urges them to seek admission to the D.C. Bar. If a lawyer is uncertain whether he or she should be a member of the D.C. Bar, the prudent course is to apply for admission. Failure to do so may jeopardize the lawyer's ability to continue to practice law in the District on a contract or other basis. Failure to do so also places the lawyer in jeopardy of discipline in jurisdictions in which the lawyer is admitted, since other states have adopted a disciplinary rule equivalent to D.C. Rule of Professional Conduct 5.5, which makes it a violation to engage in the unauthorized practice of law in any jurisdiction.

The Committee also urges lawyers, law firms and law departments who employ contract attorneys in the District to be mindful of their own obligations. Rule 49 applies as well to employment agencies who furnish or refer contract lawyers to prospective employers. D.C. Rules of Professional Conduct 5.1 and 5.3 require that a DC Bar member exercise supervisory responsibility with respect to lawyer and non-lawyer subordinates. They also require supervising lawyers to make reasonable efforts to ensure compliance with professional rules by their subordinates, and in certain instances they make the supervising attorney liable for ethical breaches by a subordinate. In addition to this general supervisory obligation, D.C. Rule of Professional Conduct 5.5(b) provides that no lawyer may assist another person in the unauthorized practice of law.

The staff of the Committee shall cause this opinion to be submitted for publication in the same manner as the opinions rendered under the Rules of Professional Conduct.

Done this 17th day of June, 2005.

_Anthony C Epstein_
Chair
District of Columbia Court of Appeals
Committee on Unauthorized Practice of Law