# EXHIBIT 3



**New York State Department of Labor**
David A. Paterson, *Governor*
M. Patricia Smith, *Commissioner*

February 3, 2009



Re: Request for Opinion
Definition of Professional Exemption
RO-08-076

Dear ▮

    I have been asked to respond to your letter of July 23, 2008 in which you request an opinion from the Department of Labor regarding the definition of an individual employed in a bona fide professional capacity. Please be advised in the first instance that a portion of the second sentence of Mr. King's letter of June 11, 2008 needs further clarification, to wit: whether a worker possesses a professional license is not a factor under New York State law in determining whether he/she is employed in a professional capacity.

    The criteria for determining whether an individual is employed in a bona fide professional capacity are set forth at 12 NYCRR §142-2.14 (4)(iii):[1]

> (iii) Professional. Work in a bona fide ... professional capacity means work by an individual:
> (a) whose primary duty consists of the *performance of work*: requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes; or original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training), and the result of which depends primarily on the invention, imagination or talent of the employee; and (b) whose *work requires* the consistent exercise of discretion and judgment in its performance; or (c) whose *work is* predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical or physical work) and is of such a character that the

---

[1] The various research papers and positions attached to your letter are all statements or interpretations of Federal law. Please be advised that under these circumstances, New York State laws and regulations, not Federal laws, are applicable. (*see* 29 U.S.C. 218 (a)).

Tel: (518) 457-4380, Fax: (518) 485-1819
W. Averell Harriman State Office Campus, Bldg. 12, Room 509, Albany, NY 12240

www.labor.state.ny.us    bcejjs@labor.state.ny.us

output produced or the result accomplished cannot be standardized in relation to a given period of time. (Emphasis added).

Accordingly, the deciding factor in determining whether a worker is "employed in a professional capacity" is not the worker's professional license or educational attainments, but the type of work that he/she is performing. For example, a licensed attorney who chooses to work as a cook in a restaurant rather than practicing law will not be deemed to be "employed in a professional capacity" as such work meets none of the criteria of 12 NYCRR §142-2.14 (4)(iii). As Mr. King correctly phrased it, the determining factor is the "nature of his daily responsibilities."

Please take further note that the amount of wages earned is not a factor listed in 12 NYCRR 142-14(4)(iii) and, therefore, has no relevance to a determination that a worker is or is not employed in a professional capacity.

Lastly, it has come to my attention that you have failed to comply with Mr. King's requests to provide him with all of the information necessary to assist him in determining the nature of Mr. Crowley's daily duties. Please be advised that such a failure may not only be a violation of law (*see* Labor Law §§25, 26, 31 and 32) but may leave the Commissioner with no alternative but to rely upon the complaining employee as her sole source of information in making her final determination in this matter.

This opinion is based on the information provided in your letter of July 23, 2008. A different opinion might result if the facts provided were not accurate, or if any other relevant fact was not provided.

Very truly yours,

Maria L. Colavito, Counsel

By: Jeffrey G. Shapiro
Associate Attorney

CC: Carmine Ruberto
Frank King