Zachary Hummel
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM HENIG, on behalf of himself and others similarly situated<br><br>                             Plaintiff,<br><br>vs.<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP, et al.,<br><br>                            Defendants. | Civil Action No. 13-CV-1432 |

## MEMORANDUM IN SUPPORT OF DEFENDANT DOCUMENT TECHNOLOGIES, LLC'S MOTION TO DISMISS

The Fair Labor Standards Act and New York Labor Law exempt employers of licensed attorneys engaged in the practice of law from the requirement to pay time and a half for overtime. Plaintiff admits that he is an attorney and that he was employed by defendants to review legal documents in connection with ongoing litigation. Remarkably, Plaintiff never pleads that the work he performed for Defendants was not the practice of law. Instead, he attempts to get around this unequivocal exemption by crafting an exception that is not supported by any regulation, statute, or other law. Permitting Plaintiff's claim to go forward would not only be an unprecedented expansion of federal and state overtime law, but it would also amount to a declaration that thousands of trained, licensed attorneys whose responsibilities include the review of documents for litigation discovery are not actually engaged in the practice of law.

1

The sole basis for Plaintiff's claim is that the work he performed was allegedly "extremely routine." Even accepting this allegation as true, routine document review still involves the practice of law. Each document must be analyzed to assess relevance, responsiveness to document requests, potential attorney-client privilege or work product issues, confidentiality concerns, and many other issues. This analysis requires the person reviewing the document to have legal knowledge and expertise, in order to be able to understand the numerous legal and ethical issues implicated by the document review. No matter how Plaintiff characterizes his work, the essential nature of the work involves the practice of law. Accordingly, under state and federal law, Plaintiff's claims fail and his Complaint should be dismissed.

## FACTS

Plaintiff William Henig is an attorney. Complaint ¶ 9. Plaintiff alleges that he was hired by Defendants Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") and Document Technologies, LLC ("DTI") (incorrectly named as Providus New York, LLC) in mid-August 2012, on a temporary basis to review documents relating to pending litigation for Quinn Emanuel, a law firm. Complaint ¶ 9. Mr. Henig worked on the document review project for approximately 6 weeks. Complaint ¶ 9. Plaintiff alleges he "view[ed] hundreds of documents each day for the purpose of sorting the documents into certain categories identified by Defendants." Complaint ¶ 30. Defendants paid Plaintiff an hourly wage. Complaint ¶ 33. Plaintiff admits that he was paid for all hours that he worked. Complaint ¶ 34.

Plaintiff alleges that he was required to review documents under very specific guidelines set forth by Defendants and to sort the documents based on those guidelines. Complaint ¶ 31. He further claims that he was not exempt from federal and state laws requiring employees to pay

overtime because of the "extremely routine nature of Plaintiff's job duties." Complaint ¶ 32. Plaintiff does not allege that he was not engaged in the practice of law.

<strong>ARGUMENT</strong>

**I.      Fed. R. Civ. P. 12(b)(6) Standard for Dismissal.**

Dismissal is proper where the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In order for a complaint to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must show that success on the merits is more than a "sheer possibility." *Id.* The court must take the plaintiff's factual allegations as true, but this does not apply to legal conclusions or "formulaic recitation of the elements of a cause of action." *Id.* The complaint must (1) describe the claim in sufficient detail to give the defendant fair notice of what the claim is and on the grounds upon which it rests and (2) allege facts that raise more than a speculative right to relief. *Twombly*, 550 U.S. at 555.

**II.     Plaintiff Fails to State a Claim Upon Which Relief May Be Granted Because The FLSA and the New York Labor Law Exempt Licensed Attorneys Engaged in the Practice of Law From the Overtime Requirements.**

        **A.      The FLSA and New York Labor Law Regulations Related to the Professional Exemption.**

The complaint asserts claims for unpaid overtime pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The FLSA and NYLL each provide exemptions from overtime requirements for employees working in a bona fide professional capacity. *See* 29 U.S.C. § 213(a)(1); 12 N.Y.C.R.R. 142-2.14(c)(4)(iii)(a); 12 N.Y.C.R.R. 142-2.2.

3

The regulations promulgated by the United States Department of Labor include a specific regulation governing the practice of law:

> (a)     The term "employee employed in a bona fide professional capacity" in section 13(a)(1) of the Act also shall mean:
>
>     (1)     Any employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and is actually engaged in the practice thereof...

*See* 29 C.F.R. § 541.304(a).

The definition of "professional" employees under the New York regulation is virtually identical to the federal regulation governing the professional exemption. *See* 12 N.Y.C.R.R. 142-2.14(c)(4)(iii)(a).     The New York Labor Laws also expressly incorporate the FLSA definitions of the professional exemption. *Rowe v. Otthof Funeral Home, Inc.*, 2011 WL 4899970, No. 10-cv-6220T (W.D.N.Y. Oct. 13, 2011) ("[B]ecause . . . plaintiff is exempt as a learned professional under the FLSA, he is, by operation of the New York Labor Law, exempt from overtime under New York State Law.") (citing 12 N.Y.C.R.R. 142–2.2 (providing that employers shall pay overtime wages in accordance with the FLSA)); *see also Levine v. Unity Health Sys.*, 847 F. Supp. 2d 507, 509 (W.D.N.Y. 2012) (the FLSA professional exemption test is "more expansive" than the New York test because the New York Labor Law requires only that the employer meet the "duties" test, and not a salary requirement).     Attorneys engaged in the practice of law do not need to be paid on a salary basis in order to qualify for the professional exemption. *See* 29 U.S.C. § 541.304(d).

