UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM HENIG, on behalf of himself and    INDEX NO: 13 CV 1432
all others similarly situated,

       Plaintiff,

  v.

QUINN EMANUEL URQUHART &
SULLIVAN, LLP and PROVIDUS
NEW YORK, LLC,

       Defendants.
-----------------------------------------------------------x


**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSTION TO
DEFENDANTS QUINN EMANUEL URQUHART & SULLIVAN, LLP AND
DOCUMENT TECHNOLOGIES, LLC'S MOTIONS TO DISMISS**


JOSEPH & KIRSCHENBAUM LLP
D. Maimon Kirschenbaum
Denise A. Schulman
233 Broadway
5th Floor
New York, NY 10279
212-688-5640
212-688-2548 (fax)

*Attorneys for Plaintiff,
proposed FLSA Collective Members,
and proposed Class Members*

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................................... i

**I.      PRELIMINARY STATEMENT** ................................................................................ 1

**II.     FACTUAL BACKGROUND** ...................................................................................... 2

**III.    ARGUMENT** ................................................................................................................ 3

    **A.      The Professional Exemption Under The FLSA And New York Law** .................... 4

    **B.      Plaintiff's FLSA Claim Should Not Be Dismissed Because Defendants Cannot Show That Plaintiff Was Engaged In The Practice Of Law** ............................................... 6

    **C.      Plaintiff's New York Claim Should Not Be Dismissed** .......................................... 13

**IV.     CONCLUSION** ........................................................................................................... 14

**TABLE OF AUTHORITIES**

**Federal Cases**

*A&E Television Networks LLC v. Pivot Point Entm't, LLC*, No. 10 Civ. 9422,
    2011 U.S. Dist. LEXIS 144343 (S.D.N.Y. Dec. 9, 2011) ........................................6, 8

*Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960) ............................................................2, 5, 11

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ................................................................................3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................3

*Chillemi v. Town of Southampton*, No. 12 CV 3370,
    2013 U.S. Dist. LEXIS 64878 (E.D.N.Y. May 4, 2013) ............................................4

*DeJesus v. HF Mgmt. Servs., LLC*, No. 12 CV 1298,
    2012 U.S. Dist. LEXIS 152263 (E.D.N.Y. Oct. 23, 2012)........................................4, 12

*E.I. DuPont de Nemours & Co. v. Koon Indus., Inc.*, No. 09 CV 058,
    2013 U.S. Dist. LEXIS 16295 (E.D. Va. Feb. 6, 2013)..............................................10

*First Amer. Corp. v. Al-Nahyan*, No. 96-MS-25, 96-MS-4,
    1996 U.S. Dist. LEXIS 4577 (D.D.C. Mar. 26, 1996)...............................................8

*Gabriel Tech. Corp. v. Qualcomm, Inc.*, No. 08 CV 1992,
    2013 U.S. Dist. LEXIS 14105 (S.D. Cal. Feb. 1, 2013) ............................................9

*Hayden v. Paterson*, 594 D.2s150 (2d Cir. 2010).................................................................3

*Hill v. Del. N. Cos. Sport Serv., Inc.*, No. 11 CV 753S,
    2012 U.S. Dist. LEXIS 87909 (W.D.N.Y. June 24, 2012) .......................................4

*Holton v. Sec. of the Dep't of Health & Human Servs.*, 24 Cl. Ct. 391 (1991) .....................9

*In re Apodaca*, 401 B.R. 503 (S.D. Fla. 2009) ......................................................................9

*In re Enron Secs., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732 (S.D. Tex. 2008) .........10

*In re Grand Jury Subpoenas 04-124-03 & 04-124-05*, 454 F.3d 511 (6th Cir. 2006) ..........7, 8, 14

*In re KeySpan Corp. Secs. Litig.*, No. CV 2001-5852,
    2005 U.S. Dist. LEXIS 29068 (E.D.N.Y. Aug. 25, 2005).........................................8

