UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM HENIG, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br> -against-<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP and PROVIDUS NEW YORK, LLC,<br><br>      Defendants. | 13 CIV 1432 (RA)<br><br>**DEFENDANT QUINN EMANUEL URQUHART & SULLIVAN'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER RULE 12(B)(6)** |

QUINN EMANUEL URQUHART
& SULLIVAN, LLP

Peter E. Calamari
Marc Greenwald
Shon Morgan, *pro hac vice*
Scott Commerson, *pro hac vice*

51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel:  212-849-7000
Facsimile:  212-849-7100

*Attorneys for Defendant Quinn Emanuel Urquhart & Sullivan, LLP*

June 7, 2013

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................................1

I.    HENIG'S CONCLUSORY AND IMPLAUSIBLE ASSERTIONS CANNOT ALTER THE WELL-ESTABLISHED FACT THAT DOCUMENT REVIEW IS THE PRACTICE OF LAW. ................................................................................................2

II.    AS A LICENSED ATTORNEY CONDUCTING DOCUMENT REVIEW FOR A PENDING LITIGATION, HENIG WAS PERFORMING EXEMPT WORK AS A MATTER OF LAW. ..............................................................................................3

CONCLUSION ..............................................................................................................................9

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*Cavallaro v. UMass Memorial Health Care, Inc.*,
   No. 09-40181-F 2010 WL 9433452 (D. Mass. Dec. 20, 2010) ................................................4

*E.I. DuPont de Nemours and Co. v. Kolon Indust., Inc.*,
   No. 3:09-cv-058, 2013 WL 458532 (E.D. Va. Feb. 6, 2013) ...................................................3

*In re Ellingson*,
   230 B.R. 426 (Bankr. D. Mont. 1999) .....................................................................................7

*Jones v. Allstate Ins. Co.*,
   146 Wash. 2d 291 (Wash. 2002) ..............................................................................................7

*Kadden v. VisuaLex, LLC*,
   No. 11 Civ. 4892, 2012 U.S. Dist. LEXIS 136475 (S.D.N.Y. Sept. 24, 2012) ........................4

*Kennedy v. Bar Ass'n*,
   316 Md. 646, 561 A.2d 200 (1989) ..........................................................................................6

*In re Lawrence Peska Assoc., Inc.*,
   393 N.Y.S.2d 650 (App. Div. 1977) ........................................................................................5

*Missouri v. Jenkins*,
   491 U.S. 274 (1989) .................................................................................................................5

*In re NYSE Specialists Sec. Litig.*,
   503 F.3d 89 (2d Cir. 2007) .......................................................................................................2

*Nakahata v. New York-Presbyterian Healthcare Syst., Inc.*,
   No. 11 Civ. 6658(PAC), 2012 WL 3886555 (S.D.N.Y. Sept. 6, 2012) ...................................3

*Principe v Arturo Lluberas y Sobrinos*,
   71 F. Supp. 145 (D.C. Puerto Rico 1943) ................................................................................4

*Pulse v. North Am. Land Title Co.*,
   218 Mont. 275, 707 P.2d 1105 (1985) .....................................................................................6

*In re Rowe*,
   80 N.Y.2d 336 (1992) ...........................................................................................................5, 6

*Rowe v. Otthof Funeral Home, Inc.*,
   2011 WL 4899970 (W.D.N.Y. Oct. 13, 2011) ........................................................................8

*Schomer v. Bd. of Bar Exam'rs, --*,
   N.E.2d -- 2013 WL 1909529 (Mass. 2013) .............................................................................6

*Sussman v. Grado*,
   746 N.Y.S.2d 548 (N.Y. Dist. Ct. 2002) ..................................................................................8

*United States v. Hardy*,
 681 F. Supp. 1326 (N.D. Ill. 1988) ...............................................................................................6

## **Statutes**

12 N.Y.C.R.R. 142-2.2 ....................................................................................................................8

29 U.S.C. § 541.304(d) ...................................................................................................................4

Rule 1.6 of the N.Y. Rules of Prof. Conduct ..................................................................................7

**Introduction**

The overtime laws were intended to protect employees with diminished bargaining power from possible employer abuse.  These laws were not designed for advanced-degree professionals with employment mobility to accept premium wages and then make "gotcha" arguments that they were misclassified for every period they performed a task a non-professional could allegedly also complete.  This is precisely why the state and federal legislatures adopted bright-line overtime exemptions for doctors, lawyers, and other professionals who typically exchange longer hours for relatively higher compensation.  Although these laws sensibly recognized that a licensed attorney working as a cook should be subject to overtime provisions (like every other cook), they do not contemplate that an attorney working as an attorney falls outside the professional exemption simply because he thinks a non-attorney could perform the same tasks.

