UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM HENIG, on behalf of himself and
all others similarly situated,

                Plaintiff,

   -against-

QUINN EMANUEL URQUHART &
SULLIVAN, LLP and PROVIDUS NEW
YORK, LLC,

                Defendants.

13 CIV 1432 (RA)

## SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT QUINN EMANUEL URQUHART & SULLIVAN'S MOTION TO DISMISS COMPLAINT

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant Quinn Emanuel Urquhart & Sullivan hereby requests that, in connection with its Motion to Dismiss filed and served concurrently herewith, the Court take judicial notice of each of the documents listed below.

Under Rule 201(d) courts shall take judicial notice of adjudicative facts if requested by a party and supplied with the necessary information. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

     1.    Attached as Exhibit 1 is a true and correct copy of a complaint to the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission against an attorney named Ronald Jay McDermott.

2. Attached as Exhibit 2 is a true and correct copy of the District of Columbia Bar's Legal Ethics Committee, Opinion No. 352, titled "Professional Responsibility Duties for Temporary Contract Lawyers and the Firms That Hire Them." The opinion can be accessed at http://www.dcbar.org/for_lawyers/ethics/legal_ethics/opinions/opinion352.cfm.

3. Attached as Exhibit 3 is a true and correct copy of Formal Opinion 08-451 issued by the American Bar Association Standing Committee on Ethics and Professional Responsibility, titled "Lawyer's Obligations When Outsourcing Legal and Nonlegal Support Services."

Judicial notice of the foregoing records is appropriate. A court may take judicial notice of proceedings in other courts or agencies if they have a bearing on the matters at issue. *See Shah v. Meeker*, 435 F.3d 244, 249 (2d Cir. 2006). At a minimum, courts will take judicial notice of the existence of other court or administrative proceedings or publicly filed documents where the purpose is merely to establish that certain matters were stated in the documents, not for their truth. *See, e.g., Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991); *Weizmann Inst. of Sci. v. Neschis,* 229 F. Supp. 2d 234, 240 (S.D.N.Y. 2002) ("[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation") (citation and internal quotation marks omitted, alteration and omission in original).

DATED: New York, New York
June 7, 2013

                              Respectfully submitted,

                              QUINN EMANUEL URQUHART &
                              SULLIVAN, LLP

                              By  */s/ Peter E. Calamari*
                                  Peter E. Calamari
                                  (petercalamari@quinnemanuel.com)
                                  Marc Greenwald
                                  (marcgreenwald@quinnemanuel.com)
                                  Shon Morgan, *pro hac vice*
                                  (shonmorgan@quinnemanuel.com)
                                  Scott Commerson, *pro hac vice*
                                  (scottcommerson@quinnemanuel.com)

                                  51 Madison Avenue, 22nd Floor
                                  New York, New York 10010
                                  (212) 849-7000

                                  *Attorneys for Defendant Quinn Emanuel*
                                  *Urquhart & Sullivan, LLP*