```
 1   dam0hena                    Argument

 2   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 3   ------------------------------x

 4   WILLIAM HENIG,

 5               Plaintiff,

 6          v.                              13 CV 01432

 7   QUINN EMANUEL URQUHARD &
     SULLIVAN, LLP,
 8
                 Defendant.
 9
     ------------------------------x
10                                  New York, N.Y.
                                    October 22, 2013
11                                  10:23 A.M.

12   Before:

13                    HON. RONNIE ABRAMS,

14                                  District Judge

15                    APPEARANCES

16   JOSEPH & KIRSCHENBAUM LLP
          Attorneys for Plaintiff
17   BY:  D. MAIMON KIRSCHENBAUM
          DENISE SCHULMAN
18
     QUINN EMANUEL
19        Attorneys for Defendant
     BY:  MARC L. GREENWALD
20        ELINOR C. SUTTON

21   BRYAN CAVE
          Attorney for Defendant
22   BY:  ZACHARY A. HUMMEL

23

24

25
```

1              (Case called)

2              THE DEPUTY CLERK:  All rise.

3              THE COURT:  Good morning.  I would just like to note

4      for the record that Mr. Greenberg and I worked together at the

5      U.S. Attorney's Office.  I don't believe that is an issue at

6      all, but I do want to note that for the record.

7              We're here today to hear oral argument on defendant's

8      motion to dismiss.  I'll hear, first, from Quinn Emanuel.

9              MR. GREENWALD:  Thank you, your Honor.

10             Your Honor, from the face of the plaintiff's

11     complaint, it's apparent that he is an attorney, that he was

12     hired or contracted for by Quinn Emanuel and hired by the

13     contracting firm as an attorney to perform work as part of a

14     litigation.

15             The plain language of the statute, therefore, means he

16     is exempt from the overtime regulations, both under federal law

17     and state law.

18             The plaintiff tries to get out from those clear,

19     clear, precepts of law by saying, wait a second, the work I did

20     was too wrote, too ordinary, didn't require a lawyer.

21             But, those allegations are both conclusory and simply

22     not plausible.  Basically, he is arguing that Quinn Emanuel

23     hired a licensed lawyer to work on a litigation, to do work

24     that a computer could do.

25             Now, we have computers.  Computers do the work

1   computers do.  Our clients are involved in high stakes

2   litigation.  And we hire contract lawyers and contract with

3   contract lawyers to perform work that licensed attorneys do.

4   We count on their judgment, we count on their skill and

5   ability, and we count on the fact that they're bound by the

6   ethical rules.

7         THE COURT:  Let me ask you about that.  I mean should

8   I be taking judicial notice of that?  Or, do I need an

9   affidavit to rely on -- why you hire a contract attorney versus

10  someone else, and how you use them in the litigation.

11        MR. GREENWALD:  No, your Honor.

12        THE COURT:  Because, as you know, this is a motion to

13  dismiss, I want to address that.

14        MR. GREENWALD:  Absolutely.

15        Under the Iqbal and Twombly standard, the question for

16  the Court is whether the allegations in the plaintiff's

17  complaint are plausible.  And common sense tells the Court

18  these allegations that we hired a licensed lawyer to work on a

19  litigation not to be a lawyer, but to be a computer, are simply

20  not plausible.  One need not go outside of the record.  The

21  complaint, and even the proposed amended complaint, at

22  paragraph 29, says: Defendants employ attorneys for document

23  review projects on a temporary or short-term basis.

24        Paragraph three says:  Plaintiff worked for defendants

25  in this capacity.  Those allegations which are contained in his

1    complaint are all the Court needs to find that this complaint
2    does not state a claim.  Because, the plaintiff is exempt under
3    New York law and under state law.
4          THE COURT:  When it is phrased in terms of working in
5    that capacity, should I -- does it matter at all what he is
6    actually doing on a daily basis?  If, for example, the six
7    weeks he was there he was photocopying, would that matter?
8          MR. GREENWALD:  If the -- I mean we do have Judge
9    Scheindlin's decision where somebody hired as a graphic
10   consultant to do graphics is nonexempt.  And if these
11   allegations, specifically nonconclusory factual allegations,
12   describe work that in no way could be what a lawyer does, then
13   perhaps it would state a claim.  But here, this describes
14   document review as part of high stakes litigation.  That is
15   what lawyers do.  And it's clear from the text of the
16   complaint, without going to outside facts, and based on the
17   long case law, that document review is what lawyers do.  That's
18   all the Court needs.
19         THE COURT:  But couldn't a paralegal also have been
20   hired to do this?  I recognize that Quinn Emanuel, in this
21   case, didn't hire paralegals.  But you could have, right?  So
22   then it goes back to the question do I need more from Quinn
23   Emanuel, or do I need you to tell me why you made the decision
24   that you did to hire contract attorneys, how you held him out
25   or, you know.  So why don't you respond to that.

