UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM HENIG, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>    -against-<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP and DOCUMENT TECHNOLOGIES, LLC,<br><br>                    Defendants. | 13 CIV 1432 (RA)<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO CERTIFY THIS COURT'S DECEMBER 11, 2013 ORDER FOR APPEAL UNDER 28 U.S.C. § 1292(b) AND TO STAY THIS ACTION PENDING APPEAL** |

BRYAN CAVE, LLP

Zachary Hummel

1290 Avenue of the Americas
New York, New York 10104
Tel.:  212-541-2000
Facsimile:  212-541-4630

*Attorneys for Defendant Document Technologies, LLC*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Peter E. Calamari
Marc Greenwald
Sanford I. Weisburst
Elinor Sutton

51 Madison Avenue, 22nd Floor
New York, New York 10010
Tel:  212-849-7000
Facsimile:  212-849-7100

*Attorneys for Defendant Quinn Emanuel Urquhart & Sullivan, LLP*

December 19, 2013

## TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................3

I.     THE DECEMBER 11 ORDER SHOULD BE CERTIFIED FOR
INTERLOCUTORY APPEAL.........................................................................................3

     A.     The Order Involves A Controlling Question Of Law ............................................4

     B.     There Is A Substantial Ground For Difference Of Opinion ...................................4

     C.     An Immediate Appeal Will Materially Advance The Ultimate Termination
Of The Litigation ....................................................................................................7

II.    THIS ACTION SHOULD BE STAYED PENDING DETERMINATION OF
THE INTERLOCUTORY APPEAL ..............................................................................9

CONCLUSION......................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*,
    No. 11-00011, 2013 WL 663301 (D.N.J. Feb. 21, 2013) ....................................................7, 8

*Belt v. Emcare Inc.*,
    351 F. Supp. 2d 625 (E.D. Tex. 2005), *accepting certification and affirming*,
    444 F.3d 403 (5th Cir. 2006) ...........................................................................................3, 4

*City of New York v. Beretta U.S.A. Corp.*,
    401 F. Supp. 2d 244 (E.D.N.Y. 2005) ................................................................................9

*Douglas v. DynMcDermott Petroleum Operations Co.*,
    144 F.3d 364 (5th Cir. 1998) .............................................................................................8

*In re Fosamax Prods. Liab. Litig.*,
    No. 06 MD 1789(JFK), 2011 WL 2566074 (S.D.N.Y. June 29, 2011)..............................7

*Geron v. Robinson & Cole LLP*,
    476 B.R. 732 (S.D.N.Y. 2012)...........................................................................................9

*In re Grand Jury Subpoenas*,
    561 F.3d 408 (5th Cir. 2009) .............................................................................................8

*Kachmar v. SunGard Data Sys., Inc.*,
    109 F.3d 173 (3d Cir. 1997)...............................................................................................8

*Klem v. County of Santa Clara*,
    No. C-91-20674 RMW, 1998 WL 440425 (N.D. Cal. July 9, 1998),
    *accepting certification and affirming*, 208 F.3d 1085 (9th Cir. 2000) .................................3, 4

*Klinghoffer v. S.N.C. Achille Lauro*,
    921 F.2d 21 (2d Cir. 1990)................................................................................................4

*Kuzinski v. Schering Corp.*,
    614 F. Supp. 2d 247 (D. Conn. 2009), *accepting certification and affirming*,
    384 Fed. App'x 17 (2d Cir. 2010)......................................................................................3

*Lee v. Coughlin*,
    26 F. Supp. 2d 615 (S.D.N.Y. 1998)..................................................................................9

*Mohawk Industries, Inc. v. Carpenter*,
    558 U.S. 100 (2009)........................................................................................................2, 9

*Oberc v. BP PLC*,
    No. 4:13-cv-01382, 2013 WL 6007211 (S.D. Tex. Nov. 13, 2013)............................2, 5, 6, 7

