Zachary Hummel
BRYAN CAVE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

Daniel M. O'Keefe
James R. Wyrsch
BRYAN CAVE LLP
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000

Attorneys for Defendant
Document Technologies, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM HENIG, on behalf of himself and others similarly situated<br><br>                          Plaintiff,<br><br>    vs.<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP, et al.,<br><br>                        Defendants. | Civil Action No. 13-CV-1432 |

## <u>ANSWER TO AMENDED COMPLAINT</u>

Defendant Document Technologies, LLC ("DTI") submits its answer to Plaintiff's Amended Complaint as follows:

1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**   DTI does not contest the jurisdiction of the Court.

2.   Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

**ANSWER:**   DTI does not contest venue in this district.

**THE PARTIES**

3.   Defendant Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), a California limited liability partnership, is a 600-lawyer business litigation firm -- the largest in the United States devoted solely to business litigation.

**ANSWER:**   DTI admits that Quinn Emanuel is a law firm.  DTI lacks sufficient information upon which to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

4.   Quinn Emanuel maintains a New York office in midtown Manhattan.

**ANSWER:**   DTI admits the allegations in this paragraph.

5.   Quinn Emanuel has an annual gross volume of business done in excess of $500,000.

**ANSWER:**   DTI lacks sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

6.   Defendant Providus New York LLC ("Providus") is a Texas limited liability company that provides attorneys and paralegals on a contract and direct-hire basis to law firms and corporate law departments in New York.

**ANSWER:**    DTI admits that it provides attorneys and paralegals on a contract and direct-hire basis to law firms and corporate law departments in New York, and that Providus New York LLC is a Texas limited liability company.  DTI denies the remaining allegations in this paragraph.

7.     Providus maintains an office at 1115 Broadway, New York, NY.

**ANSWER:**    DTI admits the allegations in this paragraph.

8.     Providus has an annual gross volume of business done in excess of $500,000.

**ANSWER:**    DTI admits the allegations in this paragraph.

9.     Plaintiff William Henig ("Plaintiff") is a New York resident. He is an attorney. He was hired by Defendants in mid-August 2012 on a temporary basis to review documents for Quinn Emanuel relating to pending litigation.  Mr. Henig worked on the document review project for approximately 6 weeks.

**ANSWER:**    DTI admits, upon information and belief, that Henig is an attorney and that Providus hired Henig in August 2012 on a temporary basis to review documents for Quinn Emanuel for a pending litigation project.  DTI lacks sufficient information upon which to form a belief as to the truth of Plaintiff's residency and therefore denies the same.  DTI denies the remaining allegations in this paragraph.

10.     Mr. Henig was explicitly informed by Providus that he was an employee of Providus for purposes of this project.  Providus instructed Mr. Henig to comply with Providus' procedures.  Providus paid Mr. Henig directly.  Upon information and belief, Mr. Henig's pay rate was determined based on the amount that Quinn Emanuel paid Providus for Mr. Henig's services.

**ANSWER:** DTI admits that Providus informed Henig that he was a temporary employee of Providus, that Providus instructed Henig to comply with Providus' procedures and that Providus paid Henig. DTI denies the remaining allegations in this paragraph.

11. Mr. Henig was also explicitly informed that he was to follow Quinn Emanuel's policies and procedures during the project, and Mr. Henig's work was directed and supervised by Quinn Emanuel attorneys.

**ANSWER:** DTI admits that Henig was informed that he was to follow both Providus' and Quinn Emanuel's policies and procedures during the project, and that Quinn Emanuel attorneys directed and supervised Henig's work on the project. DTI denies the remaining allegations in this paragraph.

12. Both Defendants had the power to terminate Mr. Henig's employment.

**ANSWER:** DTI admits that DTI had the power to terminate Plaintiff's employment. DTI denies the remaining allegations in this paragraph.

13. Accordingly Quinn Emanuel and Providus were joint employers under the FLSA.

**ANSWER:** The allegations in this paragraph constitute legal conclusions to which no response is required. To the extent any response may be required, DTI denies the allegations in this paragraph.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals employed by Defendants for the purpose of reviewing documents on or after the date that is three years before the filing of the Complaint in this case as defined herein who were paid an hourly wage and worked over 40 hours in a week ("FLSA Collective Plaintiffs").

**ANSWER:**   This paragraph purports to summarize Plaintiff's claims.  To the extent it is read to assert Plaintiff has stated any viable claims for relief or for certifying a collective action, DTI denies the allegations.

