UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM HENIG, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> -against- <br><br> QUINN EMANUEL URQUHART & SULLIVAN, LLP and PROVIDUS NEW YORK, LLC, <br><br> Defendants. | 13 CIV 1432 (RA) <br><br> **QUINN EMANUEL'S FIRST AMENDED ANSWER TO AMENDED COMPLAINT** <br><br> JURY TRIAL DEMANDED |

Defendant Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), by and through its undersigned counsel, for its First Amended Answer to the Amended Complaint filed against it by Plaintiff William Henig, states as follows:

1.       Answering paragraph 1, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits that plaintiff purports to bring a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and a claim under New York state law.  Quinn Emanuel avers that the remaining allegations contained therein call for legal conclusions to which no response is necessary.

2.       Answering paragraph 2, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits Quinn Emanuel conducts business in the Southern District of New York and that plaintiff purports to lay venue in this court.  Quinn Emanuel avers that the remaining allegations contained therein call for legal conclusions to which no response is necessary.

## THE PARTIES

3.      Answering paragraph 3, Quinn Emanuel admits the allegations therein, except states that it currently employs more than 600 attorneys.

4.       Answering paragraph 4, Quinn Emanuel admits that it maintains an office at 51 Madison Avenue, 22nd Floor, New York, New York 10010.

5.      Answering paragraph 5, Quinn Emanuel admits the allegations therein.

6.      Answering paragraph 6, Quinn Emanuel lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the residence of Providus or the activities of Providus that do not involve Quinn Emanuel and, on that basis, denies, generally and specifically, each and every allegation contained therein, except admits that defendant Providus New York, LLC ("Providus") has provided attorneys on a contract basis to Quinn Emanuel in New York.

7.      Answering paragraph 7, Quinn Emanuel states that it lacks sufficient information or belief to enable it to answer the allegations of the paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8.      Answering paragraph 8, Quinn Emanuel states that it lacks sufficient information or belief to enable it to answer the allegations of the paragraph and, on that basis, denies, generally and specifically, each and every allegation contained therein.

9.      Answering paragraph 9, Quinn Emanuel lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the residence of plaintiff, and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Quinn Emanuel admits, upon information and belief, that plaintiff is an attorney and licensed New York bar member who was hired by Providus and provided to Quinn Emanuel in August 2012 on a

contract basis to review and analyze documents for a pending litigation.  Quinn Emanuel further admits that plaintiff provided services on the document review and analysis project for approximately six weeks.  Quinn Emanuel specifically denies that it hired plaintiff.

10.     Answering paragraph 10, Quinn Emanuel lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding how Providus determined plaintiff's pay rate, and, on that basis, denies, generally and specifically, each and every allegation contained therein.  Quinn Emanuel admits that plaintiff was hired by Providus and provided to Quinn Emanuel in August 2012 on a contract basis to review and analyze documents for a pending litigation.  Quinn Emanuel further admits that Quinn Emanuel paid Providus for plaintiff's services and, upon information and belief, that Providus paid plaintiff directly and instructed him to comply with Providus' procedures.

11.     Answering paragraph 11, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits that Henig was informed that he was to follow both Providus' and Quinn Emanuel's policies and procedures during the project, and that Quinn Emanuel attorneys directed and supervised Henig's work on the project.

12.     Answering paragraph 12, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

13.     Answering paragraph 13, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Answering paragraph 14, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits that plaintiff purports to bring this action as

a collective action pursuant to 29 U.S.C. § 216(b).  Quinn Emanuel further denies that the action is appropriate for collective action treatment.

15.     Answering paragraph 15, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

16.     Answering Paragraph 16, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits that the identities of certain attorneys performing contract review may, depending on the criteria, be ascertainable from Providus and/or Quinn Emanuel records.  Quinn Emanuel further denies that the action is appropriate for collective action treatment.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Answering paragraph 17, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits that plaintiff purports to bring this action on behalf of a proposed class.  Quinn Emanuel further denies that the action is appropriate for class treatment.

18.     Answering paragraph 18, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits that plaintiff seeks to litigate this case as a class action.  Quinn Emanuel further denies that the action is appropriate for class treatment.

19.     Answering paragraph 19, Quinn Emanuel lacks sufficient information to admit or deny the number of members in plaintiff's proposed class, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

20.     Answering paragraph 20, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

21.     Answering paragraph 21, Quinn Emanuel lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the experience of plaintiff's attorneys and, on that basis, denies, generally and specifically, each and every allegation contained therein.  In addition, Quinn Emanuel specifically denies that plaintiff is an adequate class representative.

22.     Answering paragraph 22, Quinn Emanuel admits that there exists a body of law dealing with class actions, but denies plaintiff's summary of the larger body of law, and denies any allegation that class action treatment is appropriate for this case.

