# Exhibit 1

**Interrogatories and Responses in Issue**

**Interrogatory No. 1**

Identify all Quinn employees who interviewed or met with individuals seeking to work on the Project.

**Response No. 1**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Interrogatory on the grounds that the phrase "seeking to work on" is vague and ambiguous.  Quinn Emanuel further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, in particular because it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Quinn Emanuel document review project contracted through defendant Providus New York, LLC (the "Document Review Project").

**Interrogatory No. 3**

Identify all Quinn employees who supervised individuals who worked on the Project.

**Response No. 3**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Interrogatory on the grounds that the word "supervise" is vague and ambiguous.  Quinn Emanuel further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, in particular because it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

Subject to and without waiving the foregoing objections, Quinn Emanuel identifies the following Quinn Emanuel employees who supervised plaintiff in connection with plaintiff's participation in the Document Review Project: Andrew Barnes, Andrew Kutscher and Todd Riegler.  In addition, other attorneys performing second-level document review on the Document Review Project may have supervised the first-level document review services provided by plaintiff.

**Interrogatory No. 4**

Identify all Quinn employees who communicated with the Project's client concerning the decision to use contract attorneys to conduct document review.

**Response No. 4**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Interrogatory on the grounds that the phrase "the decision to use contract attorneys" is vague and ambiguous.  Quinn Emanuel further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, in particular because it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Interrogatory No. 9**

Identify everyone who participated in deciding to pay Henig and others in the same position for their overtime hours at their regular rate of pay.

**Response No. 9**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Interrogatory on the grounds that the phrase "participated in deciding to" is vague and ambiguous.  Quinn Emanuel further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, in particular because it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.