# Exhibit 2

**Document Requests and Responses in Issue**

**Request for Production No. 6**

      All documents given by DTI to Quinn relating to the Project.

**Response No. 6**

      Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 11**

      All documents relating to communications between Quinn and DTI concerning the Project.

**Response No. 11**

      Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 16**

      All documents relating to the reason Quinn or Quinn's clients used attorneys to perform document review for the Project.

**Response No. 16**

      Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

      Subject to and without waiving the foregoing objections, Quinn Emanuel responds to this Request as follows: Quinn Emanuel will produce documents sufficient to show that Quinn Emanuel's client required attorneys to perform document review for the Document Review Project.

**Request for Production No. 17**

All documents relating to Quinn's or Quinn's clients' decision to use DTI to procure contract attorneys for the Project.

**Response No. 17**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 20**

All documents relating to negotiations between DTI and Quinn regarding payment for the Project.

**Response No. 20**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 21**

All documents relating to Quinn's billing to its client(s) for Henig's work on the Project, including but not limited to bills/invoices for legal services rendered.

**Response No. 21**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

Subject to and without waiving the foregoing objections, Quinn Emanuel responds to this Request as follows: Quinn Emanuel will produce documents sufficient to show Quinn Emanuel's billing to Quinn Emanuel's client for the work performed by plaintiff in connection with the Document Review Project.

**Request for Production No. 22**

All documents relating to Quinn's decision regarding what to pay DTI for individuals working on the Project.

**Response No. 22**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 23**

All documents relating to Quinn's decision regarding what to charge its client(s) for Henig's work on the Project.

**Response No. 23**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 27**

All documents concerning the decision to use contract attorneys to work as document reviewers on the Project rather than Quinn's directly employed associates, staff attorneys, paralegals, or other employees.

**Response No. 27**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 28**

All documents relating to the relationship between Quinn and DTI with respect to the Project, including but not limited to contracts.

**Response No. 28**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 29**

All documents relating to whether anyone other than licensed attorneys worked or was considered for working on the Project.

**Response No. 29**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that the phrase "was considered for working" is vague and ambiguous. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 30**

If anyone other than a licensed attorney worked on the Project, all documents relating to the work he/she/they performed.

**Response No. 30**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 31**

All documents relating to the jurisdiction(s) in which attorneys working on the Project were required to be admitted.

**Response No. 31**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein. Quinn Emanuel further objects to this Request on the grounds that the term "jurisdiction(s)" and the phrase "required to be admitted" are vague and ambiguous. Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly

burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 35**

All documents concerning quality control of the Project's first level review.

**Response No. 35**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that the phrases "quality control" and "first level review" are vague and ambiguous.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 37**

All documents concerning review conducted by Quinn of the Project's first level review.

**Response No. 37**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that the phrase "first level review" is vague and ambiguous.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 38**

All communications between Quinn and DTI concerning the quality of the first level review performed on the Project.

**Response No. 38**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that the phrase "first level review" is vague and ambiguous.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 40**

All documents concerning review conducted of the documents reviewed by Henig either prior to or subsequent to Henig's review of the documents.

**Response No. 40**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that the phrase "review conducted of" is vague and ambiguous.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 41**

All documents and communications relating to the decision of whether or not to pay overtime to individuals working on the Project.

**Response No. 41**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 47**

For each individual identified in response to Plaintiff's First Set of Interrogatories, documents sufficient to show their (1) position; (2) dates of employment; and (3) role and responsibilities with respect to the Project.

**Response No. 47**

Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.

**Request for Production No. 50**

All documents not previously requested that relate to the applicability of the professional exemption to Henig under the FLSA and/or New York law.

**Response No. 50**

  Quinn Emanuel incorporates by reference its General Objection as though fully set forth herein.  Quinn Emanuel further objects to this Request on the grounds that it is overbroad and unduly burdensome, in particular to the extent it exceeds the scope of the Court's order dated December 11, 2013, which limited discovery to the question of whether plaintiff practiced law while participating in the Document Review Project.  Quinn Emanuel further objects to this Request on the grounds that it calls for a legal conclusion.