# Exhibit 3

```
                                                          1
        Dcbghenc
1       UNITED STATES DISTRICT COURT
1       SOUTHERN DISTRICT OF NEW YORK
2       ------------------------------x
2
3       WILLIAM HENIG,
3
4                    Plaintiff,
4
5              v.                        13 CV 1432(RA)
5
6       QUINN EMANUEL URQUHART &
6       SULLIVAN, LLP,  ET AL.
7
7                    Defendants.
8
8       ------------------------------x
9                                       New York, N.Y.
9                                       December 11, 2013
10                                      11:30 a.m.
10
11      Before:
11
12                      HON. RONNIE ABRAMS,
12
13                                      District Judge
13
14                          APPEARANCES
14
15      JOSEPH & KIRSCHENBAUM, LLP
15           Attorneys for Plaintiff William Henig
16      D. MAIMON KIRSCHENBAUM
16      DENISE SCHULMAN
17
17      QUINN EMANUEL URQUHART & SULLIVAN
18           Attorneys for Defendant Quinn Emanuel
18      MARC GREENWALD
19      ELINOR SUTTON
19
20      BRYAN CAVE
20           Attorney for Defendant DTI
21      ZACHARY HUMMEL
21
22
23
24
25
                     SOUTHERN DISTRICT REPORTERS, P.C.
                            (212) 805-0300
```

7

Dcbghenc

1      The answer, the Committee explained, "generally
2  depends on whether the person is being held out, and billed
3  out, as a lawyer or as a paralegal."  (Id.)  A contract
4  attorney hired and billed as a lawyer "is generally engaged in
5  the practice of law," opinion noted, "and is certainly being
6  held out as authorized or competent to practice law."  (Id.)
7      It may be the case that the "practice of law" for
8  purposes of the FLSA, encompasses a broader range of activities
9  than does the same phrase when used in determining whether an
10  individual has engaged in the unauthorized practice of law.
11  These authorities are nonetheless instructive in determining
12  what constitutes the practice of law.
13      From them, the Court distills several factors that
14  bear on the definition, whether the individual at issue renders
15  legal advice to a particular client, see Rowe, 80 N.Y.2d at
16  342; whether he holds himself out as an attorney, see the
17  Request for Judicial Notice, exhibit two at page five, which is
18  Opinion 1605; and whether his duties require him to draw on
19  legal knowledge and judgment, see, e.g., Sussman, 746 N.Y.S.2d
20  at 552.
21      Although at a later stage of the case, defendants may
22  well be able to establish that Henig's participation in the
23  document review "involve[d] the rendering of legal advice and
24  opinions directed to particular clients," that is not "clear
25  from the face of the complaint."  See Staehr, 547 F.3d, 425.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

8

Dcbghenc

1        The complaint alleges that plaintiff's "entire
2   responsibility while working for defendants consisted of
3   looking at documents to see what search terms, if any, appeared
4   in the documents and marking those documents into the
5   categories predetermined by defendants."  [Amended Complaint
6   paragraph 33], a task he argues involved neither the rendering
7   of advice nor of opinions.
8        Indisputably, because Henig was assigned to a
9   particular project, his work related to a particular client.
10  And document review is a function commonly performed by lawyers
11  in the course of their representation of clients.  Indeed, as
12  defendants point out, courts routinely award attorneys' fees
13  for time attorneys "spend reviewing documents, see, e.g., Moreno
14  v. City of Sacramento, 534 F.3d 1106, 1114, (9th Cir. 2008),
15  and the consequences of incorrectly disclosing or withholding
16  documents can be severe.  Although defendants may ultimately
17  succeed in proving that plaintiff acted as a lawyer as part of
18  a team of lawyers that rendered advice and opinions to that
19  client, as many junior lawyers and contract attorneys do, that
20  cannot be determined at this time as a matter of law.
21       As to whether Henig held himself out as an attorney,
22  it is true that the amended complaint alleges that plaintiff is
23  an attorney, that "defendants employed attorneys for document
24  review projects on a temporary short-term basis" and that Henig
25  worked for defendants "in this capacity."  But these

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

9

Dcbghenc

1  allegations leave unanswered a number of determinative
2  questions.  Did Quinn Emanuel specifically request attorneys
3  for the project, and did the firm communicate in some manner to
4  its clients that attorneys, as opposed to paralegals, would be
5  performing this task?  One imagines so but the amended
6  complaint does not say.  Was Henig held out, and billed out, as
7  an attorney?  Presumably, but one cannot be sure.  Did
8  defendants require him to be a member of the New York or other
9  Bar to participate in the project?  Most likely, but nowhere
10 does the amended complaint make "unequivocally" clear the
11 answer to this and the other questions.
12        Defendants argue that they "hire contract attorneys to
13 perform work that licensed attorneys do" because they count on
14 their judgment, their skill, and the fact that they're bound by
15 the ethical rules.  That may well be, and may ultimately help
16 lead the Court to conclude that Henig was indeed practicing
17 law, but the Court cannot resolve these questions by resort to
18 "common sense" or "judicial experience" as defendants urge.
19        Similarly, the Court cannot conclude at this stage
20 that Henig did or was expected to draw on his legal knowledge,
21 judgment or training to perform his responsibilities.  Indeed,
22 the amended complaint alleges just the opposite.  Paragraph 34
23 of the amended complaint states that "plaintiff was not
24 required to, in fact, could not utilize any legal knowledge
25 and/or judgment in performing his job duties for defendants."