# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

---

Charles Joseph
D. Maimon Kirschenbaum
Douglas Weiner
Matthew D. Kadushin
Denise A. Schulman

Of Counsel:
Diane Hester
Michael DiChiara*
*Also admitted in NJ & MA

The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com

May 21, 2014

**VIA ECF**

Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:    Henig v. Quinn Emanuel Urquhart & Sullivan, LLP
               No. 13 Civ. 1432

Dear Judge Abrams:

      We represent the Plaintiff in the above-referenced matter. We write in opposition to Defendants' letters[1] dated May 16, 2014 appealing Magistrate Judge Fox's ruling on certain discovery disputes. The central issue in these disputes is whether the discovery Plaintiff seeks is within the scope of discovery, *i.e.*, whether it relates to the question of Plaintiff engaged in the practice of law. Magistrate Judge Fox, recognizing that Plaintiff did not operate in a vacuum, correctly found that certain documents and information relating to individuals other than Plaintiff are relevant to understanding Plaintiff's position and determining whether he engaged in the practice of law. Accordingly, Magistrate Judge Fox's ruling should not be reversed.

      Glaringly absent from Defendants' submissions to the Court is any reference to the standard by which their appeal must be decided or explication of Magistrate Judge Fox's well-reasoned decision. Defendants bear a high burden in seeking to reverse Magistrate Judge Fox's ruling, and this appeal is not an opportunity for them to get a "second bite at the apple" by rearguing their position from scratch and completely ignoring Magistrate Judge Fox's decision. "A magistrate judge is permitted to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a judge absent a determination that such findings were 'clearly erroneous or contrary to law.' *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)." *Moore v. Publicis Groupe SA*, No. 11 Civ. 1279, 2012 U.S. Dist. LEXIS 19857, at *3 (S.D.N.Y. Feb. 14, 2012). "In resolving discovery disputes, 'magistrate judges are afforded

---

[1] Plaintiff notes that while he conferred with Quinn Emanuel about the issues in its appeal (and in fact reached agreement about certain parts of Magistrate Judge Fox's ruling) prior to May 16, 2014, DTI never conferred with Plaintiff about its appeal.

1

broad discretion and reversal is only appropriate if there is an abuse of discretion.'" *Tiffany (NJ) LLC v. Andrew*, No. 10 Civ. 9471, 2011 U.S. Dist. LEXIS 158033, at *1 (S.D.N.Y. Nov. 14, 2011).

Magistrate Judge Fox's discovery ruling was not clearly erroneous, contrary to law, or an abuse of discretion, and therefore it should not be reversed. When the Court denied Defendants' motions to dismiss, it limited discovery to the issue of whether Plaintiff engaged in the practice of law and set forth several pertinent factors: "whether the individual at issue renders legal advice to a particular client; whether he holds himself out as an attorney; and whether his duties require him to draw on legal knowledge and judgment. (Dec. 11, 2013 Hearing Tr. 7:14-19 (internal citations omitted).) Applying these factors, Magistrate Judge Fox properly found that Plaintiff's discovery requests seek documents and information relevant to determining whether he engaged in the practice of law and are therefore within the current scope of discovery.

## I.   Quinn Emanuel's objections[2]

Quinn Emanuel's argument in this appeal amounts to the following: they maintain that the document they *have* produced show that Plaintiff engaged in the practice of law, and therefore Plaintiff is not entitled to additional documents. However, discovery is not limited to the documents and information that Quinn Emanuel believes support its position (Plaintiff of course disputes that the documents produce today establish that he engaged in the practice of law). Rather, it includes *all* documents and information that relate to whether Plaintiff engaged in the practice of law.

Quinn Emanuel objects generally to producing documents relating to individuals other than Plaintiff. However, as Magistrate Judge Fox recognized, the context of Plaintiff's work is crucial to understanding whether he engaged in the practice of law. (*See* May 8, 2014 Hearing Tr. 16:14-20 (attached as Ex. A to Quinn Emanuel's May 16, 2014 letter).) For example, if non-attorneys held the same position as Plaintiff or, as appears to be the case, supervisory positions, that suggests that Plaintiff's position did not require an attorney. The ability of a non-attorney to dispense the same "advice" as Plaintiff certainly has bearing on whether the "advice" provided was legal in nature, a factor the Court stated is relevant to whether Plaintiff is engaged in the practice of law. Similarly, if individuals in Plaintiff's position lacked a substantive background in the area of law at issue in the project's underlying litigation, that would also suggest that individuals in Plaintiff's position were not providing legal advice. Information about other applicants for the document review project, including their qualifications and backgrounds, are therefore highly relevant to the current scope of discovery.

Similarly, information about the interviewers is relevant, as they were part of deciding who to hire and evaluating qualifications. Communications regarding the staffing of the project are highly relevant – these communications will reveal, *inter alia*, what qualifications Quinn sought from workers on the project and the nature of the work Plaintiff was hired to do. Thus, they bear on whether his work required the application of legal knowledge and judgment and whether he gave legal advice, factors which the Court has found relevant to the question of

---

[2] Plaintiff's letter (and attachments thereto) to Magistrate Judge Fox regarding the discovery disputes with Quinn Emanuel is attached hereto as Exhibit 1. Quinn Emanuel's responsive letter is attached hereto as Exhibit 2.

whether Plaintiff engaged in the practice of law. This information is critical to understanding Plaintiff's role in the project and determining whether he engaged in the practice of law. Finally, the decision to use DTI (formerly Providus) to staff the project will likely bear on whether Plaintiff was held out as an attorney, and the decision to use DTI rather than another company may reflect the kind of work the project entailed and why DTI was well-suited to perform it.

## II. DTI's objections[3]

To the extent that DTI objects to certain discovery about applicants and employees on the project other than Plaintiff, their objections should be overruled for the reasons discussed *supra* Section I.

DTI's other objections center around communications with Quinn Emanuel about the project and identifying individuals with knowledge of such communications and/or hiring for the project. DTI does not articulate any argument for why this discovery is not relevant. In fact, this discovery is highly relevant to whether Plaintiff engaged in the practice of law. Communications between DTI and Quinn will reflect the duties, training, and supervision applicable to Plaintiff's position, all of which relates to whether his work required the application of legal knowledge and judgment and whether he provided legal advice. Similarly, individuals with knowledge of such communications and/or knowledge of hiring matters are potential witnesses with relevant information.

For the foregoing reasons, Magistrate Judge Fox's ruling was not clearly erroneous, contrary to law, or an abuse of discretion. Accordingly, Defendants' appeals should be denied. We thank the Court for its attention to this matter.

Respectfully submitted,

Denise A. Schulman

cc: Marc Greenwald, Esq.
    Zachary Hummel, Esq.

---

[3] Plaintiff's letter (and attachments thereto) to Magistrate Judge Fox regarding the discovery disputes with DTI is attached hereto as Exhibit 3. DTI's responsive letter is attached hereto as Exhibit 4.