# Exhibit 2

# quinn emanuel trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7140**

WRITER'S INTERNET ADDRESS
**marcgreenwald@quinnemanuel.com**

May 5, 2014

<u>VIA ECF</u>

Honorable Kevin Nathaniel Fox
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <u>Henig v. Quinn Emanuel Urquhart & Sullivan, LLP</u>, *et al*
No. 13 Civ. 1432 (RA) (KNF)

Dear Judge Fox:

  We write respectfully to respond to Mr. Henig's April 29 letter regarding discovery. Judge Abrams has limited discovery during the current stage of the litigation to the issue of whether Plaintiff was practicing law while performing document review for the six weeks he was a contract attorney on behalf of Quinn Emanuel and its client.

  Quinn Emanuel has produced over 200,000 pages of documents, including: (i) every document reviewed by Plaintiff; (ii) every document coding decision and privilege call made by Plaintiff; (iii) all training materials and instructions provided to Plaintiff regarding the document review project; (iii) all documents located through a reasonable search that reflect Quinn Emanuel's supervision of Plaintiff; (iv) bills from Quinn Emanuel to its client for the document review performed by Plaintiff; (v) bills from Defendant Providus to Quinn Emanuel for the document review performed by Plaintiff; (vi) communications in which Quinn Emanuel's client authorized the hiring of contract attorneys for the document review project; (vii) documents that state the requirements for Plaintiff's position, including a communication in which Providus informed Plaintiff that a "Parameter" of his position was that Plaintiff had to be an active member of a state bar; and (viii) all documents that reference Plaintiff. Mr. Henig's own letter concedes that Quinn Emanuel's production is "voluminous."

  These documents unequivocally demonstrate that Plaintiff practiced law on behalf of Quinn Emanuel and its client. Plaintiff was provided training and instruction on complex

**quinn emanuel urquhart & sullivan, llp**
LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG

May 5, 2014

subjects related to the origination, purchase and securitization of mortgage loans. Plaintiff then applied this training to determine whether documents in the custody of Quinn Emanuel's client were: (i) responsive to discovery requests propounded by adverse parties in pending litigation; and (ii) subject to the attorney-client privilege or work product doctrine. Plaintiff thus performed the type of legal work done by attorneys in every case that proceeds through discovery, and which is routinely recognized by courts and practitioners as the practice of law.

Unsatisfied with what the relevant documents show, Plaintiff now seeks additional documents that plainly fall outside the scope of Judge Abrams' order. Plaintiff's current fishing expedition would improperly multiply Quinn Emanuel's costs and undermine Judge Abrams' limitation of discovery to the sole issue of whether Plaintiff practiced law.[1]

**Interrogatory Nos. 1, 3; Request for Production No. 47:** Plaintiff incorrectly states that Quinn Emanuel refuses to identify the employee who interviewed Plaintiff. In response to a March 28 letter from Plaintiff, Quinn Emanuel informed Plaintiff that it had identified in its initial disclosures and interrogatory responses the individuals who interviewed, trained and supervised Plaintiff. However, the identities of individuals who conducted interviews for positions *other* than Plaintiff's are outside the current scope of discovery, which is limited to whether *Plaintiff* practiced law. Plaintiff has provided no reason why the identity of Plaintiff's interviewer is insufficient for purposes of the current stage of limited discovery.

Plaintiff also seeks documents that show the position, dates of employment, and role and responsibilities of each individual who interviewed and supervised Plaintiff. This information, however, has no bearing on whether Plaintiff practiced law. Quinn Emanuel has already produced Plaintiff's entire body of work, including each document Plaintiff reviewed, each document coding decision Plaintiff made, and all of the training materials and instructions provided to Plaintiff. The date of employment and work responsibilities of Plaintiff's interviewer and supervisors provide no added insight into whether Plaintiff practiced law, and are thus irrelevant during the current stage of discovery.

Plaintiff states that Quinn Emanuel "inexplicably refuses" to identify the second-level reviewers who supervised Plaintiff. This is simply untrue. Contrary to Plaintiff's representation, the parties have not conferred with respect to Interrogatory No. 3. In response to Interrogatory No. 3, Quinn Emanuel identified the employees known to have supervised Plaintiff.[2] In addition,

---

[1] Plaintiff inexplicably accuses Quinn Emanuel of "stonewalling" but does not cite any delay. Quinn Emanuel has been responsive and timely to each of Plaintiff's requests. Any delay has been Plaintiff's.

