# Exhibit 3

# JOSEPH & KIRSCHENBAUM LLP
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Douglas Weiner
Matthew D. Kadushin
Denise A. Schulman

Of Counsel:
Diane Hester
Michael DiChiara*
*Also admitted in NJ & MA

The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
Phone (212) 688-5640
Fax (212) 688-2548
www.jhllp.com

April 30, 2014

**VIA ECF**

Honorable Kevin N. Fox
United States District Court
Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    Henig v. Quinn Emanuel Urquhart & Sullivan, LLP
                No. 13 Civ. 1432

Dear Judge Fox:

      We represent the Plaintiff in the above-captioned action. We write pursuant to the Court's Individual Practices and Local Civil Rule 37.2 to request an informal conference regarding outstanding discovery disputes relating to Defendant Document Technologies, LLC's ("DTI") responses to Plaintiff's discovery requests.[1] The parties have conferred about the disputes described below.

      In this wage and hour action, Plaintiff, a former contract attorney who was placed by DTI to work on a document review project (the "Project") for Quinn Emanuel Urquhart & Sullivan, LLP "Quinn") alleges that Defendants violated that Fair Labor Standards Act ("FLSA") and New York law by failing to pay him an overtime premium for overtime hours worked. As Plaintiff's eligibility for overtime under the FLSA hinges on whether or not he was engaged in the practice of law, 29 C.F.R. § 541.304, Judge Abrams has ordered limited discovery relating to whether Plaintiff was engaged in the practice of law.

---

[1] Attached as Exhibit 1 are Plaintiff's interrogatories and DTI's responses discussed herein. Attached as Exhibit 2 are Plaintiff's requests for production and DTI's responses discussed herein.

1

I.      **Excessive Redactions**

In response to Plaintiff's discovery requests, DTI has produced responsive e-mail chains concerning, *inter alia*, Plaintiff's hiring process, the hiring process for the Project more generally, communications with Plaintiff, and Plaintiff's hours and compensation. However, DTI has redacted these e-mails to the point of making them incomprehensible. Specifically, DTI has redacted from these e-mails all names and identifying information other than Plaintiff's. The senders and recipients – other than Plaintiff – of all of the e-mails are redacted. All references within the e-mails to someone other than Plaintiff are redacted. For example, Plaintiff sent someone an e-mail and began that e-mail by saying, "Hi, [NAME]." DTI redacted the name that Plaintiff himself wrote. An e-mail with the subject line "Current Fannie Team" presumably contains the names of first-level reviewers on the Project. DTI redacted all names except for Plaintiff's. E-mails that attached resumes of candidates for the Project and people selected to work on the Project have been redacted almost entirely, except for Plaintiff's name and resume. One such e-mail bears the subject line, "FHFA Candidates – Group 7," yet DTI has not produced similar e-mails (even in redacted form) for groups 1-6 or 8 or higher. DTI itself described the nature of the redacted materials as follows: "the identities of parties involved in the hiring of Plaintiff, the identities of persons who interviewed for the position for which plaintiff was hired, the salaries of persons who were paid during the same pay periods as Plaintiff, the resumes of those who interviewed for the position for which Plaintiff was hired, the identity of persons to whom Plaintiff communicated regarding personal issues regarding his work site, and the identities of those internally involved in gathering documents for the Production."

DTI maintains that it made the redactions because the redacted information is irrelevant to the question of whether Plaintiff engaged in the practice of law. In addition to being factually absurd, this is not a proper basis for redacting a document. "It is not the practice of this court to permit parties to selectively excise from otherwise discoverable documents those portions that they deem not to be relevant. To do so would require a finding of 'good cause' based on a need 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' Fed. R. Civ. P. 26(c)." *Howell v. City of New York*, No. CV-06-6347, 2007 U.S. Dist. LEXIS 71063, at *7 (E.D.N.Y. Sept. 25, 2007); *see also, e.g., Bartholomew v. Avalon Capital Group, Inc.*, 278 F.R.D. 441, 451 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request. It is a rare document that contains only relevant information. And irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information."); *Evon v. Law Offices of Sidney Mickell*, No. S-09-0760, 2010 U.S. Dist. LEXIS 20666, at *5 n.1 (E.D. Cal. Feb. 3, 2010) ("The Federal Rules sanction only very limited unilateral redaction, *see* Fed. R. Civ. P. 5.2. Outside of these limited circumstances, a party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case.").