**B.     The Allegations in the Complaint Demonstrate that Plaintiff Was Properly Classified as Exempt From the Overtime Requirements of State and Federal Law Pursuant to the Professional Exemption.**

Pursuant to the relevant regulations and Plaintiff's concession that he is an (assumedly licensed) attorney, the only fact necessary to determine whether Plaintiff is exempt from the

4

overtime requirements is whether Plaintiff was engaged in the practice of law. Plaintiff admits that he was employed to review legal documents in connection with litigation, which is undoubtedly the practice of law. Tellingly, Plaintiff never actually alleges in the Complaint that he was not practicing law. For this reason alone, the Complaint should be dismissed for failure to plead an essential element of his claim.

Even if Plaintiff's Complaint alleged that he was not practicing law, his claims would still fail because reviewing documents in connection with litigation is the practice of law. Courts have held on numerous occasions that reviewing documents in connection with litigation is the practice of law. For example, in *Parrish v. Manatt, Phelps & Phillips, LLP*, C 10-03200 WHA, 2011 WL 1362112 (N.D. Cal. Apr. 11, 2011), the court opined that "[t]he tasks of collecting client documents, reviewing those documents, and determining which documents are relevant are essential – and often costly – parts of investigation and discovery." *See also Holton v. Sec. Dep't. of Health and Human Svcs.*, 24 Cl. Ct. 391 (1991) (taking judicial notice that litigation involves "review of documents, communication with the court, with witnesses, with opposing counsel and with clients, legal research and drafting of pleadings and motions."); *In re: Apodaca*, 401 B.R. 503 (S.D. Fla. 2009) (the review of client documentation "is not merely common to the practice of law but, indeed, necessary"). The fact that contract attorneys perform this work does not change the conclusion. *See In re Tyco Intern., Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249 (D.N.H. 2007) ("An attorney, regardless of whether she is an associate with steady employment or a contract attorney whose jobs ends upon completion of a particular document review project, is still an attorney.").

As recognized in *Parrish*, document review is a staple of legal practice and is particularly critical for attorneys handling large-scale litigations. Documents must be analyzed to assess,

among other things, responsiveness to various discovery requests; relevance to designated topics or subcategories; potential attorney-client privilege or work product issues; confidentiality concerns; and myriad other issues. The fact that attorneys conducting document review are required to follow guidelines to ensure quality and consistency does not change the legal nature of the work being performed, nor does it eliminate the need for such attorneys to use their legal training and judgment in their review. To determine whether a document is responsive and/or privileged necessarily requires that an attorney exercise discretion and use sound judgment. The attorney also must use his or her understanding of the relevant factual and legal issues, including those that are case-specific as well as general principles of law relating to privileged communications and other ethical considerations. To determine that this work is not the practice of law not only defies common sense but also denigrates the work performed every day by thousands of licensed attorneys across the country.[1]

Attorneys conducting such review are also bound by the same ethical rules governing all lawyers and must abide by the professional standards that govern legal work. The failure to exercise appropriate diligence and judgment can result in severe penalties, both for the attorney and his or her client. *See* Fed. R. Civ. Proc. 37 (party that fails to respond to a discovery request "may be fined, have its evidence prevented from being admitted, or have its claim dismissed partially or entirely."); *see, e.g., Merck Eprova AG v. Gnosis S.P.A.*, No. 07 Civ. 5898, 2010 WL 1631519, *3-6 (S.D.N.Y. April 20, 2010) (issuing sanction against party and attorneys for failing to produce responsive documents); *Branhaven, LLC v. Beeftek, Inc.*, -- F.R.D. --, 2013 WL 388429, *6-7 (D. Md. Jan. 4, 2013) (awarding sanctions against client and counsel for producing

---

[1] Notably, in stark contrast to Plaintiff's claims, commentators have noted that the legal practice of document review is an increasingly complex and specialized field of law. *See, e.g.,* Greenwood, A. "A New View, Part 2, E-Discovery Changes Have Some Seeing a Career in Document Review", ABA Journal, Vol. 97, P. 27 (Oct. 2011).

documents in an unusable form and manner); *Davis v. Rouse*, No. WDQ–08–cv–3106, 2012 WL 3059569, *2 (D. Md. July 25, 2012) (awarding monetary sanctions against party that produced large number of nonresponsive documents).

For all of these reasons, Plaintiff's claim must fail. He concedes that he is an attorney, and he concedes that he was tasked with reviewing documents in connection with litigation, which involves the practice of law. These are the only elements of the exemption governing overtime pay to attorneys. Accordingly, Plaintiff's Complaint should be dismissed.

## CONCLUSION

For the reasons stated above, Defendant Document Technologies, LLC respectfully request the Court to enter an order granting Defendant's motion to dismiss.

Dated: April 26, 2013
       New York, New York

                              Respectfully submitted,
                              Bryan Cave, LLP


                              */s/ Zachary Hummel*
                              Zachary Hummel

                              Zachary Hummel
                              BRYAN CAVE LLP
                              1290 Avenue of the Americas
                              New York, New York 10104
                              (212) 541-2000

                              Attorney for Defendant

## CERTIFICATE OF SERVICE

This certifies that on the April 26, 2013 a copy of the foregoing was sent to all counsel of record herein, by this Court's CM/ECF electronic notice system.

/s/ *Zachary Hummel*