*In re Novartis Wage & Hour Litig.*, 611 F.3d 141 (2d Cir. 2010)........................................4, 5, 13

*In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249 (D.N.H. 2007) ......................10

*Kadden v. VisuaLex, LLC*, No. 11 Civ. 4892,
    2012 U.S. Dist. LEXIS 136475 (S.D.N.Y. Sept. 24, 2012)........................................12

*Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ..............................................9

*Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101 (2d Cir. 2010) ......................5

*Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406 (2d Cir. 2008) ......................................4

*Takeda Chem. Indus. Ltd. v. Mylan Labs., Inc.*, No. 03 Civ. 8253, 04 Civ. 1966,
    2007 U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007) ..........................................9

*Tampa Bay Water v. HDR Eng'g, Inc.*, No. 08 CV 2446,
    2012 U.S. Dist. LEXIS 157631 (M.D. Fla. Nov. 2, 2012) ........................................10

*T.P. v. City of Chicago Pub. Sch. Dist. 299*, No. 10 C 2604,
    2011 U.S. Dist. LEXIS 33445 (N.D. Ill. Mar. 29, 201)..............................................9

*Wheeler v. Cross*, No. 06 CV 00717,
    2010 U.S. Dist. LEXIS 71161 (D. Nev. June 28, 2010)............................................9

*Zhong v. August August Corp.*, 498 F. Supp. 2d 625 (S.D.N.Y. 2007) ..................................3

**State Cases**

*In re Rowe*, 80 N.Y.2d 336 (1992)....................................................................................6, 12

*State ex rel. Okla. Bar Ass'n v. Running*, 262 P.3d 736 (Okla. 2011) ..................................6

**Statutes, Rules, and Regulations**

29 C.F.R. § 541.2...............................................................................................................5, 12

29 C.F.R. § 541.304 ................................................................................................................5

29 U.S.C. § 207......................................................................................................................3

D.C. App. R. 49 ...............................................................................................................10, 11

N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.2 .................................................................3

N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.14 ..........................................................5, 14

**Other Authorities**

D.C. Ct. App. Comm. on Unauthorized Practice of Law Op. 16-05 (June 17, 2005) ...........10, 11

I.     PRELIMINARY STATEMENT

This case involves an individual who was hired as a contract attorney by Defendants to perform the computer-like task of locating search terms identified by Defendant Quinn Emanuel Urquhart & Sullivan, LLP in litigation-related documents.[1]  Plaintiff does not deny that such work could ostensibly be described as "document review," insofar as "document review" is an extremely broad term.  However, to the extent that "document review" is a term of art referring to the application of legal knowledge and/or discretion to determine the relevance and/or privilege of certain documents, Plaintiff's work was unequivocally not document review.  It is impossible that such mundane work requiring no legal knowledge or skill whatsoever could be considered the "practice of law" for purposes of the Fair Labor Standards Act's ("FLSA") professional exemption.  Accordingly, Defendants' failure to pay Plaintiff William Henig the overtime premium of one and a half times his regular rate for hours in excess of 40 per week violated the FLSA and New York law.

Furthermore, Defendants mistakenly ask the Court to make a merits-based determination at a premature stage based on the pleadings.  Defendants' motions to dismiss glaringly omit the simple facts that (1) a plaintiff establishes a *prima facie* case for unpaid overtime by alleging that he worked more than 40 hours per week and was not paid an overtime premium for such hours and (2) overtime exemptions are affirmative defenses that a plaintiff need not negate in his complaint.  Therefore, FLSA exemptions and similar exemptions from New York's overtime requirements are seldom ripe for decision on a motion to dismiss for failure to state a claim.  Defendants cannot show – as they must to prevail – that *any* activity which could be described

---

[1] As Defendants Quinn Emanuel Urquhart & Sullivan, LLP and Document Technologies, LLC have each filed a motion to dismiss that addresses similar issues, Plaintiff submits this memorandum of law in opposition to both Defendants' motions to dismiss.  With this memorandum of law, Plaintiff submits the May 24, 2013 declaration of Denise A. Schulman, attaching thereto as Exhibit 1 ("Ex. 1") a proposed Amended Complaint.