Here, plaintiff does not dispute that he was hired as an *attorney* to work on a pending litigation matter for a specific client.  He does not contend he didn't owe all the ethical obligations of a practicing *attorney* to the client on whose behalf he was working (and the ethics laws are clear that he would be treated as engaged in legal work).  He does not dispute that he accepted prevailing contract attorney wages because of his law degree and licensed *attorney* status.  Rather, having accepted an attorney position and having reaped attorney-level compensation without complaint, he now contends the work was not sufficiently challenging and that he (and any other attorney with a similar complaint) should be entitled to overtime in addition to the already-paid premium attorney wages.  Under Henig's unsupportable logic, a law firm could populate its litigation teams with disbarred or suspended attorneys to engage in "routine" document review and similar tasks, because Henig does not consider that to be true "legal work."  Obviously, that is not the law.  As a licensed attorney who performed legal work

on behalf of a client, Henig is exempt from federal and New York overtime requirements as a matter of law.  His Complaint should be dismissed with prejudice.

I.  **HENIG'S CONCLUSORY AND IMPLAUSIBLE ASSERTIONS CANNOT ALTER THE WELL-ESTABLISHED FACT THAT DOCUMENT REVIEW IS THE PRACTICE OF LAW.**

The Complaint alleges that Henig "view[ed] hundreds of documents each day for the purpose of sorting the documents into certain categories identified by Defendants" using "very specific guidelines set forth by Defendants[.]"  (Compl. 29-30.)  Henig also submitted a proposed Amended Complaint with the Opposition further alleging that Quinn Emanuel provided him with a list of search terms and that his "entire responsibility while working for Defendants consisted of looking at documents to see what search terms, if any, appeared in the documents and marking those documents into the categories predetermined by Defendants."  (Schulman Aff. Exh. 1, ¶¶ 32-33.)  Henig also added the conclusory statements that he "was not required to and in fact could not utilize any legal knowledge or judgment in performing his job duties for Defendants" and thus he allegedly "did not practice law as part of his employment with Defendants."  (*Id.* ¶¶ 34, 35.)[1]  For the reasons stated below, even the proposed amended Complaint fails to state a claim, and demonstrates that dismissal should be with prejudice.

It is well-established that a court need not accept as true "legal conclusions, deductions, or opinions couched as factual allegations." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).  Thus, Henig's conclusory assertions that he "did not practice law" and "could not utilize any legal knowledge or judgment" are insufficient to state a claim. And his new

---

[1] In accordance with the Court's Individual Rules, defendants met-and-conferred with Henig's counsel before filing the motion to dismiss.  Quinn Emanuel specifically asked whether Henig wished to amend his complaint before motion practice, and Henig's counsel declined. (Commerson Decl. ¶ 3.)

allegation that the document review consisted solely of looking for search terms suggests at most that he was not employing the legal skills for which he was hired.  Firms routinely employ software programs to screen documents for search terms; employing a licensed attorney simply to repeat the same "computer-like" process at much greater time and expense would be nonsensical.[2]  Rather, law firms almost invariably use computer searches as only a first step; attorney review like Henig was performing is then needed to assess responsiveness and privilege.  Because an attorney properly performing such review necessarily brings his training, knowledge and judgment to bear on the task, it is exempt legal work.

## II. AS A LICENSED ATTORNEY CONDUCTING DOCUMENT REVIEW FOR A PENDING LITIGATION, HENIG WAS PERFORMING EXEMPT WORK AS A MATTER OF LAW.