1           MR. GREENWALD:  I mean the answer is, no, we could

2     have hired out-of-work actors for this.  And out-of-work actors

3     are clearly nonexempt.  But we hired licensed lawyers.  And the

4     fact that his complaint says that we hired for this lawyerly

5     task is all the Court needs.  What's more, think about how, how

6     would we, without revealing the work product of our client, and

7     how would the plaintiff prove his case without revealing the

8     work product that he, under professional responsibilities,

9     rule 1.6, can't reveal.  I mean he doesn't get to go in and say

10    to the Court, to anyone, what work product he was working on.

11    And how would we even prove to the Court that this was

12    particularly lawyerly.  We have a duty to our client to protect

13    our client's confidence.  And we hire lawyers who also have to

14    protect our clients' confidences.  And, therefore, from this

15    complaint, it is clear, there is no plausible allegation that

16    he was doing nonlawyerly work.  And that is all the Court

17    needs, under Iqbal and Twombly.  This complaint, the Court's

18    common sense, the nonconclusory allegations, demonstrate that

19    Mr. Henig was exempt under the statute.

20          THE COURT:  Even though a paralegal could have engaged

21    in the same duties.

22          MR. GREENWALD:  But that's not the question.  Because

23    lots of things lawyers do, paralegals can do.  And out-of-work

24    actors can do.  If that were the test, it would be with nurses,

25    it would even be potentially with doctors, you know, doctors'

1    physician assistants could do it.  The test isn't, under the

2    labor laws, whether the work could be performed by a nonexempt

3    individual.  The question is, was the work itself exempt.  And

4    when a law firm contracts for a licensed lawyer to work in a

5    litigation to perform document review, which we all agree

6    document review is part of work lawyers do, even though others

7    can potentially do it.  That is all the Court needs on this

8    motion to grant the motion and dismiss the complaint.

9              THE COURT:  Okay, thank you.

10             Mr. Hummel.

11             MR. HUMMEL:  Your Honor, I am tempted to say "me too"

12   in following, as my client is in essentially the same position,

13   having supplied the contract attorney to Quinn Emanuel.  But

14   there are a couple of points that I would like you to take note

15   of, and put those before the Court.  And, specifically, with

16   regard to exemption for a lawyer.

17             It is a very specific statement, within rules

18   promulgated by the Secretary of Labor, within the professional

19   exemptions.  The other analysis, if it is not -- if the

20   professional is not an attorney, there is a primary duty test

21   that is not present for a lawyer.  So there is no analysis as

22   to what the primary duty of the individual is, or how important

23   that work is, that is not --

24             THE COURT:  Under this provision, I shouldn't be

25   looking at what they are doing on a daily basis?

1          MR. HUMMEL:  There is no analysis of that, your Honor,

2     other than the only requirement for this exemption is holding a

3     license and engaging in the practice of law.

4          THE COURT:  How do I determine if they are engaging in

5     the practice of law or not?

6          MR. HUMMEL:  I think, your Honor, it is simply as

7     alleged in the case and as stated by my esteemed co-counsel.

8     The allegations make it plain that he was engaged in a document

9     review process.  He was hired as a licensed lawyer.  And he is

10    part and parcel of that legal opinion, that legal judgment, as

11    to whether a discovery is responsive, a document is responsive

12    or not responsive.  In discovery.  That is a legal opinion.  He

13    was part of that chain, operating as a lawyer in that chain.

14         The plaintiff is inviting us, on a very, very slippery

15    slope, because where does that stop if you start looking at the

16    content of that work.  How far is it.  If I assign an associate

17    to do releases in the case of a large reduction in force, and

18    they say all I was doing is filling in names and compensation

19    for 100 people in reduction in force, I have an associate doing

20    it because I want a lawyer looking at that as part of the legal

21    opinion and getting out a legal document.  This was the same

22    thing here, a litigation process that a lawyer was hired for.