*In re Prudential Lines, Inc.*,
    Nos. 93 Civ. 1481(CSH), 93 Civ. 7164 (CSH),
    1995 WL 79575 (S.D.N.Y. Feb. 22, 1995).........................................................................7

*S.E.C. v. Credit Bancorp, Ltd.*,
   103 F. Supp. 2d 223 (S.D.N.Y. 2000)..................................................................................4

*United States v. Amodeo*,
   71 F.3d 1044 (2d Cir. 1995)...........................................................................................8

## Statutes

28 U.S.C. § 1292(b) ..................................................................................1, 3, 9, 10

## Other Authorities

16 CHARLES ALAN WRIGHT ET AL.,
   FEDERAL PRACTICE & PROCEDURE § 3930 (2d ed.)............................................4, 7

## INTRODUCTION

In denying Defendants' motions to dismiss, this Court reasoned that discovery was necessary to determine whether the standard suggested by this Court for the Fair Labor Standards Act's ("FLSA") overtime exemption for professional employees—"whether the individual at issue renders legal advice to a particular client; whether he holds himself out as an attorney; and whether his duties require him to draw on legal knowledge and judgment," Dec. 11, 2013, Hr'g Tr. 7:14-19 (citations omitted)—is satisfied here.   By contrast, Defendants' proposed test— whether the employee was retained as an attorney to perform document review—requires no discovery because it is satisfied by the amended complaint's allegations that "Defendants employ attorneys for document review projects ... [and] Plaintiff worked for Defendants in this capacity."  ECF 29-1 ¶¶ 29-30.[1]

Defendants respectfully request that this Court certify its order for interlocutory appeal under 28 U.S.C. § 1292(b) so that the Second Circuit can promptly decide whether Defendants' proposed test should be adopted as a matter of law.  If the Circuit adopts Defendants' test, the case will be at an end and the parties—and even more importantly, non-party Federal Housing Finance Authority ("FHFA"), Defendant Quinn Emanuel's client—will be spared the difficult, if not impossible, task of conducting discovery consistent with FHFA's attorney-client and work-product privileges.  This Court and Magistrate Judge Fox will likewise be spared the need to adjudicate disputes arising out of that discovery and to issue orders that themselves would be

---

[1]  Defendants acknowledge that, *if* "whether his duties require him to draw on legal knowledge and judgment" is a part of the test and that element requires an analysis of the specific document-reviewing tasks the attorney performed on a given day, the matter cannot be resolved based on the allegations in plaintiff's amended complaint.

likely candidates for interlocutory appeal under *Mohawk Industries, Inc. v. Carpenter*, 558 U.S. 100, 110-11 (2009).

Beyond the parties to this case, the legal industry desperately needs the Circuit's guidance on how to compensate contract attorneys hired to perform document review. Although this Court has announced one test, another district court recently adopted a test akin to Defendants'. *See Oberc v. BP PLC*, No. 4:13-cv-01382, 2013 WL 6007211, at *6 (S.D. Tex. Nov. 13, 2013) ("Attorneys engaged in document review must assess the relevance and responsiveness of each document, along with any privilege issues presented. The mere fact that the task may be routine or constrained by guidelines does not make it any less 'legal.'"). A motion to dismiss yet another similar case is pending in this District before Judge Sullivan. *See Lola v. Skadden Arps Slate Meagher & Flom, LLP*, No. 1:13-cv-05008-RJS (S.D.N.Y.).

Plaintiff's counsel has promised that *Lola* and the instant case are "'the tip of the iceberg. Law firms across the country are employing the weak lawyer job market and hiring document reviewers to do extremely low-level work and failing to pay them overtime in violation of the clear mandate of the Fair Labor Standards Act.'"[2] Not surprisingly, this Court's December 11 order has garnered substantial media attention. *See, e.g.*, Tom Huddleston Jr., *Judge Denies Quinn Emanuel Bid To Dismiss Overtime Suit*, THE AMLAW DAILY, Dec. 11, 2013, *available at* http://www.americanlawyer.com/PubArticleALD.jsp?id=1202632056947&slreturn=2013111910 1414; Alex Rich, *Contract Attorney Wins Battle . . . Status of War Unclear*, ABOVE THE LAW, Dec. 13, 2013, *available at* http://abovethelaw.com/2013/12/contract-attorney-wins-battle-status-