15.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their regular rate of pay for work in excess of forty (40) hours per workweek. The claims of the Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

16.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

17.    Plaintiff brings the Second Claim for Relief pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), on behalf of all individuals employed by Defendants for the purpose of reviewing documents on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period") who were paid an hourly wage and worked over 40 hours in a week.

**ANSWER:**    This paragraph purports to summarize Plaintiff's claims.  To the extent it is read to assert Plaintiff has stated any viable claims for relief or for certifying a class action, DTI denies the allegations.

18.    All said persons, including Plaintiff, are referred to herein as the "Class."  The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The job duties, hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Rule 23.

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

19.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that

number are based are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the Class.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

20.   Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing and refusing to pay them one and one half times their regular rate of pay for work in excess of forty (40) hours per workweek. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

21.   Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in

this paragraph.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

23.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

24.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the

individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

25.    The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

26.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

27.    There are questions of law and fact common to the Class which predominate over

any questions affecting only individual Class members, including:

a.      Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b.      Whether Plaintiff and the Class members are entitled to overtime under New York Labor Law; and

c.      Whether Defendants paid Plaintiff and the Class members the overtime rate required by the New York Labor Law for hours worked in excess of 40 per workweek.

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

## FACTS

28.      Defendants committed the following alleged acts knowingly, intentionally and willfully.

**ANSWER:**    DTI denies the allegations in this paragraph.

29.      Defendants employ attorneys for document review projects on a temporary or short-term basis.  Specifically, these individuals view hundreds of documents each day for the purpose of sorting the documents into certain categories identified by Defendants.

**ANSWER:**    DTI admits that it employs attorneys for, among other things, document review projects on a temporary or short-term basis.  DTI denies the remaining allegations in this paragraph.

30.      Plaintiff worked for Defendants in this capacity.  He was required to review documents under very specific guidelines set forth by Defendants and to sort the documents based on those guidelines.

**ANSWER:**   DTI admits that Henig worked for DTI as a contract attorney.  DTI denies the remaining allegations in this paragraph.

31.   Given the extremely routine nature of Plaintiff's job duties while employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

32.   Specifically, Quinn gave Plaintiff a list of search terms to identify within a set of documents. Depending on what search terms, including keywords and names of certain attorneys/law firms, if any, appeared in the documents, Plaintiff was instructed to mark each document electronically in a certain category.

**ANSWER:**   DTI lacks sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

33.   Plaintiff's entire responsibility while working for Defendants consisted of looking at documents to see what search terms, if any, appeared in the documents and marking those documents into the categories predetermined by Defendants.

**ANSWER:**   DTI lacks sufficient information upon which to form a belief as to the truth of the allegations of this paragraph and therefore denies the same.

34.   Plaintiff was not required to and in fact could not utilize any legal knowledge and/or judgment in performing his job duties for Defendants.

**ANSWER:**   The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in

this paragraph.

35.    As such, Plaintiff did not practice law as part of his employment with Defendants.

**ANSWER:**    The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

36.    Defendants paid Plaintiff an hourly wage.

**ANSWER:**    DTI admits that DTI paid Plaintiff an hourly wage.  DTI denies the remaining allegations in this paragraph.

37.    Plaintiff was required to work and routinely worked 57-60 hours per week.

**ANSWER:**    DTI denies the allegations in this paragraph.

38.    Defendants paid Plaintiff for the hours he worked in excess of 40 per week at his regular hourly wage rather than at one and one half times his regular hourly wage.

**ANSWER:**    DTI admits that DTI paid Plaintiff an hourly wage for each of his hours worked.  DTI denies the remaining allegations in this paragraph.

39.    Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class.

**ANSWER:**    DTI denies the allegations in this paragraph.

**FIRST CLAIM FOR RELIEF (FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

40.    Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

**ANSWER:**    DTI reincorporates by reference its responses to Paragraphs 1 through 39.

41.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

**ANSWER:**     DTI denies the allegations in this paragraph.

42.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek.

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

43.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover their respective unpaid compensation, liquidated (double) damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

**SECOND CLAIM FOR RELIEF (New York Overtime Violations, 12 NYCRR § 142-2.2, Brought by Plaintiff on Behalf of Himself and the Class)**

44.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

**ANSWER:**     DTI reincorporates by reference its responses to Paragraphs 1 through 43.

45.     Throughout the Class Period, Defendants willfully, intentionally, and regularly failed to pay Plaintiff and the Class members at the overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek, as required by the NYCRR.