23.     Answering paragraph 23, Quinn Emanuel admits that there exists a body of law dealing with class actions, but denies plaintiff's summary of the larger body of law, and denies any allegation that class action treatment is appropriate for this case.

24.     Answering paragraph 24, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

25.     Answering paragraph 25, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

26.     Answering paragraph 26, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

27.     Answering paragraph 27, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, including all of its subparts.

## FACTS

28.     Answering paragraph 28, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

29.     Answering paragraph 29, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits that Providus has hired attorneys, including plaintiff, and provided them to Quinn Emanuel on a contract basis to review and analyze documents for pending litigation.  Quinn Emanuel further admits that it has employed attorneys, not including plaintiff, who performed document review.  Quinn Emanuel lacks sufficient information or belief to enable it to answer the allegations of the paragraph regarding the actions of Providus that do not involve Quinn Emanuel and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     Answering paragraph 30, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits that plaintiff was hired by Providus and provided to Quinn Emanuel on a contract basis to review and analyze documents for a pending litigation, and that plaintiff was provided certain guidelines and materials for the document review and analysis project.  Quinn Emanuel further avers that plaintiff was expected to use his professional training, judgment, and discretion in reviewing and analyzing the documents for responsiveness and privilege, and that he was instructed to review and analyze documents for both content and context.

31.     Answering paragraph 31, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

32.     Answering paragraph 32, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

33.     Answering paragraph 33, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

34.     Answering paragraph 34, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

35.     Answering paragraph 35, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

36.     Answering paragraph 36, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits, upon information and belief, that Providus paid plaintiff an hourly wage.

37.     Answering paragraph 37, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits, upon information and belief, that plaintiff worked more than 40 hours for certain weeks on the document review and analysis project contracted by Quinn Emanuel.

38.     Answering paragraph 38, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits, upon information and belief, that Providus paid plaintiff an hourly wage for each of his hours worked.

39.     Answering paragraph 39, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF

40.     Answering paragraph 40, Quinn Emanuel re-alleges its response to Paragraphs 1-39 as if fully set forth in response.

41.     Answering paragraph 41, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits, upon information and belief, that plaintiff provided services for more than 40 hours for certain weeks on the document review and analysis project contracted by Quinn Emanuel.  Quinn Emanuel lacks sufficient information or belief to

enable it to answer the allegations of the paragraph regarding the number of hours worked by contract attorneys employed by Providus on document review projects for other law firms, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

42.     Answering paragraph 42, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits, upon information and belief, that Providus paid plaintiff an hourly wage for each of his hours worked.

43.     Answering paragraph 43, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

44.     Answering paragraph 44, Quinn Emanuel re-alleges its response to Paragraphs 1-43 as if fully set forth in response.

45.     Answering paragraph 45, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein, except admits, upon information and belief, that Providus paid plaintiff an hourly wage for each of his hours worked.

46.     Answering paragraph 46, Quinn Emanuel denies, generally and specifically, each and every allegation contained therein.

## PLAINTIFF'S PRAYER FOR RELIEF

47.     Responding to the Prayer for Relief, Quinn Emanuel denies, generally and specifically, that plaintiff or the purported Class are entitled to any remedy.

## AFFIRMATIVE DEFENSES

48.     Quinn Emanuel sets forth the following affirmative defenses.  In asserting these affirmative defenses, Quinn Emanuel is not assuming the burden to establish any fact or proposition where that burden is properly imposed on plaintiff.  Quinn Emanuel reserves the right to assert additional affirmative defenses based on facts that are revealed during discovery.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief Can Be Granted)

49.     The Amended Complaint, and each purported cause of action alleged therein, fails

to state facts sufficient to constitute any cause of action against Quinn Emanuel.


## SECOND AFFIRMATIVE DEFENSE

### (FLSA Statutory Exemption)

50.     Plaintiff's claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., is

barred because plaintiff was a licensed attorney engaged in the practice of law, and thus was

employed in a bona fide professional capacity pursuant to 29 U.S.C. §§ 213(a)(1), 541.304(a)(1).


## THIRD AFFIRMATIVE DEFENSE

### (NYLL Statutory Exemption)

51.     Plaintiff's claim under the New York Labor Law, 12 NYCRR § 142-2.2, is barred

because plaintiff was a licensed attorney engaged in the practice of law, and thus was employed

in a bona fide professional capacity pursuant to 12 NYCRR § 142-2.14(c)(4)(iii)(a).


## FOURTH AFFIRMATIVE DEFENSE

### (No Employment Relationship)

52.     Quinn Emanuel cannot be liable on any of plaintiff's claims because it was not

plaintiff's employer or "joint employer."