[2] Quinn Emanuel has amended its response to Interrogatory No. 3 to add an individual who was inadvertently omitted in Quinn Emanuel's original response.

2

May 5, 2014

Quinn Emanuel stated that other attorneys performing second-level document review may have supervised Plaintiff. After conducting a reasonable search, Quinn Emanuel is unable at this time to ascertain the identities of the other attorneys performing second-level document review who supervised Plaintiff.

**Interrogatory Nos. 4, 6; Request for Production Nos. 16, 27:** Quinn Emanuel has produced documents relating to the qualifications Quinn Emanuel and its client required of Mr. Henig.

Plaintiff now seeks "documents concerning why attorneys rather than non-attorneys were used on the Project." But, non-attorneys were not considered for the document review performed by Plaintiff because the Project was a document review for a Federal Court litigation. For this reason, after conducting a reasonable search, Quinn Emanuel has located no such documents.

Plaintiff's request for the identities of the individuals involved in the decision to use contract attorneys rather than Quinn Emanuel associates clearly falls outside the scope of the Judge Abrams' order. The decision to reduce costs by hiring contract attorneys has no bearing on whether Plaintiff practiced law during the six weeks he reviewed documents.

**Request for Production Nos. 20, 23:** Quinn Emanuel has produced bills from Quinn Emanuel to its client that reflect every billing entry related to the document review performed by Plaintiff. The bills show the number of hours worked by Plaintiff, the rate at which he was billed to the client, and the total amount billed for Plaintiff's work. The rate at which Plaintiff's work was billed is relevant only for the purpose of comparison to the prevailing market rate for contract attorneys in Plaintiff's field as opposed to non-attorneys. As such, communications relating to the rate (as opposed to the rate itself) have no probative value to the question of whether Plaintiff practice law, and are thus outside the current scope of discovery.

**Interrogatory No. 9; Request for Production Nos. 22, 41:** To the extent that Plaintiff seeks communications related to a decision regarding overtime pay that is predicated on whether or not contract attorneys engage in the practice of law, Quinn Emanuel has located no such documents after a reasonable search. To the extent that Plaintiff seeks communications related to a decision regarding overtime pay that is based entirely on reasons unrelated to whether or not contract attorneys engage in the practice of law, Plaintiff's request falls outside the current scope of discovery. Similarly, Plaintiff's request for information concerning the rate of pay of individuals *other* than Plaintiff is also irrelevant to the question of whether *Plaintiff* practiced law.

**Request for Production Nos. 6, 11, 28:** Documents "relating to the relationship between Quinn and Defendant Document Technologies, LLC" have no bearing on whether Plaintiff practiced law. Plaintiff speculates that these documents might show "the nature of

3

May 5, 2014

Plaintiff's work, the type of supervision he was subject to, and job requirements." However, there is no need for such speculation, as Quinn Emanuel has already produced Plaintiff's entire body of work on the document review project, all training materials and instructions provided to Plaintiff, and all documents located through a reasonable search that reflect Quinn Emanuel's supervision of Plaintiff. Plaintiff thus improperly seeks to require Quinn Emanuel to search for and produce documents that, even if they exist, are wholly duplicative of and less probative than documents already produced.

Plaintiff also claims an entitlement to documents regarding individuals other than Plaintiff because they may enable an "understanding [of] Plaintiff's position and Quinn's expectations and requirements for that position." However, as stated above, Quinn Emanuel has already produced the entirety of the *actual* work performed by Plaintiff, as well as the training materials and instructions provided by Quinn Emanuel to Plaintiff. Plaintiff's demand for additional documents from which he could attempt to piece together information that has already been produced would serve no purpose other than to multiply Quinn Emanuel's discovery costs, and should accordingly be denied.

**Request for Production No. 17:** Quinn Emanuel's decision to use Providus, as opposed to another company, has no bearing on whether Plaintiff practiced law. There is simply no logical relationship between Quinn Emanuel's selection of Providus and "whether Plaintiff was held out as an attorney and whether Quinn's client was aware that attorneys were performing document review on the Project." Moreover, Quinn Emanuel *has already produced* communications with its client in which Quinn Emanuel proposes, and the client approves, the use of contract attorneys for the document review project.

Plaintiff also seeks documents regarding Quinn Emanuel's decision to use Providus because they purportedly may "reflect the nature of the work Plaintiff was hired to do." However, as stated above, Quinn Emanuel has produced every document that Plaintiff *actually* worked on, as well as all of the training materials and instructions provided to Plaintiff. Plaintiff's request is thus, once again, wholly duplicative of and less probative than documents already produced.