In any event, the redacted information is highly relevant to whether Plaintiff was engaged in the practice of law. The people involved in hiring Plaintiff have relevant knowledge about the requirements of and qualifications for Plaintiff's position, as well as the position's job duties. The identities and resumes of other people who interviewed for the position for which Plaintiff was hired are potential witnesses. Their qualifications are relevant to determining whether

2

Plaintiff's position was one that required an attorney. The people with whom Plaintiff communicated regarding his work are presumably supervisors who have relevant information about the nature of Plaintiff's work. Finally, DTI has clearly determined that e-mails regarding gathering documents for production are relevant and responsive. As such, the individuals involved in that process are witnesses with relevant information, and their identities should not be redacted.

## II. Specific Requests

**Interrogatories Nos. 4, 6**

These interrogatories seek the identities of people with knowledge of the document review protocols and procedures applicable to Project. DTI asserts that these interrogatories do not relate to whether Plaintiff engaged in the practice of law and has refused to provide responses. DTI's position is wrong. The review protocols and procedures bear directly on Plaintiff's job duties, the need for legal knowledge and/or training in carrying out those duties, and the level of supervision and review to which Plaintiff was subject. As such, these interrogatories seek the identities of witnesses with information relevant to determining whether Plaintiff was engaged in the practice of law.

**Interrogatory No. 5**

This interrogatory seeks the identities of people with knowledge concerning communications with Quinn regarding the Project and the hiring of contract attorneys. Again, DTI refuses to respond to this interrogatory, maintaining that it is outside the scope of discovery. In fact, these individuals are likely to have knowledge of the protocols and procedures of the Project, the job requirements and qualifications for Plaintiff's position, Plaintiff's job duties, and whether Plaintiff (and other contract attorneys) were held out as attorneys. Therefore, this interrogatory is within the scope of discovery.

**Interrogatory No. 7**

This interrogatory seeks information relating to the decision to pay Plaintiff (and other contract attorneys) for overtime at their regular rate of pay. DTI has refused to respond to this interrogatory on the ground that it was outside the scope of discovery. However, as the decision not to pay overtime was based on a determination that the contract attorneys were engaged in the practice of law, this interrogatory is plainly relevant to the question of whether Plaintiff was engaged in the practice of law.

**Requests for Production Nos. 6, 11**

These requests for production seek documents and communications relating to the relationship between Quinn and DTI with respect to the Project, such as contracts and e-mails describing the Project and the necessary qualifications for first-level reviewers like Plaintiff. Such documents are clearly relevant to whether Plaintiff was engaged in the practice of law. In response, DTI improperly tried to limit its production to documents relating specifically to

3

Plaintiff. However, responsive documents of general applicability – not solely those documents relating specifically to Plaintiff – are relevant to determining whether Plaintiff engaged in the practice of law, as they will reflect the duties, training, and supervision applicable to Plaintiff's position.

**Request for Production No. 14**

This request for production seeks documents relating to recruiting for Plaintiff's position. While DTI apparently concedes that this request seeks relevant documents within the scope of discovery, the only responsive documents DTI has produced are the highly redacted e-mails referenced above. DTI has not produced any job postings, even though it stated in its response that it would. Nor has it produced any documents relating to candidates other than Plaintiff. All of these documents are highly relevant. The job postings themselves will outline the job requirements, and communications with and applications from candidates other than Plaintiff will reflect the necessary qualifications for Plaintiff's position. Accordingly, DTI should produce all responsive documents.