1

loosely as "document review" constitutes the practice of law and are thus exempt work under the FLSA and New York law.  In their motions, Defendants baldly assert that all document review must involve some analytic skill, and thus all document review performed by an attorney is the practice of law.  On a motion to dismiss, a fair reading of Plaintiff's Complaint compels the inference that, as was in fact the case, the work Plaintiff performed was so mechanical that it did not permit him to use any legal knowledge, judgment, or discretion.  As the practice of law must involve the use of legal knowledge, judgment, or discretion, Defendants cannot show that Plaintiff falls "plainly and unmistakably within the[] terms and spirit" of the professional exemption, and their motions to dismiss should be denied. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

To the extent that the Court is concerned with a perceived failure by Plaintiff to negate in his Complaint the applicability of the professional exemption, Plaintiff submits with this memorandum a proposed Amended Complaint.  The facts alleged therein establish that Plaintiff's job duties while employed by Defendants did not constitute the practice of law.

## II.     FACTUAL BACKGROUND

Plaintiff William Henig ("Plaintiff" or "Henig") is an attorney.  (Compl. ¶ 2.)  For approximately six weeks in 2012, he was placed by Defendant Document Technologies, LLC (named in Plaintiff's Complaint as Providus New York LLC) ("Document Technologies" or "Providus") to work as a contract attorney for Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn"). (*Id*. at ¶ 9.)  Plaintiff reviewed documents for Quinn "under very specific guidelines set forth by Defendants and [was required] to sort the documents based on those guidelines." (*Id*. at ¶ 31.)  As set forth in the proposed Amended Complaint, these "specific guidelines" were simply search terms that Plaintiff had to look for.  (Ex. 1, ¶¶ 32-33.)  Plaintiff's job duties in this

capacity were "extremely routine[.]" (Compl. at ¶ 32.) Although Plaintiff worked 57 to 60 hours per week, he was not paid one and a half times his regular rate for hours worked in excess of 40 per week. (*Id*. at ¶¶ 34-35.)

Plaintiff filed the instant putative class and collective action on March 4, 2013 seeking unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA") and New York law, along with liquidated damages, attorneys' fees, and costs, on behalf of himself and others similarly situated.

### III.   ARGUMENT

In deciding a motion to dismiss for failure to state a claim, a court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (alteration in original, original quotation marks omitted). To withstand a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The FLSA and New York law both require employers to pay employees one and a half times their regular rate for hours worked in excess of 40 per week unless certain narrow exemptions, which must be pleaded and proved as affirmative defenses, apply. 29 U.S.C. § 207(a); N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.2. A plaintiff states a claim for unpaid overtime under the FLSA and New York law if his complaint alleges (1) that he was employed by the defendant(s); (2) that he worked overtime hours for which he was not paid one and a half times his regular rate; and (3) for the FLSA only, that the plaintiff's work involved interstate commerce. *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628 (S.D.N.Y. 2007).

Exemptions from the overtime requirements of the FLSA and New York law are affirmative defenses.  *In re Novartis Wage & Hour Litig.*, 611 F.3d 141, 150 (2d Cir. 2010).

A court may dismiss a complaint based on an affirmative defense only if that defense "is clear from the face of the complaint[.]"  *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 426 (2d Cir. 2008).  "In general, affirmative defenses are not properly available on a motion to dismiss for failure to state a claim, unless the defense appears on the face of the complaint."  *DeJesus v. HF Mgmt. Servs., LLC*, No. 12 CV 1298, 2012 U.S. Dist. LEXIS 152263, at *6 (E.D.N.Y. Oct. 23, 2012).  Notably, while "a plaintiff's complaint should contain allegations that support [his] claim, . . . a plaintiff has no obligation to anticipate and refute potential affirmative defenses."[2]  *Chillemi v. Town of Southampton*, No. 12 CV 3370, 2013 U.S. Dist. LEXIS 64878, at *23 (E.D.N.Y. May 4, 2013) (internal quotation marks omitted); *Hill v. Del. N. Cos. Sport Serv., Inc.*, No. 11 CV 753S, 2012 U.S. Dist. LEXIS 87909, at *6-7 (W.D.N.Y. June 24, 2012) (same).