The Opposition correctly observes that exemptions from the FLSA and NYLL overtime requirements are affirmative defenses.  But as Henig also acknowledges, a court may properly dismiss a complaint based on an affirmative defense where such defense is clear from the face of the complaint.  (Opp. at 4.)  Thus, courts dismiss claims for violation of federal and state overtime laws when the allegations (or judicially noticed facts) demonstrate that the plaintiff is exempt from overtime requirements.  *See, e.g., Nakahata v. New York-Presbyterian Healthcare Syst., Inc.*, No. 11 Civ. 6658(PAC), 2012 WL 3886555, *6 (S.D.N.Y. Sept. 6, 2012) (J. Crotty) (dismissing case where named plaintiffs were exempt professional employees who lacked standing to raise claims under the FLSA and NYLL); *Cavallaro v. UMass Memorial Health*

---

[2]  *See, e.g., E.I. DuPont de Nemours and Co. v. Kolon Indust., Inc.*, No. 3:09-cv-058, 2013 WL 458532, *6 (E.D. Va. Feb. 6, 2013) (granting separate awards for expenses incurred in computer analysis of documents, and for document review performed by contract attorneys after documents were screened; "in the current world of litigation, where so many documents are stored and, hence, produced, electronically, the selection of search terms is an important decision because it, in turn, drives the *subsequent* document discovery, production and review." (emphasis added.))

*Care, Inc.*, No. 09-40181-FDS, 2010 WL 9433452, *5-6 (D. Mass. Dec. 20, 2010) (J. Saylor) (dismissing claim under Massachusetts Minimum Wages Act based on exemption for hospital employees); *Principe v Arturo Lluberas y* Sobrinos, 71 F Supp 145, 146 (D.C. Puerto Rico 1943) (dismissing FLSA suit by nurse based on professional exemption).

Here, Henig admits that he is a licensed attorney who contracted to perform document review for a pending litigation.  (Compl. ¶ 9.)  Henig's attempt to parse out certain types of legal work and place them outside the exemption is contrary to the statutory language.  The rule promulgated by the Secretary of Labor provides that "any employee who is the holder of a valid license or certificate permitting the practice of law or medicine or any of their branches and is actually engaged in the practice thereof" is exempt.  29 U.S.C. § 541.304(d).  The regulation does not limit the *type* or *nature* of legal work that attorneys must perform in order to qualify.  The only requirement for licensed attorneys to be exempt is that they are actually *practicing as attorneys*.  An opinion letter from the New York Department of Labor interpreting the NYLL's exemptions for professional employees gives the example of a non-exempt "licensed attorney who chooses to work as a cook in a restaurant rather than practicing law[.]" (*See, e.g.,* RJN, Exh. 3 at p.2.)  Similarly, in a case cited by Henig, Judge Scheindlin held that an attorney who was engaged as a graphics consultant for a litigation support company was non-exempt under the FLSA because her position did not require a law degree.[3]   In marked contrast with those situations, document review is legal work that Henig undertook in his capacity as an attorney.

---

[3]   *Kadden v. VisuaLex, LLC,* No. 11 Civ. 4892, 2012 U.S. Dist. LEXIS 136475, at *41 (S.D.N.Y.  Sept. 24, 2012) ("*The lack of a required course of specialized training for graphics consultants* and the fact that the common thread among the VisuaLex graphics consultants was their experience in litigation support, *rather than their particular educational backgrounds*, removes the position from the learned professional exemption.") (emphasis added.)

Henig argues at length that because document review is occasionally performed by paralegals and other non-lawyers, it does not satisfy the practice of law requirement. (Opp. at 7-8.) Of course, many litigation tasks are occasionally performed by paralegals or legal assistants, *e.g.,* interviewing witnesses, drafting letters, compiling data, and assistance with discovery.[4] This does not change the conclusion that an attorney performing such tasks is still practicing law,[5] just as a doctor performing a physical examination of a patient is practicing medicine even though nurses may also examine patients.