23         And so I think the plaintiff's view --

24         THE COURT:  I don't know.  I mean I -- let's just look

25    back at the complaint, the terms of why he was hired.  I mean

1    it says in the briefs why he was hired.  But just looking back,

2    at the complaint, defendant's employ attorneys for document

3    review projects on a temporary or short-term basis.

4    Specifically, these individuals view hundreds of documents each

5    day for the purpose of sorting the documents into certain

6    categories identified by defendants.  Plaintiff worked for

7    defendants in the capacity -- I'm reading now from the amended

8    complaint, paragraphs 29 and down.   He was required to review

9    documents under very specific guidelines set forth by

10   defendants and to sort the documents based on those guidelines.

11   Given the extremely routine nature of plaintiff's job duties

12   while employed by defendants, plaintiff was not exempt under

13   federal and state laws requiring employers to pay employees

14   overtime.  Specifically, Quinn gave plaintiff a list of search

15   terms to identify within a set of documents.  Depending on what

16   search terms, including key words and names of certain

17   attorney's law firms that appeared in the documents.  Plaintiff

18   was instructed to mark each document electronically in a

19   certain category.  Plaintiff's entire responsibility while

20   working for defendants, consisted of looking at documents to

21   see what search terms, if any, appear in the documents and

22   marking those documents into the categories predetermined by

23   defendants.

24          If a paralegal could do the exact same job, does that

25   matter, does it change the analysis at all?

1           MR. HUMMEL:  No, it does not, your Honor.  And again,

2     it goes back to the exemption task.  If you also look at the

3     other aspect of that, professional exemption does not require

4     the lawyer.  It is the exercise of independent discretion and

5     judgment.  It is not part of the requirement for a lawyer.

6     It's hold the license and engage in the practice of law.  And

7     there is a completely different relationship in hiring a lawyer

8     for work that is connected with litigation that putting a

9     paralegal in place or a secretary --

10          THE COURT:  But if someone else could have done the

11    same job, does that mean, necessarily, that because he was a

12    lawyer, he was engaging in the practice of law?

13          MR. HUMMEL:  Your Honor, even with the other

14    exemptions, the fact that someone is capable of it, or could

15    have done it, doesn't change this nature of the work as being

16    exempt.  If he was hired as a lawyer, which he now acknowledges

17    that he was, and he was part of that litigation process and the

18    document review he describes, he is exempt under that exemption

19    under the law.  And you don't get into the analysis of did he

20    have independent judgment or discretion.  He was part of a

21    chain of lawyers looking at these documents and judging whether

22    something was responsive.

23          If you start working back on that, I -- I think you

24    get into a situation where how do you ever draw a line.  I

25    think the exemption is structured for exactly that way, your

1    Honor.  And why it doesn't get into the analysis of primary

2    duty or independent judgment and discretion.  And then you get

3    into, well, how much of that type of work qualifies you for the

4    exemption or doesn't qualify you for the exemption.  Does

5    someone have to spend three quarters of their time actually

6    talking to a client in order to get the exemption.  None of

7    them are included in the Department are Labor Regulation laws.

8    And I think for a very specific reason.  There is a completely

9    different relationship to the work and the duty and obligation.

10   A lawyer has the ethics, responsibilities, the code of

11   professional conduct, conflicts,  confidentiality, privilege.

12   All those attendant responsibilities come with the

13   responsibility as a lawyer.  And so it is an entirely different

14   function that the lawyer has to perform given those

15   professional responsibilities.

16          THE COURT:  And I'm going to ask you what I asked Mr.

17   Greenwald at the start, which is am I supposed to take judicial

18   notice?  Are you suggesting I should take judicial notice of

19   everything you have just said regarding what goes into document

20   production if you are a lawyer.  Is that what you are asking me

21   to do?  Or do I need an affidavit, do I need more of a record

22   to make the determination, in your view.

23          MR. HUMMEL:  Again, I don't think you need more of a

24   record, because the plaintiff has already supplied it to you.

25   He was an attorney working on a litigation matter.  And I think

1   that ends it for purposes of the exemption for federal law.

2           THE COURT:  Thank you.

3           MR. HUMMEL:  Let me touch on one point on state law,

4   that state law does not require, as plaintiff suggests, a

5   detailed analysis under the learned professional exemption.