---

[2]   Ben James, *Skadden Denies OT Pay To Temp Lawyers, Atty's Suit Says*, LAW360, July 19, 2013, *available at* http://www.law360.com/articles/458645/skadden-denies-ot-pay-to-temp-lawyers-atty-s-suit-says.

of-war-unclear/.  Only the Second Circuit's definitive holding can clarify this uncertainty.  This Court should therefore certify the order for interlocutory appeal.

**ARGUMENT**

**I.    THE    DECEMBER    11    ORDER    SHOULD    BE    CERTIFIED    FOR INTERLOCUTORY APPEAL**

Interlocutory appeal of an otherwise non-appealable order is available where the district court certifies, and the appellate court accepts, that (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  Numerous courts have found these elements satisfied as to orders resolving legal questions of the FLSA's overtime exemptions.  *See, e.g.*, *Kuzinski v. Schering Corp.*, 614 F. Supp. 2d 247, 249 (D. Conn. 2009) (certifying order that decided "whether [pharmaceutical sales representatives] fall within the FLSA outside sales exemption"), *accepting certification and affirming*, 384 Fed. App'x 17, 18-19 (2d Cir. 2010); *Belt v. Emcare Inc.*, 351 F. Supp. 2d 625, 626, 635 (E.D. Tex. 2005) (certifying order that decided "whether nurse practitioners and physician assistants, who are paid on an hourly basis, qualify for the FLSA's professional exception to the overtime requirements"), *accepting certification and affirming*, 444 F.3d 403 (5th Cir. 2006); *Klem v. County of Santa Clara*, No. C-91-20674 RMW, 1998 WL 440425, at *7-8 (N.D. Cal. July 9, 1998) (certifying order that decided "whether the County can take advantage of the 'window of correction' despite a pattern and practice of taking disciplinary deductions of pay for less than a full workweek for other than major safety violations"; reasoning that one benefit of certification was to enable "an appellate decision in this circuit on an issue that is of interest to public employers and employees"), *accepting certification*

3

*and affirming*, 208 F.3d 1085 (9th Cir. 2000).[3]   For the reasons discussed below, this Court should likewise find that its order regarding the FLSA's overtime exemption issue warrants certification for immediate appeal.

### A.    The Order Involves A Controlling Question Of Law

A question of law is controlling if its resolution will "terminate an action."  *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990); *see also* 16 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 3930 (2d ed.) ("There is no doubt that a question is 'controlling' if its incorrect disposition would require reversal of a final judgment ….").  Here, the applicability of the FLSA's overtime exemption for professional employees is a controlling question of law because, if Defendants' proposed test is correct, it requires a ruling based on the allegations of Henig's own amended complaint that the FLSA overtime exemption applies, and therefore that Henig's causes of action for overtime pay under the FLSA and the similar New York Labor Law must be dismissed.[4]

### B.    There Is A Substantial Ground For Difference Of Opinion

Just one month before this Court issued its order, a federal district court in Texas issued a ruling that essentially adopted Defendants' proposed test on similar allegations.  In that case, the

---

[3]   Although each of these certified orders was on a motion for summary judgment (rather than a Rule 12(b)(6) motion to dismiss), each by definition involved a "controlling question of law" that could have been decided by the district court at the motion-to-dismiss stage.  *See, e.g.*, *Belt v. Emcare Inc.*, 351 F. Supp. 2d 625, 626 (E.D. Tex. 2005) ("the summary judgment issue is solely a legal one").  As explained *infra*, that this case is currently at the pre-discovery stage only underscores why the order should be certified, so that the parties (and non-party FHFA) and the Court can avoid the need to confront the complicated privilege issues that discovery will raise.