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

46.     As a result of Defendants' willful violations of New York law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, attorneys' fees and costs, liquidated damages as provided for by the New York Labor Law, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**ANSWER:**     The allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any response may be required, DTI denies the allegations in this paragraph.

## FURTHER PLEADING AND DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

DTI specifically reserves its right to amend this Answer to allege further affirmative defenses that it may have against Plaintiff, the putative class, and/or any subclasses, if any is certified.  The Court has not yet certified a class, and therefore the putative class members are not parties to this action.  DTI further reserves the right to amend this Answer if additional defenses become apparent throughout the course of this litigation.   Notwithstanding the foregoing and without waiving its right to assert additional defenses, DTI alleges these affirmative defenses that it now knows to be applicable to Plaintiff's causes of action and all or some of those of the putative class members.  As and for its separate and independent affirmative

defenses in this action, and without conceding that it bears the burden of proof or persuasion as to any affirmative defense, DTI alleges as follows:

1)      Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2)      Plaintiff's claims are barred in whole or in part by exemptions, exclusions, and credits provided in Sections 7 and 13 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 207 and 213, and New York Labor Laws §§ 650 et seq. and  the supporting New York State Department of Labor regulations.

3)      Plaintiff's claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., is barred because plaintiff was a licensed attorney engaged in the practice of law, and thus was employed in a bona fide professional capacity pursuant to 29 U.S.C. §§ 213(a)(1), 541.304(a)(1).

4)      Plaintiff's claim under the New York Labor Law, 12 NYCRR § 142-2.2, is barred because plaintiff was a licensed attorney engaged in the practice of law, and thus was employed in a bona fide professional capacity pursuant to 12 NYCRR § 142-2.14(c)(4)(iii)(a).

5)      Plaintiff's claims are barred because his prosecution of these claims is inconsistent with his ethical duty of confidentiality to Quinn Emanuel's client(s) and other clients serviced by attorneys working on behalf of DTI, pursuant to Rule 1.6 of the New York Rules of Professional Conduct.

6)      Plaintiff's action is barred to the extent prosecution of his claims and those of the proposed class or collective action would infringe on the attorney client privilege and work product protections owed to Quinn Emanuel's client(s) and the other clients serviced by attorneys working on behalf of DTI.

7)      Neither the named Plaintiff, nor the opt-in class he purportedly seeks to represent, are "similarly situated" within the meaning of the Fair Labor Standards Act and parallel state laws.  *See* 29 U.S.C. § 216(b).  Thus, this case cannot be certified as a collective action because there is no commonality of questions of law or fact, typicality of claims or defenses, and the representative party does not fairly and adequately protect the interests of the putative class.

8)      Plaintiff's claims are barred, in whole or in part, because the Complaint fails to satisfy the prerequisites for a class action.

9)      DTI did not willfully violate the Fair Labor Standards Act and the relief sought by Plaintiff is therefore barred in whole or in part by the applicable two-year statute of limitations of 29 U.S.C. § 255(a).  Even if DTI is found to have willfully violated the Fair Labor Standards Act, the relief sought by Plaintiff would still be barred in whole or in part by the then-applicable three-year statute of limitations of 29 U.S.C. § 255(a).

10)     The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff lacks standing to bring one or more of the causes of action that is being asserted either on his own behalf or in his capacity as a putative class representative.

11)     The Complaint, and each purported cause of action alleged therein, is barred on the ground that neither Plaintiff nor the putative class have suffered any damages or injury as a result of the facts alleged in the Complaint.

12)     The Complaint, and each purported cause of action alleged therein, is barred by the doctrines of unclean hands, waiver, estoppel, laches, and accord and satisfaction.

13)     The claims of Plaintiff and the putative class are barred in whole or in part because DTI has, to the extent required, substantially complied with any and all applicable statutes, regulations, and/or laws.

14)     DTI's actions concerning the matters alleged in the Complaint, if any, were privileged and/or justified.

15)     The claims of Plaintiff and/or the putative class are barred because Plaintiff and putative class members have received proper payment of wages.

16)     The claims of Plaintiff and/or the putative class are barred because DTI did not willfully, intentionally, arbitrarily, or without just cause deprive Plaintiff or putative class members of any wages to which they allegedly were entitled under state or federal law.