## FIFTH AFFIRMATIVE DEFENSE

### (Duty of Confidentiality)

53.     Plaintiff's claims are barred because his prosecution of these claims is inconsistent with his ethical duty of confidentiality to Quinn Emanuel's client pursuant to Rule 1.6 of the New York Rules of Professional Conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

54.     Plaintiff's claims are barred, in whole or in part, because plaintiff lacks standing to recover on behalf of the purported class.

## SEVENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

55.     The Amended Complaint, and the purported causes of action alleged therein, are barred by the equitable doctrines of estoppel, waiver, laches and/or unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

56.     Plaintiff and/or purported class or collective action members have failed to take reasonable, necessary, appropriate and feasible steps to mitigate their alleged damages, and to the extent of such failure to mitigate, plaintiff and/or purported class members should be barred from recovering some or all of the alleged damages they seek.

## NINTH AFFIRMATIVE DEFENSE

### (Class Action Inappropriate)

57.     With respect to each and every allegation of the Amended Complaint as they relate to the request for class certification, class certification is not appropriate because there is a lack of:

        (a)     numerosity;

        (b)     commonality or community of interest;

        (c)     typicality;

        (d)     an ascertainable class;

        (e)     adequate representation;

        (f)     appropriateness of relief to the putative class as a whole;

        (g)     predominance of common questions over questions affecting individual class members;

        (h)     substantial benefit to the litigants and the court; and

        (i)     superiority of a class action to other available methods for fair and efficient adjudication.

## TENTH AFFIRMATIVE DEFENSE

### (Collective Action Inappropriate)

58.     Plaintiff is not "similarly situated" to any other current or former employees of any defendant.

11

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Injury Or Damage)

59.     Quinn Emanuel denies that plaintiff and/or any purported class members have suffered any injury or damage whatsoever, and further denies it is liable to plaintiff and/or to any purported class member for any of the injury or damage claimed or for any injury or damage whatsoever.

## TWELFTH AFFIRMATIVE DEFENSE

### (Ratification)

60.     The alleged causes of action are barred, in whole or in part, because of ratification, agreement, assent, acquiescence or consent to Quinn Emanuel's alleged conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith And Reasonable Belief)

61.     If any failure to pay plaintiff overtime wages was unlawful, although such is not admitted, defendants had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Good Faith Compliance with Regulations)

62.     The failure to pay plaintiff overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor, and/or the Division of Labor Standards of the New York State Department of Labor.

12

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Infringement of Third Party Attorney Client Privilege And Work Product)

63.     Plaintiff's action is barred to the extent prosecution of his claims and those of the proposed class or collective action would infringe on the attorney client privilege and work product protections owed to Quinn Emanuel's client.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statutory Exemptions, Exclusions and Credits)

64.     The alleged causes of action are barred, in whole or in part, by exemptions, exclusions, and credits in the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 213, New York Labor Law, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

65.     Plaintiff and/or any purported class member are barred from asserting a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, to the extent the claim was not brought within the applicable two-year statute of limitations of 29 U.S.C. § 255(a) because Quinn Emanuel did not commit a willful violation of the Fair Labor Standards Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Willful Violation)

66.     Neither plaintiff nor any purported class member is entitled to liquidated damages or attorney's fees because Quinn Emanuel did not commit a willful violation of the Fair Labor Standards Act or the New York Labor Law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance)

67.     The alleged causes of action are barred, in whole or in part, because Quinn Emanuel has, to the extent required, substantially complied with any and all applicable statutes, regulations, and/or laws.

WHEREFORE, Quinn Emanuel prays for a judgment as follows:

1.      That plaintiff takes nothing by reason of the Amended Complaint;

2.      That judgment be entered in favor of Quinn Emanuel and against plaintiff;

3.      That the Amended Complaint be dismissed with prejudice;

4.      That Quinn Emanuel be awarded its costs of suit, including reasonable attorneys' fees; and

5.      For such other relief as this Court deems just and proper.

DATED: New York, New York            Respectfully submitted,
        January 16, 2014

                                    QUINN EMANUEL URQUHART &
                                    SULLIVAN, LLP


By *_/s/ Peter E.Calamari_*
    Peter E. Calamari
    (petercalamari@quinnemanuel.com)
    Marc Greenwald
    (marcgreenwald@quinnemanuel.com)
    Elinor Sutton
    (elinorsutton@quinnemanuel.com)
    Shon Morgan, *pro hac vice*
    (shonmorgan@quinnemanuel.com)
    Scott Commerson, *pro hac vice*
    (scottcommerson@quinnemanuel.com)
    51 Madison Avenue, 22nd Floor
    New York, New York 10010
    (212) 849-7000
    *Attorneys for Defendant Quinn Emanuel*
    *Urquhart & Sullivan, LLP*

15

## <u>CERTIFICATE OF SERVICE</u>

This certifies that on the January 16, 2014 a copy of the foregoing was sent to all counsel of record herein, by this Court's CM/ECF electronic notice system.

*/s/ Scott Commerson*