Plaintiff further contends that if Quinn Emanuel selected Providus based on cost rather than quality, this would somehow relate to whether or not Plaintiff practiced law. This is plainly wrong. Just as a client's cost considerations in selecting an attorney do not determine whether the attorney is practicing law, Quinn Emanuel's motivation in selecting Providus does not alter the nature of Plaintiff's work.

**Request for Production Nos. 25, 26:** Quinn Emanuel has produced a communication in which Providus informs Plaintiff that a "Parameter" of his position was that Plaintiff had to be an active member of a state bar. To the extent that Plaintiff seeks communications between Quinn Emanuel and Providus related to whether attorneys, as opposed to non-attorneys, were needed

4

May 5, 2014

for the document review performed by Plaintiff, Quinn Emanuel has located no such documents after a reasonable search. As stated above, documents related to the work performed by individuals *other* than plaintiff exceed the current scope of discovery. To the extent Plaintiff seeks to "understand[ ] Plaintiff's role" in the document review project, Quinn Emanuel has already produced every document Plaintiff worked on, as well as all of the training materials and instructions provided to Plaintiff.

**Request for Production Nos. 29, 30:** Plaintiff seeks documents related to individuals other than Plaintiff based on the mistaken premise that if legal work is capable of being performed by an unlicensed individual, that work when performed by a licensed attorney does not constitute the practice of law. That is clearly wrong, as many areas of the practice of law—such as legal research, brief writing and document review—can be performed by law students or unlicensed law graduates. Yet when performed by a licensed attorney on behalf of a client, such legal work nevertheless constitutes the practice of law. Thus, whether Plaintiff practiced law depends on the nature of the work performed by Plaintiff (a licensed attorney), and is not contingent upon whether the same work could have been performed by an unlicensed individual.

**Request for Production No. 31:** Quinn Emanuel has produced documents which show the requirements for Plaintiff's position, including a document in which Providus informs Plaintiff that a "Parameter" of his position was that Plaintiff had to be an active member of a state bar.

**Request for Production Nos. 35, 37, 38, 40:** Quinn Emanuel has produced all documents located through a reasonable search that reflect Quinn Emanuel's supervision of Plaintiff, and has also identified the individuals who supervised Plaintiff. However, the extent to which "Plaintiff's work was subject to review by others" has no logical bearing on whether "he exercised legal judgment and provided legal advice." Similarly, the "qualifications/licensure" of Plaintiff's supervisors is not relevant to the question of whether Plaintiff practiced law, and such information does not fall within the scope of Request for Production Nos. 35, 37, 38 or 40.

**Request for Production No. 50:** Plaintiff's other requests seek all documents related to whether Plaintiff practiced law. *See*, *e.g.*, Request for Production No. 15 ("All documents relating to Henig's exercise of legal knowledge, training, and/or judgment as part of his work on the Project.") Thus, to the extent Request for Production No. 50 calls for "[a]ll documents not previously requested," it is necessarily overbroad in relation to the question of whether Plaintiff practiced law, and thus falls outside the scope of the current stage of discovery.

**Billing Records:** Consistent with the Court's limitation of discovery to the question of whether Plaintiff practiced law, billing entries for individuals other than Plaintiff were redacted. The only relevant inquiry with respect to the rate at which Plaintiff was billed is whether it was commensurate with the prevailing market rate for contract attorneys in Plaintiff's field, and not how it compared with the rates at which Quinn Emanuel associates were billed—particularly

5

May 5, 2014

given that the express reason for the hiring of contract attorneys, including Plaintiff, was their lower rate compared to those of Quinn Emanuel associates.

**Retainer Agreement**: Plaintiff contends that the retainer agreement between Quinn Emanuel and its client should be produced because it will show "what the client would be charged" for Plaintiff's work. However, Quinn Emanuel has already produced the actual bills to its client that show exactly how much the client was charged for Plaintiff's work. Moreover, the retainer agreement does not state "what the client would be charged" for Plaintiff's work. As such, because the retainer agreement falls outside the scope of the current phase of discovery, and also contains highly confidential third party information, Plaintiff's demand for its production is improper.

**Conclusion**: For the reasons set forth above, Quinn Emanuel respectfully requests that the Court deny Mr. Henig's application for additional discovery.

Respectfully,

*/s/ Marc L. Greenwald*

Marc L. Greenwald

cc: Zachary A. Hummel, Esq. (via ECF)
    Maimon Kirschenbaum, Esq. (via ECF)