**Requests for Production Nos. 21, 22**

These requests for production seeks documents and communications relating to the staffing of the Project, such as e-mailed within DTI and between DTI and Quinn. DTI has refused to produce responsive documents, wrongly asserting that these requests are not relevant to whether Plaintiff engaged in the practice of law. These documents will likely reflect whether document reviewers were required to be attorneys, and if so, why. As such, they are relevant to the question of whether Plaintiff was engaged in the practice of law.

**Request for Production No. 23**

This request for production seeks documents, including contracts, relating to the relationship between Quinn and DTI with respect to the Project. Again, DTI has refused to produce responsive documents, invoking the mistaken objection that this request is not relevant to whether Plaintiff engaged in the practice of law. Contracts and other documents setting forth the relationship between Quinn and DTI likely describe the nature of the Project and set forth standards applicable to the Project that bear on Plaintiff's duties. Thus, this request is within the scope of discovery.

**Requests for Production Nos. 24, 25**

These requests for productions seek documents relating to the use of non-attorneys to work on the Project. Inexplicably, DTI contends that these requests are outside the scope of discovery and refuses to produce responsive documents. These requests plainly seek relevant documents. If non-attorneys worked on the Project, this would show that status as an attorney was not necessary for Plaintiff's work. Therefore, these requests are within the scope of discovery.

4

Case 1:13-cv-01432-RA-KNF Document 80-3 Filed 05/21/14 Page 6 of 14
Case 1:13-cv-01432-RA-KNF Document 67 Filed 04/30/14 Page 5 of 5

5

**Requests for Production No. 48**

This request for production seeks all documents not otherwise requested relating to the applicability of the professional exemption to Plaintiff. As the FLSA's professional exemption applies to Plaintiff only if he was engaged in the practice of law, this request is self-evidently within the scope of discovery, and DTI's argument to the contrary is absurd.

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/ MK

D. Maimon Kirschenbaum

cc: Marc Greenwald, Esq. (via ECF)
      Zachary Hummel, Esq. (via ECF)

Case 1:13-cv-01432-RA-KNF Document 80-1 Filed 04/30/14 Page 7 of 14

# Exhibit 1

**Interrogatories and Responses in Issue**

**Interrogatory No. 4**

Identify all people with knowledge of the levels of document review conducted with respect to the documents that were reviewed as part of the Project.

**Response No. 4**

DTI objects to this Interrogatory on the grounds that it is overly broad. DTI objects to this Interrogatory on the grounds that it is vague and ambiguous. DTI objects to this Interrogatory to the extent that it seeks information that is not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Interrogatory on the grounds that it exceeds the scope of the Court's December 1, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

**Interrogatory No. 5**

Identify all DTI employees with knowledge concerning communications with Quinn regarding the hiring or contract attorneys in general or with respect to the Project.

**Response No. 5**

DTI objects to this Interrogatory on the grounds that it is overly broad. DTI objects to this Interrogatory on the grounds that it is vague and ambiguous. DTI objects to this Interrogatory to the extent that it seeks information that is not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Interrogatory on the grounds that it exceeds the scope of the Court's December 1, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

**Interrogatory No. 6**

Identify all people who played a role in developing search protocols for the Project.

**Response No. 6**

DTI objects to this Interrogatory on the grounds that it is overly broad. DTI objects to this Interrogatory on the grounds that it is vague and ambiguous. DTI objects to this Interrogatory to the extent that it seeks information that is not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Interrogatory on the grounds that it exceeds the scope of the Court's December 1, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

1

**Interrogatory No. 7**

Identify everyone who participated in deciding to pay Henig and others in the same position for their overtime hours at their regular rate of pay.

**Response No. 7**

DTI objects to this Interrogatory on the grounds that it is overly broad. DTI objects to this Interrogatory on the grounds that it is vague and ambiguous, including but not limited to the phrase "who participated in deciding." DTI objects to this Interrogatory to the extent that it seeks information that is not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Interrogatory on the grounds that it exceeds the scope of the Court's December 1, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

2

# Exhibit 2

**Document Requests and Responses in Issue**

**Request for Production No. 6**

      All documents given by DTI to Quinn relating to the Project.