### A.  The Professional Exemption Under The FLSA And New York Law

The well-pleaded allegations in Plaintiff's Complaint establish, for purposes of this motion, that he worked more than 40 hours per week and was not paid one and a half times his regular rate of pay for hours worked in excess of 40 per week.  (Compl. ¶¶ 34, 35.)  This states a claim under the FLSA and New York law.

Defendants contend that Plaintiff was exempt from the overtime requirements of the FLSA and New York law because, as an attorney, he was a "professional" under relevant law.  Under the FLSA, the professional exemption applies to "[a]ny employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and

---

[2] For this reason, Document Technologies' contention that that Plaintiff was obligated to allege in his Complaint that he was not engaged in the practice of law is incorrect. (Doc. Tech. Mem. of Law in Supp. of Mot. To Dismiss ("Doc. Tech. Mem.") at 5.)

4

is actually engaged in the practice thereof[.]" 29 C.F.R. § 541.304(a)(1). Under New York law, the professional exemption applies to a person

> (a) whose primary duty consists of the performance of work: requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes; . . . and
>
> (b) whose work requires the consistent exercise of discretion and judgment in its performance; or
>
> (c) whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical or physical work) and is of such a character that the output produced or the result accomplished cannot be standardized in relation to a given period of time.

N.Y. Comp. Codes . R. & Regs., tit. 12, § 142-2.14(4)(iii).[3]

Because the FLSA and New York Labor Law are both remedial statutes, overtime "exemptions are to be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *Arnold*, 361 U.S. at 392; *see also*, *e.g.*, *Reiseck v. Universal Commc'ns of Miami, Inc.*, 591 F.3d 101, 104 (2d Cir. 2010). These exemptions are affirmative defenses, and "[t]he burden of proving that employees fall within such an exemption is on the employer." *In re Novartis Wage & Hour Litig.*, 611 F.3d at 150. In addition, as noted, *supra* Section III, affirmative defenses are typically not appropriately decided on a motion to dismiss for failure to state a claim.

---

[3] Defendants contend that the standards for the professional exemption are similar under the FLSA and New York law. (Quinn Mem. of Law in Supp. of Mot. To Dismiss ("Quinn Mem.") at 5 n.1; Doc. Tech. Mem. at 4.) While this may be true with respect to the general definition of the professional exemption, the FLSA has a specific carve out for attorneys engaged in the "practice of law" that is not included in the relevant New York regulations. *Compare* 29 C.F.R. § 541.304(a)(1) *with* N.Y. Comp. Codes . R. & Regs., tit. 12, § 142-2.14(4)(iii). Accordingly, in determining whether an attorney is exempt under New York law, the relevant question is not whether she is engaged in the practice of law, but rather whether her primary duties require knowledge of an advanced type, whether her work requires the consistent exercise of discretion and judgment, and whether her work is predominantly intellectual and varied in character.

5

### B. Plaintiff's FLSA Claim Should Not Be Dismissed Because Defendants Cannot Show That Plaintiff Was Engaged In The Practice Of Law

To prevail on their motions to dismiss Plaintiff's FLSA claim, Defendants must show that, making all inferences in favor of Plaintiff, Plaintiff's Complaint establishes on its face that Plaintiff was engaged in the practice of law. Essentially, Defendants would have to establish that every type of document review – even that entailing solely the computer-like review of documents for search terms and involving no exercise of discretion – is the practice of law if performed by an attorney. They cannot make this showing.