Plaintiff cites a New York Court of Appeals decision for the general proposition that "[t]he practice of law involves the rendering of legal advice and opinions directed to particular clients." *In re Rowe*, 80 N.Y.2d 336, 341-42 (1992). But there is no requirement that an attorney must *personally* advise a client in order to be practicing law, as it is well-established that subordinate attorneys who are supervised by other attorneys are still practicing law. *See. e.g.,* Mtn. at p. 7, n.2 (collecting cases awarding attorneys' fees for document review by contract attorneys); RJN, Exh. 2 (contract attorneys performing first-level document review are practicing law); *Schomer v. Bd. of Bar Exam'rs*, -- N.E.2d --, 2013 WL 1909529, *3-4 (Mass. 2013) (lawyer's work as a contract attorney in New York counted toward Massachusetts's practice of

---

[4] *See Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989) ("It has frequently been recognized in the lower courts that paralegals are capable of carrying out many tasks, under the supervision of an attorney, that might otherwise be performed by a lawyer and billed at a higher rate . . . Much such work lies in a gray area of tasks that might appropriately be performed either by an attorney or a paralegal.")

[5] *E.g., In re Lawrence Peska Assoc., Inc.*, 393 N.Y.S.2d 650, 652 (App. Div. 1977) ("Respondent's contentions that [patent prosecution] does not constitute 'legal work' since non-lawyers are permitted to do it is without merit.")

law requirement.)  Nor is there any requirement that an attorney's work on behalf of a client must rise to a particular level of difficulty or sophistication to constitute legal practice.[6]

In *Rowe*, the Court of Appeals held that a disbarred attorney who published an article regarding legal issues in a medical journal was not engaged in the unauthorized practice of law. "Inasmuch as it neither rendered advice to a particular person nor was intended to respond to known needs and circumstances of a larger group, its publication did not constitute the practice of law." *Rowe*, 80 N.Y.2d at 332.  In contrast here, Henig was providing legal services on behalf of a specific client with respect to a specific litigation. Henig's role was to advise the client on responsiveness and privilege of documents—and thus make recommendations as to whether particular documents should or not should be produced based on established legal standards.  In addition, by holding himself out as an attorney, Henig was "engaged in the practice of law, and [was] certainly being held out as authorized or competent to practice law." (Op. 16-05, RJN Exh. 2).

Henig responds that an attorney's "billing rate in and of itself" should not determine whether an attorney is engaged in the practice of law. (Opp. at 12).  But it is not Henig's particular billing rate that is determinative; it is that he accepted a position performing legal work for which legal fees were charged.  In contracting for the services of a licensed attorney, Quinn Emanuel and its client reasonably expected that Henig would utilize his training and education in performing the work. *See, e.g., In re Ellingson*, 230 B.R. 426, 434 (Bankr. D. Mont. 1999)

---

[6] *See e.g., Pulse v. North Am. Land Title Co.*, 218 Mont. 275, 707 P.2d 1105, 1109 (1985) ("drafting or filling in of blanks in printed forms of instruments dealing with land" constitutes the practice of law); *Kennedy v. Bar Ass'n*, 316 Md. 646, 561 A.2d 200, 208 (1989) (preparation of legal documents in patent case constitutes the practice of law); *United States v. Hardy*, 681 F.Supp. 1326, 1328–29 (N.D. Ill. 1988) ("Common sense dictates that the drafting of even a simple complaint or an uncomplicated petition for dissolution of marriage requires at least some degree of legal knowledge or skill").

("When a person holds himself out to the public as competent to exercise legal judgment, he implicitly represents that he has the technical competence to analyze legal problems and the requisite character qualifications to act in a representative capacity."); *Jones v. Allstate Ins. Co.*, 146 Wash. 2d 291, 303 (Wash. 2002) ("the representation of qualification and competence to do work of a legal nature and to advise upon that subject ... is implicit in the preparation of any legal document.").

Henig also ignores the fact that he undertook ethical and professional responsibilities to Quinn Emanuel's client when he accepted the position. Contract attorneys performing document review are subject to the same disciplinary actions for misconduct as other attorneys,[7] and they must comply with ethical duties, including taking steps (along with the firm) to ensure that there are no conflicts of interest posed by their work.[8] Among other obligations, Henig is subject to a duty of confidentiality pursuant to Rule 1.6 of the N.Y. Rules of Prof. Conduct, which prohibits an attorney from revealing confidential information obtained from a client except in specified circumstances. Accordingly, Henig is prohibited from disclosing the contents of the documents he reviewed, or the substantive criteria he employed. The heightened professional obligations owed by members of the bar is one of the reasons that many law firms (and their clients) contract for the services of licensed attorneys to conduct document review. *Cf. Sussman v. Grado*, 746 N.Y.S.2d 548, 552 (N.Y. Dist. Ct. 2002) (noting that, unlike a paralegal, an attorney's license to

---

[7] *E.g.,* Supp. RJN Exh. 1 (complaint by Illinois Attorney Registration and Disciplinary Commission against temporary attorney who allegedly overbilled client for document review).