6   State law in New York honors the exemptions that are within the

7   Fair Labor Standard Act.  So that, for example, the attorney

8   exemption, New York honors that.  There is a home care

9   exemption under federal law, not specifically provided for

10  under New York law.  But New York honors that exemption.  So

11  the analysis under the federal law also ends the matter for

12  purposes of state law.

13          THE COURT:  Thank you.

14          MR. HUMMEL:  Thank you, your Honor.

15          THE COURT:  Mr. Kirschenbaum.

16          MR. KIRSCHENBAUM:  Your Honor, I just want to start by

17  addressing what I think was a misstatement by the defendants in

18  response to a question that your Honor seems to be focused on,

19  which is does it make a difference whether this document review

20  could be performed by a nonlawyer.  Both defense answered that

21  it does not make a difference.  And I think the answer is it

22  absolutely makes a difference.

23          The question is not whether -- but just to fine tune

24  the question.  If it could be done by a nonlawyer, and that is

25  the only thing that this individual is hired to do, then it

makes a difference.  Of course a lawyer, incidental to his
entire practice, may perform many tasks that can be done by a
nonlawyer.  But since they are incidental to the general
practice of law, he could still be considered professionally
exempt while performing those tasks.  Wheres as this individual
is only hired to do document review is being hired to do work
that can be done by a nonlawyer, it simply cannot be called the
practice of law.

        THE COURT:  Wasn't he hired as a lawyer?  I mean that
is clear in the complaint, he was hired as a lawyer and they
hired lawyers for this particular job.  Isn't that right?

        MR. KIRSCHENBAUM:  No, your Honor.  He was not hired
as a lawyer.  He was hired to do nonlegal work.  I mean --
to say he was hired as a lawyer is sort of assuming the
conclusion.  He was hired.  He is a lawyer.  And he was hired.
But he --

        THE COURT:  You also say in paragraph 29:  Defendant's
employ attorneys for document review projects on a temporary or
short-term basis.

        And then it goes on the talk about what they do.

        MR. KIRSCHENBAUM:  Right.  What they do, exclusively,
is not to the practice of law.

        On the face of plaintiff's complaint, the plaintiff
makes a prima facia case of overtime violation under the FLSA
and New York labor law.  He says I worked 40 hours.  He says he

1    was not paid an overtime premium for his overtime.  This case

2    proceeds through discovery, plaintiff will establish that the

3    entire context of his work involved reviewing documents,

4    searching for key words.  If he found -- whatever key words he

5    found, he was told to put the documents into certain categories

6    based on defendant's instructions.

7            Defendants now are coming and asking the Court to

8    dismiss this case at this early stage.  The problem is that the

9    law is clear in this Circuit that it is just simply too early

10   to dismiss the case now.  Under the professional exemption.  In

11   the Novartis case, and Second Circuit law is clear that

12   exemptions under the FLSA are affirmative defenses.  Plaintiff

13   does not need to negate the affirmative defense.  The only way

14   the defendant could win on an affirmative defense is if they

15   show, automatically, exemption which, in this context, would

16   mean that simply the very fact that he was doing document

17   review, no matter how mundane the document review was, he must

18   be exempt.  There is a definition of practice of law out

19   there in the case law.  For example, in the Rowe case, and the

20   cases citing Rowe, the practice of law involves the rendering

21   of legal advice and opinions directed to particular clients.

22           THE COURT:  But that can be part of a team.  You don't

23   need a lawyer at every moment of every day to be advising a

24   client, do you.  It can be he can play one role, and maybe a

25   smaller role on a bigger team that is advising a client in a

1    litigation, isn't that correct?

2            MR. KIRSCHENBAUM:  Absolutely.  But there are some

3    roles, part of that team, that are certainly not performing,

4    that are not performing legal work.  For example, the person

5    who makes photocopies, as your Honor suggested, is also part of

6    that team.  That's still not considered legal advice.  Just to

7    give an extreme example of what we are talking about here,

8    imagine if a lawyer instructs an individual, here is a pile of

9    documents.  In this pile of documents there are some documents

10   on a black piece of paper, some on a red piece of paper, and

11   some of them on a white piece of paper.  I want you to mark all

12   of the documents on a black piece of paper relevant, all of the

13   documents on a red piece of paper privileged, all the documents

14   on white irrelevant.  Now, it can be said that the individual,

15   in performing this task, is reviewing documents, he is part of

16   a team rendering legal advice, he is analyzing the documents to

17   see what color the pages are, and then he is using his

18   discretion to determine what to stamp on those documents.