[4]   For the reasons discussed in Point I.B, *infra*, a decision by the Second Circuit will have important "precedential value," which further demonstrates that this Court's order involves a controlling question of law.  *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000); *see also Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("the impact that an appeal will have on other cases is a factor" in deciding whether a question is controlling).

plaintiff, like Henig here, alleged that he was a contract attorney retained *qua attorney* to perform document review.  *See Oberc v. BP PLC*, No. 4:13-cv-01382, Original Complaint And Jury Demand (S.D. Tex. May 3, 2013), ECF 1 at ¶ 7.56 (recruiter portrayed document-reviewing project to plaintiff as one "that had 300 attorneys" and where "BP was paying $30 per hour"). The plaintiff additionally alleged facts concerning which aspects of the document review supposedly involved discretion as opposed to application of predetermined guidelines, specifically asserting that the vast majority of his time was spent on the latter sort of activity. *See, e.g.*, *id.* ¶ 7.204 ("[T]he review process rarely ever rose to the level of 'attorney legal analysis', because the vast majority of BP's review and coding process was a routine 'task' of identifying relevant terms, names and dates."); ¶ 7.225 ("Mr. Oberc discovered that it was an extremely 'rare occasion' when he had to 'think' in such degree and/or amount that it rose to the level of utilizing the intellectual qualities of analysis or judgment that an attorney would use when actually engaged in the practice of law.").   The court proceeded to dismiss the claim without endeavoring to quantify the time plaintiff spent in exercising "analysis or judgment" as opposed to supposedly "routine" work:

> Attorneys engaged in document review must assess the relevance and responsiveness of each document, along with any privilege issues presented.  The mere fact that the task may be routine or constrained by guidelines does not make it any less "legal."  The facts as alleged in Oberc's complaint demonstrate that he used legal judgment during the six weeks he reviewed documents in connection with the Deepwater Horizon litigation.  He pointed out documents that had been coded as non-responsive that were in fact responsive.  He used discernment while he was a member of the redaction team.  He also reviewed documents to ascertain whether they contained privileged information.  The Court holds that Oberc was engaged in the practice of law while employed by DW.  As such, Oberc was an exempt professional under the FLSA and DW was not required to pay overtime wages.

*Oberc*, 2013 WL 6007211, at *6-7.  Under this Court's suggested approach, by contrast, it would have been necessary to distinguish the time spent on analysis as opposed to routine tasks, and

then potentially to award overtime pay for the latter.[5]  Thus, *Oberc* conflicts with this Court's order and demonstrates a substantial ground for difference of opinion.[6]

In this District, there is the potential that another decision will soon issue in conflict with this Court's order.  The operative complaint in *Lola* alleges, *inter alia*, that Skadden "employ[s] *attorneys* for document review projects on a temporary or short-term basis.  Specifically, these individuals view hundreds of documents each day for the purpose of sorting the documents into certain categories identified by [Skadden]."  *Lola*, No. 1:13-cv-05008-RJS, First Amended Complaint (S.D.N.Y. Oct. 3, 2013), ECF 17 at ¶ 21 (emphasis added).  Skadden moved to dismiss on December 6, 2013, arguing, *inter alia*:  "The importance of a licensed contract attorney performing document review was recognized less than a month ago by a federal court judge in Texas who held, without regard to any state law definition of 'the practice of law', that a contract attorney engaged in a document review was engaged in the practice of law and thus, an exempt professional not covered by the FLSA's overtime provision."  *Lola*, No. 1:13-cv-05008-RJS, Mem. Of Law In Supp. Of Defs.' Mot. To Dismiss (S.D.N.Y. Dec. 6, 2013), ECF 23 at 1 (citing *Oberc*, 2013 WL 6007211, at *7).  Skadden's motion to dismiss remains pending before Judge Sullivan.

---

[5]  For this reason, the fact that the *Oberc* complaint is arguably more detailed than Henig's complaint is irrelevant; the point is that the *Oberc* court did not conduct a task-by-task analysis and award overtime for the plaintiff's time spent performing routine tasks.