17)     DTI has no knowledge of, nor should it have knowledge of, any alleged unpaid overtime work by Plaintiff and/or the putative class, and did not authorize, require, request, suffer, or permit such activity by Plaintiff and/or the putative class.

18)     The Complaint, and each purported cause of action alleged therein, is barred to the extent the hours for which Plaintiff seeks compensation on behalf of himself and the putative class do not constitute legally compensable working time.

19)     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a claim against DTI for penalties or liquidated damages in any amount whatsoever.

20)     Plaintiff is not entitled to recovery of attorneys' fees or costs from DTI as alleged in the Complaint.

21)     Plaintiff is not entitled to recover prejudgment interest because his alleged damages are not certain or capable of being made certain by any calculation.

22)     DTI acted at all times in good faith and had reasonable grounds to believe that its actions did not violate the Fair Labor Standards Act.  Accordingly, pursuant to 29 U.S.C. § 260, liquidated damages should be denied.

23)     The alleged causes of action are barred, in whole or in part, because of ratification, agreement, assent, acquiescence or consent to DTI's alleged conduct.

24)     Plaintiff is not entitled to any relief because the act or omission complained of was in good faith conformity with and in reliance on a written administrative regulation, order, ruling, approval or interpretation of the Administrator of the Wage and Hour Division of the Department of Labor and/or an administrative practice or enforcement policy of such agency and the corresponding New York agency with respect to the class of employees to which Plaintiff and the putative class belonged.

25)     The Complaint, and each purported claim for relief alleged therein, is barred in whole or in part by all applicable statutes of limitations.  The tolling of the statute of limitations on the claims of Plaintiff and/or the putative class is inapplicable here.

26)     The Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, because the conduct of which Plaintiff now complains was a just and proper exercise of management discretion by DTI (and/or its agents), and was undertaken for a fair, honest, and legitimate business reason, and was regulated by good faith under the circumstances that existed.

27)     The Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff (or any putative class member) secreted or absented himself in order to avoid payment of wages, or to the extent Plaintiff refused to receive payment of wages when fully tendered.

28)     The Complaint, and each purported cause of action alleged therein, is barred because DTI has fully performed any and all contractual, statutory, and other duties owed to Plaintiff and to putative class members under applicable law.

29)     DTI has not received any profits or other inappropriate gains and has not been unjustly enriched as a result of the conduct alleged in the Complaint.

30)     The claims of Plaintiff and the putative class are barred, in whole or in part, on the ground that Plaintiff and putative class members would be unjustly enriched if they were allowed to recover certain claimed damages in the Complaint.

31)     Plaintiff's class allegations are barred on the ground that if this action is certified as a collective action, DTI's rights under the Fifth, Seventh and Fourteenth Amendments of the United States Constitution would be violated.

32)     Plaintiff is not an adequate representative of other allegedly-aggrieved parties in this action.

33)     The equities in this case weigh against the relief Plaintiff seeks on behalf of himself and the putative class.

34)     The Complaint, and each purported cause of action alleged therein, including Plaintiff's attempt to proceed on a class action basis, has always been, and continues to be, unreasonable, in bad faith, and groundless.  This action was brought in bad faith, and Plaintiff therefore is barred from any recovery in this action and/or from proceeding on a collective basis.


WHEREFORE, having fully answered Plaintiff's Complaint, DTI prays for judgment as follows:

1)     That the Court deny any request for collective notice or certification;

2)     That Plaintiff take nothing by virtue of the Complaint and that judgment be entered in favor of DTI;

3)     That the Complaint and each purported cause of action therein be dismissed with prejudice;

4)     That DTI be awarded its costs of suit and attorneys' fees incurred in defense of this action; and

5)     That DTI be awarded such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRYAN CAVE, LLP

By: _/s/ James R. Wyrsch_

Daniel M. O'Keefe
James R. Wyrsch
211 N. Broadway, Suite 3600
St. Louis, Missouri 63102
(314) 259-2000
dmokeefe@bryancave.com
james.wyrsch@bryancave.com

Zachary A. Hummel
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000
zahummel@bryancave.com

*Attorneys for Defendant*
*Document Technologies, LLC*

## CERTIFICATE OF SERVICE

This certifies that on the December 26, 2013 a copy of the foregoing was sent to all counsel of record herein, by this Court's CM/ECF electronic notice system.

_/s/ James R. Wyrsch_____