**Response No. 6**

      DTI objects to this Request on the grounds that it is overly broad and unduly burdensome.  DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work-product doctrine, and other applicable privileges.  DTI objects to this Request on the grounds that it is vague and ambiguous.  DTI objects to this Request to the extent that it seeks documents that are not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence.  DTI objects to this Request on the grounds that it exceeds the scope of the Court's December 11, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."  Subject to the objections and the General Objections, DTI states that after a reasonable search, it will produce non-privileged documents, if any, related to Henig's involvement in the Project.

**Request for Production No. 11**

      All documents relating to communications between Quinn and DTI regarding the Project.

**Response No. 11**

      DTI objects to this Request on the grounds that it is overly broad and unduly burdensome.  DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work-product doctrine, and other applicable privileges.  DTI objects to this Request on the grounds that it is vague and ambiguous.  DTI objects to this Request to the extent that it seeks documents that are not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence.  DTI objects to this Request on the grounds that it exceeds the scope of the Court's December 11, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."  Subject to the objections and the General Objections, DTI states that after a reasonable search, it will produce non-privileged documents, if any, related to Henig's involvement in the Project and refers Plaintiff to the documents produced by Quinn.

**Request for Production No. 14**

      All documents relating to recruiting for Henig's position, including but not limited to job postings.

**Response No. 14**

DTI objects to this Request on the grounds that it is overly broad and unduly burdensome. DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work-product doctrine, and other applicable privileges. DTI objects to this Request to the extent that it seeks documents that are not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objections and the General Objections, DTI states that after a reasonable search it will produce non-privileged documents, if any, sufficient to identify job postings related to Henig's position.

**Request for Production No. 21**

All documents relating to communications with Quinn regarding the procurement of people to work on the Project.

**Response No. 21**

DTI objects to this Request on the grounds that it is overly broad and unduly burdensome. DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work-product doctrine, and other applicable privileges. DTI objects to this Request to the extent that it seeks documents that are not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Request on the grounds that it exceeds the scope of the Court's December 11, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

**Request for Production No. 22**

All documents, including communications internal to DTI, relating to staffing for the Project.

**Response No. 22**

DTI objects to this Request on the grounds that it is overly broad and unduly burdensome. DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work-product doctrine, and other applicable privileges. DTI objects to this Request to the extent that it seeks documents that are not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Request on the grounds that it exceeds the scope of the Court's December 11, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

**Request for Production No. 23**

All documents relating to the relationship between Quinn and DTI with respect to the Project, including but not limited to contracts.

**Response No. 23**

DTI objects to this Request on the grounds that it is overly broad and unduly burdensome. DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work-product doctrine, and other applicable privileges. DTI objects to this Request to the extent that it seeks documents that are not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Request on the grounds that it exceeds the scope of the Court's December 11, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

**Request for Production No. 24**

All documents relating to whether anyone other than licensed attorneys worked or were considered for working as a document reviewer on the Project.

**Response No. 24**

DTI objects to this Request on the grounds that it is overly broad and unduly burdensome. DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work-product doctrine, and other applicable privileges. DTI objects to this Request to the extent that it seeks documents that are not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Request on the grounds that it exceeds the scope of the Court's December 11, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

**Request for Production No. 25**

If anyone other than a licensed attorney worked as a document reviewer on the Project, all documents relating to the work he/she/they performed.

**Response No. 25**

DTI objects to this Request on the grounds that it is overly broad and unduly burdensome. DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work-product doctrine, and other applicable privileges. DTI objects to this Request to the extent that it seeks documents that are not relevant to Plaintiff's individual claim and is not reasonably calculated to lead to the discovery of admissible evidence. DTI objects to this Request on the grounds that it exceeds the scope of the Court's December 11,

2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."

**Request for Production No. 48**

All documents not previously requested that relate to the applicability of the professional exemption to Henig under the FLSA and/or New York law.

**Response No. 48**

DTI objects to this Request on the grounds that it is overly broad and unduly burdensome. DTI objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege, work product doctrine, and other applicable privileges. DTI objects to the Request on the grounds that it is vague and ambiguous.

4