The New York Court of Appeals has stated that "[t]he practice of law involves the rendering of legal advice and opinions directed to particular clients." *In re Rowe*, 80 N.Y.2d 336, 341-42 (1992); *see also A&E Television Networks LLC v. Pivot Point Entm't, LLC*, No. 10 Civ. 9422, 2011 U.S. Dist. LEXIS 144343, at *3 (S.D.N.Y. Dec. 9, 2011) (same). Other jurisdictions have similarly characterized the practice of law as something requiring the application of legal knowledge, training, skill, and ability. *E.g.*, *State ex rel. Okla. Bar Ass'n v. Running*, 262 P.3d 736, 739 (Okla. 2011) ("This Court has found that the practice of law is the rendition of services requiring the knowledge and the application of legal principles and technique to serve the interests of another with his consent.") (internal quotation marks omitted). Plaintiff's Complaint supports the inference that the particular document review he performed did not involve the rendering of legal advice or opinions, or even the application of any legal knowledge or skill. Moreover, Plaintiff submits with this motion a proposed Amended Complaint that includes further detail about his duties and which he would seek to file in the event that the Court determined that Plaintiff's Complaint lacks sufficient detail to survive a motion to dismiss.

Plaintiff's Complaint states that "[h]e was required to review documents under very specific guidelines set forth by Defendants and to sort the documents based on those guidelines" and characterizes his job duties as "extremely routine[.]" (Compl. ¶¶ 7, 8.) Drawing all reasonable inferences in Plaintiff's favor, the Court could conclude based on these allegations that, as was in fact the case (and as set forth in greater detail in Plaintiff's proposed Amended Complaint), Plaintiff's job consisted of reading documents provided to him by Quinn, determining whether those documents contained certain words identified by Quinn, and then sorting each document into a category according to Quinn's instructions based on whether or which of those words appeared in the document. (Ex. 1, ¶¶ 32-33.) This type of work requires no legal analysis or skill on the part of the document reviewer, and under these circumstances the document reviewer is not rendering any legal advice or opinion. In fact, this exact type of document review has been properly described by the Sixth Circuit as "merely mechanical in nature[.]" *In re Grand Jury Subpoenas 04-124-03 & 04-124-05*, 454 F.3d 511, 524 (6th Cir. 2006).

No doubt recognizing that the "practice of law" must involve the exercise of legal judgment and discretion, Quinn uses wordplay to argue that "[a]n attorney hired to *analyze* documents for the purpose of litigation is practicing law[.]" (Quinn Mem. at 5 (emphasis added).) Quinn further notes that "[d]ocuments must be analyzed to assess, among other things, responsiveness to discovery requests and/or subpoenas; relevance to designated issues or topics; potential attorney-client privilege or work product issues; confidentiality concerns; and myriad other issues." (*Id*.) However, even if it were true that such analysis, when conducted by an attorney, is always the practice of law, it would be improper to conclude based on Plaintiff's Complaint that he was necessarily engaged in such analysis.

7

Several cases illustrate the obvious point that document review, or even more substantive involvement in discovery, does not necessarily constitute the practice of law.  In *A&E Television Networks, LLC v. Pivot Point Entertainment, LLC*, two defendants sought revocation of the *pro hac vice* admission of counsel for a third defendant.  The moving parties claimed that the attorneys in question behaved improperly by allowing a former lawyer who was no longer admitted to the bar to conduct legal work, including document review.  2011 U.S. Dist. LEXIS 144343, at *2.  The court found that the former lawyer had not engaged in the practice of law even though the he performed work which might have been performed by an attorney in other circumstances.  *Id.* at *4.