[8] *E.g.,* Supp. RJN, Exh. 2, D.C. Bar Opinion Letter 352 ("Professional Responsibility Duties for Temporary Contract Lawyers and the Firms that Hire Them."); Supp. RJN, Exh. 3, ABA Formal Ethics Opinion 08-451 (August 2008) ("There is nothing unethical about a lawyer outsourcing legal ... services, provided the outsourcing lawyer renders legal services to the client with the 'legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation[.]'")

practice law is subject to discipline if ethical standards are not met.) If, as Henig suggests, document review does not constitute the practice of law, a law firm could hire an army of disbarred or suspended attorneys at lower hourly rates to review documents. Yet, attorneys conducting document review for litigation are subject to professional discipline precisely because their actions on behalf of their client affect the parties' rights. Attorneys do not and cannot walk away from their ethical obligations when they perform legal work because they consider the work to be "routine."

Finally, Henig contends that the work he performed was non-exempt because it did not involve the exercise of judgment and discretion.[9] Plaintiff fails to address case law establishing that an attorney's analysis and categorization of documents are protected as opinion work product, precisely because such tasks reflect the attorneys' thought processes and theories regarding the litigation. (Mtn. at 9-10.) Moreover, notwithstanding Henig's conclusory descriptions of the work as "routine" and "mechanical", Henig does not deny that he was reviewing documents for responsiveness and privilege. These determinations inherently call for the exercise of judgment and discretion. Common sense dictates that a licensed attorney relies upon his education and training in making such determinations even when the documents and issues to be considered are allegedly more "routine."

---

[9] Henig contends that the NYLL's exemption is narrower than the FLSA because it does not contain a specific carve-out for attorneys engaged in the practice of law. He cites no authority for the proposition that the New York legislature intended to make the exemption for lawyers narrower than the FLSA exemption, and the case law generally interpreting the breadth of the NYLL's professional exemption is to the contrary. *See, e.g., Rowe v. Otthof Funeral Home, Inc.*, 2011 WL 4899970, No. 10-cv-6220T (W.D.N.Y. Oct. 13, 2011) ("[B]ecause . . . plaintiff is exempt as a learned professional under the FLSA, he is, by operation of the New York Labor Law, exempt from overtime under New York State Law.") (*citing* 12 N.Y.C.R.R. 142-2.2 (providing that employers shall pay overtime wages in accordance with the FLSA)). Nor does Henig cite any authority from New York or elsewhere attempting to parse out attorney work to determine whether or not particular tasks satisfy the professional exemption.

Under Henig's unworkable standard, a practicing attorney could accept a document review position and then argue that certain documents reviewed on certain days were too "routine" or unsophisticated to qualify as exempt "legal work." Not only is this contrary to the plain language of the exemption, but Henig's position discredits the work of thousands of contract attorneys who are engaged in document review, and amounts to a declaration that the historical charging of legal fees for such work has been unethical. It would also call into question the work of full-time first- and second-year associates in large law firms, some of whom spend large portions of their time conducting document review. In addition, many attorneys spend substantial time reviewing legal publications, attending legal education events, recruiting, and proofreading. Because these all constitute a part of legal *practice*, attorneys are still exempt from overtime requirements when they perform these tasks.

As an attorney performing legal work, Henig is exempt from New York and federal overtime requirements as a matter of law.

## Conclusion

For the foregoing reasons, defendant Quinn Emanuel respectfully requests that the Court dismiss the Complaint with prejudice.

DATED: New York, New York
June 7, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By */s/ Peter E. Calamari*
Peter E. Calamari
(petercalamari@quinnemanuel.com)
Marc Greenwald
(marcgreenwald@quinnemanuel.com)
Shon Morgan, *pro hac vice*
(shonmorgan@quinnemanuel.com)
Scott Commerson, *pro hac vice*
(scottcommerson@quinnemanuel.com)
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
*Attorneys for Defendant Quinn Emanuel Urquhart & Sullivan, LLP*