19   Obviously, that would be absurd to call that the practice of

20   law.

21           THE COURT:  Similarly, here, the work Mr. Henig was

22   performing is exactly the same.  Instead of looking for colored

23   pages, he is looking for words on documents.  Defendants say

24   that common sense defies that they would hire a lawyer to

25   perform computer work.  I don't think that -- I don't think

1      that's true, and I don't think that's a fair argument here.

2      Plaintiff has alleged that that is what he was doing and that

3      is what he was doing.  Do you think it is relevant, at all,

4      that he was an attorney, that he was hired because he was an

5      attorney, or that he was held out as an attorney to clients.

6      In your view, is that at all relevant.  It's a compound

7      question, so if you want to break it down, let me know.

8              MR. KIRSCHENBAUM:  It is relevant, except that the

9      question is whether he was held out as an attorney, was he

10     being appropriately held out as an attorney.  The FLSA

11     professional exemption is supposes to be narrowly construed.

12     The question is here we have to look at his duties and decide

13     if his duties were the practice of law.  The fact that

14     defendants decide to hold him out as a lawyer practicing law,

15     it just gives them a unilateral ability to make any individual,

16     who has, any individual who has got a law degree professionally

17     exempt under FLSA in order to avoid paying him overtime, simply

18     by calling him a lawyer and telling him as a lawyer they would

19     get an automatic ability to not pay him overtime, which is

20     similarly not a fair conclusion.

21             THE COURT:  Presumably he was paid more because he was

22     a lawyer, but that's not in the record, so I don't rely on

23     that.

24             MR. KIRSCHENBAUM:  I don't think he was paid $30 an

25     hour.

1          THE COURT:  He worked for six weeks.  If he had -- if

2     he started, or let's say first year associate, for that matter,

3     right, started at a law firm and worked for three weeks.  And

4     in those three weeks, all they were doing was training, so they

5     were not actually advising clients, they were not yet on cases,

6     they were training.  Would that constitute the practice of law?

7          MR. KIRSCHENBAUM:  Yes, your Honor.  And that's

8     because it would be part of a greater scheme of work.  They

9     would be training to become a lawyer.  Either today, tomorrow

10    in the grand scheme of things, next week.  This individual, Mr.

11    Henig, was not hired, he was not doing document review as

12    training.  He was not doing document review as some sort of

13    broader scale of legal advice that he was to be providing to

14    anyone.  He was doing, in the finite universe, document review

15    and document review only.  And specifically looking for key

16    words and moving documents into categories based on what the

17    key words were on those documents.

18         THE COURT:  Well, let me just try another

19    hypothetical.  Let's say the firm was not particularly busy,

20    right.  So the first number of weeks an associate was not

21    particularly busy and doing very little of substance, right.

22    But they still wanted them in past the 40 hours.  Does that

23    constitute the practice of law?  I mean do we have to look at

24    what each person is doing during the day, every day?

25         MR. KIRSCHENBAUM:  No, your Honor.  I think you have

1    to look to the totality of these individuals, the totality of

2    this individual's duties as a first-year associate at a law

3    firm.  It's true, today, he might be assigned to go into a room

4    and look at documents.  But tomorrow, he might be assigned to

5    something else.  He is there for his law firm to be available

6    to provide legal advice, when necessary.  Even if, today, he is

7    working on document review, tonight they could tell him, look,

8    the document review is over and I want you to research this

9    legal issue.

10          Mr. Henig could do only one thing when he was working

11   for Quinn Emanuel, and that was find key words on pieces of

12   paper.

13          There is -- there is just one more point that I think

14   is important, is the New York Labor Law standard is even

15   clearer in favor of plaintiff.  Despite what defendants say,

16   the New York Labor Law does specifically define the

17   professional exemption, and defines it as requiring the

18   consistent exercise of judgment and discretion, or that it must

19   be predominantly intellectual and varied in character.  And

20   this is the language of the statute, of the reg, as opposed to

21   routine mental mechanical or physical work.

22          Judge, if this could even be described as mental work,

23   it must be routine mental work, because it simply involves the

24   locating of words on documents.