[6]  *Oberc* did not discuss whether the plaintiff had been held out to the law firm's client as an attorney, and thus apparently did not consider that to be an element of the test.  Even if it were an element, and even if that element is not satisfied by the *express* allegations of Henig's complaint here, the only plausible inference from Henig's allegation that he was hired as an attorney (ECF 29-1 ¶¶ 29-30) is that he was billed to Quinn Emanuel's client as an attorney.  No rational law firm would pay the higher fee commanded by an attorney and then bill the firm's client at the lower fee prevailing for a non-attorney.  *See* Dec. 11, 2013, Hr'g Tr. at 9:7 (Court's observation that Henig was "[p]resumably" billed out as an attorney).

Even aside from *Oberc* and the potential for an *Oberc*-like decision by Judge Sullivan in *Lola*, this Court should find that a substantial ground for difference of opinion exists based on the "'relative lack of authority on the precise question.'"  *In re Fosamax Prods. Liab. Litig.*, No. 06 MD 1789(JFK), 2011 WL 2566074, at *5 (S.D.N.Y. June 29, 2011) (quoting *In re Prudential Lines, Inc.*, Nos. 93 Civ. 1481(CSH), 93 Civ. 7164(CSH), 1995 WL 79575, at *1 (S.D.N.Y. Feb. 22, 1995)).  Neither the Second Circuit nor any other circuit has yet addressed whether contract attorneys hired for document review come within the FLSA's overtime exception based on those facts/allegations alone, regardless of the routine-ness of the document review performed in the particular case.  The Circuit's guidance is desperately needed given law firms' frequent practice of employing contract attorneys, and Henig's counsel's threat that *Lola* and the instant case are "'the tip of the iceberg.'"  James, *supra*, note 2.

**C.      An Immediate Appeal Will Materially Advance The Ultimate Termination Of The Litigation**

This element "is closely tied to the requirement that the order involve a controlling question of law," Wright, *supra*, § 3930, and thus is satisfied for the reasons set forth in Point I.A, *supra*, namely that resolution of the legal question in Defendants' favor will not only "advance" the ultimate termination of the litigation, but will completely terminate it.

Indeed, this element especially favors certification here because an immediate appeal (and appellate decision) has "the possibility of avoiding [the need for] trial proceedings."  *Id.*; *see also Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, Civ. No. 11-00011, 2013 WL 663301, at *4 (D.N.J. Feb. 21, 2013) ("Defendant argues that '[a]n immediate appeal would materially advance this litigation by potentially avoiding lengthy and costly class action discovery ….  As a reversal by the Third Circuit of the October 17 Order has the strong potential to eliminate the class action aspect of this trial, the Court agrees that the material advancement of

7

the termination of litigation requirement is met here.").   During the December 11, 2013 conference, this Court recognized that discovery issues "are complicated" and referred the matter to Magistrate Judge Fox to help the parties "sort out how [they]'re going to go about this process in light of the privilege issues."  Dec. 11, 2013, Hr'g Tr. at 14:3, 23-25.

"Complicated" is an accurate descriptor.   As Quinn Emanuel explained in its memorandum of law in support of its motion to dismiss (ECF 21 at 11), document review involves attorney-client and work-product privileged documents.   Those privileges belong to Quinn Emanuel's client (FHFA), *see, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995) (attorney-client privilege belongs to client); *In re Grand Jury Subpoenas*, 561 F.3d 408, 411 (5th Cir. 2009) (work-product privilege belongs both to client and to law firm), and it will be burdensome on FHFA—a federal agency—to review and to redact the documents (if redaction is even possible).  Moreover, there is a substantial question whether Henig is permitted, consistent with his ethical duty (as a licensed attorney) of confidentiality to FHFA, to disclose to his attorneys documents or other information gained during his assignment.  The circuits are divided on the extent to which a lawyer-employee can sue his employer where such suit involves disclosure of confidential material.  *Compare, e.g.*, *Douglas v. DynMcDermott Petroleum Operations Co.*, 144 F.3d 364, 376 (5th Cir. 1998) ("[A]lthough the right to oppose unlawful practices under Title VII is a right that, independently, is entitled to great weight in the balancing test, the exercise of that right in violation of the profession's ethical duties of confidentiality and loyalty simply will not counter the weight of the employer-client's rights and the duty owed to the legal profession."), *with Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 181 (3d Cir. 1997) ("We do not suggest that concerns about the disclosure of client confidences in suits by in-house counsel are unfounded, but these concerns alone would not warrant dismissing a plaintiff's