In cases where the document review at issue is of a routine nature, courts regularly find that it is appropriate for paralegals to perform document review.  *See*, *e.g.*, *In re Grand Jury Subpoenas 04-124-03 & 04-124-05*, 454 F.3d at 523, 516 (characterizing as "a fairly conventional privilege review procedure" a proposal that (1) a subpoenaed party's attorneys create a list of counsel for the party; (2) a *paralegal* review documents and identify documents created or received by or that mention anyone on the list of counsel; and (3) the subpoenaed party's attorneys review the documents identified by the paralegal and prepare a privilege log for any documents determined to be privileged); *In re KeySpan Corp. Secs. Litig.*, No. CV 2001-5852, 2005 U.S. Dist. LEXIS 29068, at *54 (E.D.N.Y. Aug. 25, 2005) ("[T]here is nothing about the claims raised nor any discussion in the submissions in this case that suggest that there were particularly difficult or complex issues that required a person with formal legal training, as opposed to a trained paralegal, to perform much of the [document review] work."); *First Amer. Corp. v. Al-Nahyan*, No. 96-MS-25, 96-MS-24, 1996 U.S. Dist. LEXIS 4577, at *12-13 (D.D.C. Mar. 26, 1996) (ordering the production of documents responsive to subpoenas to be identified

from over 100 boxes of documents and rejecting claims of undue burden by noting that "[a] substantial screening of the documents can be made by paralegals in view of the holdings of this memorandum which presumably will greatly reduce the amount of attorney time required for document review in order to comply with the subpoenas").

Defendants argue at length the unremarkable point that document review *can* constitute the practice of law, either because some document review can be billed at an attorney rate or because some negligently-performed document review can be sanctionable. Plaintiff does not dispute that the practice of law often involves conducting document review. To be sure, some attorney or attorneys involved in the document review project on which Plaintiff worked were practicing law. For example, the Quinn attorneys who brought their legal knowledge to bear in developing the document review protocols and procedures that Plaintiff had to follow were engaged in the practice of law. What Defendants cannot establish as a matter of law is that an individual like Plaintiff whose sole responsibility is to review documents for search terms decided on by a different person is practicing law. Not surprisingly, none of the cases upon which Defendants rely involved an individual like Plaintiff whose sole responsibility in a litigation was to review documents for search terms. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1114 (9th Cir. 2008); *T.P. v. City of Chicago Pub. Sch. Dist. 299*, No. 10 C 2604, 2011 U.S. Dist. LEXIS 33445 (N.D. Ill. Mar. 29, 2011); *Wheeler v. Coss*, No. 06 CV 00717, 2010 U.S. Dist. LEXIS 71161 (D. Nev. June 28, 2010); *see also In re Apodaca*, 401 B.R. 503 (S.D. Fla. 2009) (failing to describe document review at issue); *Takeda Chem. Indus. Ltd. v. Mylan Labs., Inc.*, No. 03 Civ. 8253, 04 Civ. 1966, 2007 U.S. Dist. LEXIS 19614 (S.D.N.Y. Mar. 21, 2007) (same); *Holton v. Sec. of the Dep't of Health & Human Servs.*, 24 Cl. Ct. 391 (1991) (same); *see also Gabriel Tech. Corp. v. Qualcomm, Inc.*, No. 08 CV 1992, 2013 U.S.

Dist. LEXIS 14105, at *35 (S.D. Cal. Feb. 1, 2013) (discussing document review in which contract attorneys appear to have exercised legal judgment and discretion by reviewing "documents for confidentiality, privilege, and relevance issues"); *Tampa Bay Water v. HDR Eng'g, Inc.*, No. 08 CV 2446, 2012 U.S. Dist. LEXIS 157631 (M.D. Fla. Nov. 2, 2012) (same); *In re Enron Secs., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 781-82, 782 n.63 (S.D. Tex. 2008) (discussing contract attorneys who performed substantive work and noting that document review in that case involved "analyz[ing]" documents). Thus, these cases do not stand for the proposition that document review like that Plaintiff performed constitutes the practice of law. *See In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249 (D.N.H. 2007) (declining to decide whether document review attorneys are properly billed at an attorney or paralegal rate); *E.I. DuPont de Nemours & Co. v. Koon Indus., Inc.*, No. 09 CV 058, 2013 U.S. Dist. LEXIS 16295 (E.D. Va. Feb. 6, 2013) (entering award for contract attorneys as an expense rather than as attorneys' fees).