25          THE COURT:  If he had done a bad job and not reviewed

1   the documents properly, and missed certain terms, there could

2   be malpractice proceedings against him, correct?

3        MR. KIRSCHENBAUM:  No -- well, I think he would argue

4   that he was not performing legal work, and that the malpractice

5   proceedings would be appropriately brought against Quinn

6   Emanuel as a practical matter for a contract attorney to do

7   that work.

8        If Quinn Emanuel had hired a contractor to do that

9   work, and there was a mistake, Quinn Emanuel would still be

10  held responsible for it.  The nature of the work is not legal.

11  I really think that that is the only question.  And to the

12  extent there is a gray area, the exemption for purposes of

13  determining the overtime exemption is supposed to be narrowly

14  lee construed.

15        THE COURT:  Thank you.

16        Would Plaintiff defendants like to be heard?

17        MR. GREENWALD:  Your Honor, it does matter that the

18  plaintiff in this case was a licensed lawyer when he was hired.

19  Because if we had hired an out-of-work actor or paralegal to do

20  this work, that actor or paralegal would not have been bound by

21  the ethical rules, would not have had the same duty of

22  confidentiality.  A breach that would have occurred wouldn't

23  have subjected the actor or paralegal to disbarment.  So there

24  is a difference, just from the very beginning, when we hire a

25  lawyer, as they allege in their complaint, to do this task as

1    part of litigation, than if we hire a paralegal.  No matter

2    what the day-to-day task is.  And as the Court perceived,

3    trying to figure out what any individual does during his or her

4    day, is nearly impossible, as is it exempt, is it not exempt,

5    which is why the reg says, has the professional exemption for

6    license lawyer.  And it would not be unreasonable for the Court

7    to find every licensed lawyer who was hired as part of a

8    litigation, is exempt, regardless of what they happen to do on

9    any individual day.

10          And finally, the Supreme Court, the Second Circuit,

11   are clear that the test, now, is the plausibility of the

12   complaint, which is why the Court does not need any additional

13   evidence and does not need to proceed to discovery which, I

14   submit, would be impossible, given the ethical rules, anyway,

15   but does not need to proceed to discovery because the notion

16   that Quinn Emanuel hired a lawyer, a licensed lawyer, to do

17   what they're claiming a computer could do, is simply not

18   plausible and, therefore, the complaint should be dismissed.

19          THE COURT:  Isn't it true that other law firms do hire

20   paralegals to do this work on occasion.  And when you say it is

21   not plausible, that they could have hired a paralegal?  I mean

22   paralegals, in some circumstances, are involved in document

23   reviews; isn't that correct?

24          MR. KIRSCHENBAUM:  Absolutely.  There are --

25   people make all sorts of decisions about how they are going to

1    staff their cases, and how they're going to perform their work.

2    And the choice to use a licensed lawyer, because of his

3    license, and the responsibilities attended with it -- and

4    what's more, the judgment and experience when making things

5    like calls about privilege, and having to come in front of a

6    court and defend those, ultimately, that -- that, we hire

7    lawyers, because we want to be able to defend that to the

8    client, to the court when we need to as part of a litigation.

9    Which is clear from the complaint why we hire lawyers.  And,

10   then, the question -- what I'm saying is, nobody hires any

11   person to do what a computer does nowadays.  It is not

12   plausible that anyone was hired just to find a word in a

13   document, and put it into a box.  That is what -- the computers

14   do that, before any human being looks at it.  And, then, the

15   question is who is going to look at the documents and apply

16   their judgment to what category the document should go in and

17   whether or not it is privileged.  And, it is true that someone

18   could hire actors to do that, someone could hire paralegals to

19   do that.  On this record, we contracted with the firm to

20   provide us licensed lawyers.  And that makes the plaintiff in

21   this case exempt.

22           THE COURT:  And, again, I apologize for continually

23   coming back to this question, but in terms of what you're

24   asking me to do, you're asking me to rely on common sense or

25   take judicial notice of why you would hire an attorney in this

1   circumstance?

2            MR. KIRSCHENBAUM:  The complaint is simply not

3   plausible, does not have factual allegations that raise a

4   plausible claim that the defendant is nonexempt.

5            THE COURT:  Thank you.  I will reserve decision.  Have

6   a nice day.

7            THE DEPUTY CLERK:  All rise.

8            (Adjourned)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25