8

case …."). The issue is yet more complex where, as here, the duty of confidentiality is owed to a non-party to the lawsuit.

These discovery and privilege issues will likely be litigated and require adjudication by Magistrate Judge Fox and ultimately by this Court. The resulting orders will themselves be likely candidates for certification under 28 U.S.C. § 1292(b). *See Mohawk Indus.*, 558 U.S. at 110-11 ("[L]itigants confronted with a particularly injurious or novel privilege ruling have several potential avenues of review apart from collateral order appeal…. [A] party may ask the district court to certify, and the court of appeals to accept, an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The preconditions for § 1292(b) review … are most likely to be satisfied when a privilege ruling involves a new legal question or is of special consequences, and *district courts should not hesitate to certify an interlocutory appeal in such cases*.") (emphasis added).

We respectfully submit that, instead of embarking on that difficult path and thus burdening FHFA, the parties, and this Court with such discovery/privilege issues, this Court should allow the Second Circuit to decide now the substantive legal question whether Henig's suit must fail based on its own allegations. Defendants commit to seeking expedited treatment of the appeal by the Circuit.

## II. THIS ACTION SHOULD BE STAYED PENDING DETERMINATION OF THE INTERLOCUTORY APPEAL

District courts granting 28 U.S.C. § 1292(b) certification frequently also grant a stay of proceedings in the district court pending the appellate court's determination of the appeal, thus ensuring that the goal of interlocutory appeal to avoid needless proceedings in the district court is not undermined. *See, e.g., Geron v. Robinson & Cole LLP*, 476 B.R. 732, 746 (S.D.N.Y. 2012); *City of New York v. Beretta U.S.A. Corp.*, 401 F. Supp. 2d 244, 298 (E.D.N.Y. 2005); *Lee v. Coughlin*, 26 F. Supp. 2d 615, 638 (S.D.N.Y. 1998) (Sotomayor, J.). This Court should do so

here as well because, as just discussed, a strong reason for certifying the December 11 order for interlocutory appeal is that an appellate decision will potentially avoid the need for litigation of complicated discovery and privilege issues by the parties and by non-party FHFA.

### CONCLUSION

This Court should certify its December 11, 2013 order for appeal under 28 U.S.C. § 1292(b) and stay this action pending the Second Circuit's determination of the appeal.

DATED: New York, New York  
        December 19, 2013

Respectfully submitted,

QUINN EMANUEL URQUHART &  
SULLIVAN, LLP

By  /s/ Peter E. Calamari  
    Peter E. Calamari  
    (petercalamari@quinnemanuel.com)  
    Marc Greenwald  
    (marcgreenwald@quinnemanuel.com)  
    Sanford I. Weisburst  
    (sandyweisburst@quinnemanuel.com)  
    Elinor Sutton  
    (elinorsutton@quinnemanuel.com)  
    51 Madison Avenue, 22nd Floor  
    New York, New York 10010  
    (212) 849-7000

    *Attorneys for Defendant Quinn Emanuel Urquhart*  
    *& Sullivan, LLP*

BRYAN CAVE, LLP

By  /s/ Zachary Hummel  
    Zachary Hummel  
    (zahummel@bryancave.com)  
    1290 Avenue of the Americas  
    New York, New York 10104  
    (212) 541-2000

    *Attorneys for Defendant Document*  
    *Technologies, LLC*

10