Quinn quotes extensively from Opinion 16-05[4] of the District of Columbia Court of Appeals Committee on Unauthorized Practice of Law (the "Committee") that concluded that contract attorneys working in the District of Columbia must be admitted to practice there or make a timely application for admission. However, Opinion 16-05, which in any event has no binding effect on this Court, does not support the untenable position that all document review is in fact the practice of law. Opinion 16-05 dealt with the applicability of District of Columbia Court of Appeals Rule 49 ("Rule 49") to contract attorneys. Rule 49 provides:

> No person shall engage in the practice of law in the District of Columbia or in any manner *hold out as* authorized or competent to practice law in the District of Columbia unless enrolled as an active member of the District of Columbia Bar, except as otherwise permitted by these Rules.

---

[4] Opinion 16-05 was submitted to the Court with Quinn's memorandum of law as Exhibit 2 to its request for judicial notice.

(emphasis added).  The Committee found that when a contract attorney is billed out to a client at an attorney rate, that attorney is "held out" as an attorney authorized to practice law in the District of Columbia within the meaning of Rule 49.  Op. 16-05 at 5.

Quinn's attempt to shoehorn Opinion 16-05 into an analysis of the FLSA's professional exemption is illogical.  Opinion 16-05 stands for the easily justifiable notion that if an employee conducting document review is billed to clients as a lawyer, then he is subject to the ethical requirements set by the bar or state.  An attorney who is billed as an attorney is subject to laws and regulations designed to protect the clients paying such legal fees.  However, Opinion 16-05 does not and cannot support the nonsensical conclusion that a law firm that erroneously charges a client an attorney rate for non-attorney work simultaneously turns the non-practice of law into the practice of law.  For purposes of the FLSA exemption, the rate at which a contract attorney is billed should not be determinative of whether he is engaged in the practice of law.  This is especially so because the contract attorney has no control over how the law firm for which he works bills him.  Obviously, while the Committee stated its belief that a person billed at an attorney rate "is *generally* engaged in the practice of law," it did not say that such a person is *always* engaged in the practice of law.  Op. 16-05 at 5 (emphasis added).  In a situation as here where a contract attorney merely determines whether certain words on a list created by someone else appear in certain documents, there is no reason to think that he "bring[s] greater legal training and judgment to bear" on that task than would a non-lawyer or even a computer.  Op. 16-05 at 6.  This common-sense position takes on even greater force in the context of evaluating a potential FLSA exemption, which is construed narrowly against an employer.  *Arnold*, 361 U.S. at 392.

Adopting the position that the billing rate in and of itself determines whether an attorney is engaged in the practice of law would lead to perverse results that would benefit law firms at the expense of both their clients and contract attorneys.[5]  Specifically, it would permit law firms to unilaterally decide to bill their client for contract attorneys at a full attorney rate (typically much higher than what the law firm pays for contract attorneys' services) and transform individuals performing rote work involving no application of legal knowledge, skills, or judgment into exempt employees who do not have to be paid an overtime premium.  Such work is clearly not the practice of law, because it does not "involve[] the rendering of legal advice and opinions directed to particular clients[.]" *In re Rowe*, 80 N.Y.2d at 341.  Accordingly, for purposes of determining the applicability of the FLSA's professional exemption, the Court should evaluate Plaintiff's actual job duties, rather than any title or label given to him. *See* 29 C.F.R. § 541.2 ("A job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part."). In a similar but not identical context, Judge Scheindlin recently held that an attorney was not exempt where the work she performed, though law-related, could also have been performed by a paralegal. *Kadden v. VisuaLex, LLC*, No. 11 Civ. 4892, 2012 U.S. Dist. LEXIS 136475, at *20-21 (S.D.N.Y. Sept. 24, 2012).

Plaintiff does not deny that discovery, including the production of documents, is a critical part of litigation in which attorneys and parties can be subject to sanctions.  That, however, does not lead inexorably to the impossible conclusion that every discovery-related task constitutes the

---

[5] Plaintiff notes that his Complaint includes no allegations concerning the billing rate that Quinn charged its clients for Plaintiff's work.  Thus, to the extent that the Court believes this rate is relevant to the question of whether Plaintiff was engaged in the practice of law, Defendants' motions must be dismissed because their affirmative defense does not "appear[] on the face of the complaint." *DeJesus*, 2012 U.S. Dist. LEXIS 152263, at *6.

12

practice of law. For example, it would be absurd to suggest that copying and collating documents for production, where the person performing those tasks exercises no discretion as to which documents to copy or how to collate them, on its own constitutes the practice of law. Plaintiff's document review duties were most similar in nature to copying and collating documents – he merely had to identify, based on search terms provided by Quinn, which category created by Quinn applied to each document he reviewed. It was Quinn and its attorneys who applied legal training and knowledge to engage in the practice of law by determining appropriate search terms and categories.

Defendants have cited no authority compelling a finding that all document review – even "mechanical" document review – when performed by an attorney is the practice of law. On the contrary, such a conclusion contradicts New York law concerning the definition of the practice of law and undermines the remedial nature of the FLSA which dictates that the FLSA's exemptions be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." *In re Novartis Wage & Hour Litig.*, 611 F.3d at 150. Accordingly, it is not clear from the face of Plaintiff's Complaint that he was engaged in the practice of law while working for Defendants, and his FLSA claim should not be dismissed.

### C.  Plaintiff's New York Claim Should Not Be Dismissed

To dismiss Plaintiff's New York claim for failure to state a claim, the Court would have to determine, based on the Complaint, that Plaintiff's "primary duty consist[ed] of the performance of work: requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study" *and* his work either "require[d] the consistent exercise of discretion and judgment" or was

"predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical or physical work) and is of such a character that the output produced or the result accomplished cannot be standardized in relation to a period of time." N.Y. Comp. Codes . R. & Regs., tit. 12, § 142-2.14(4)(iii).

For the reasons discussed *supra* Section III.B., Plaintiff's primary duty of document review did not require advanced legal knowledge. For that reason alone, Plaintiff's New York claim should not be dismissed.

Nor does the Complaint establish as a matter of law that Plaintiff's work required the consistent exercise of discretion and judgment. On the contrary, as described in the Complaint, Plaintiff performed the routine task of sorting documents according to Quinn's criteria, a task which did not involve the use of any discretion or judgment. Plaintiff merely reviewed documents to identify whether words specified by Quinn were present and then sorted the documents accordingly in conformance with Quinn's instructions. Similarly, this type of work constitutes "routine mental . . . work" that is not exempt under New York law. To be sure, as noted, *supra*, the Sixth Circuit has described document review nearly identical to that conducted by Plaintiff as "mechanical in nature[.]" *In re Grand Jury Subpoenas 04-124-03 & 04-124-05*, 454 F.3d at 524. Accordingly, Plaintiff has stated a claim for relief under New York law, and his New York overtime claim should not be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss should be denied.

Dated:  New York, New York                    Respectfully submitted,
       May 24, 2013

                                                JOSEPH & KIRSCHENBAUM LLP

                                                <u>/s/ Denise A. Schulman</u>
                                                D. Maimon Kirschenbaum
                                                Denise A. Schulman
                                                233 Broadway
                                                5th Floor
                                                New York, NY 10279
                                                Tel: (212) 688-5640
                                                Fax: (212) 688-2548

                                                *Attorneys for Plaintiff, proposed collective action*
                                                *members and proposed class*