# Exhibit 4

Zachary A. Hummel<br>
Direct: 212/541-1158<br>
Fax: 212/904-0558<br>
zahummel@bryancave.com

May 6, 2014

Honorable Kevin N. Fox

United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Dear Judge Fox:

I represent DTI (formerly Providus) in this matter and write in response to Plaintiff's April 30th letter regarding discovery matters.

**Background**

DTI is an independent provider of litigation and discovery support who hired the attorneys, including Plaintiff, that conducted the legal analysis of documents as directed by Quinn Emanuel at issue in this case.

**Requests for Production**

Plaintiff propounded 48 document requests to DTI. Many of these requests concerned the parameters of the review undertaken by Plaintiff and his colleagues, data which is not and has never been in the control of DTI. The remaining requests, which pertained to DTI's relationship with Plaintiff, were either objected to or DTI produced responsive documents, with redactions of material pursuant to Judge Ronnie Abrams December 11, 2013 order limiting discovery, at this stage of the litigation, to the question of whether Plaintiff was practicing law within the meaning of 29 C.F.R. § 541.304(a)(1) while participating in a document review for the law firm Quinn Emanuel. The redactions, which do not impair the reader from understanding the content of the documents include:

- the identities of any other party involved in email communications with Plaintiff

Honorable Kevin N. Fox
Southern District of New York
May 6, 2014
Page 2

- the names of potential candidates for the attorney position with Quinn Emanuel

- the resumes of potential candidates for the attorney position with Quinn Emanuel

- the names and email addresses of the attorneys who were hired with Plaintiff on the Quinn Emanuel project

- the hours worked by attorneys who worked with Plaintiff on the Quinn Emanuel project

- the pay earned by attorneys who worked with Plaintiff on the Quinn Emanuel project

- the identities of DTI employees

None of this information is relevant or could lead to relevant information regarding the question of whether Plaintiff was practicing law within the meaning of 29 C.F.R. § 541.304(a)(1). The Court, through its order limiting discovery, has determined such evidence, at this stage in the litigation, is not reasonably calculated to lead to any relevant information to the threshold issue in this matter and DTI objects to it being produced at this stage in the litigation.[1] It is not "absurd," for instance, to claim the identity of potential candidates and their resumes are irrelevant to the question at issue. The resume of any other person on the project has no bearing whatsoever on whether or not Plaintiff was practicing law during his six-week participation on the Quinn Emanuel project. We are not at the pre-certification stage of discovery. We are at the pre-pre-certification stage. As Judge Abrams stated, "(t)he Court cannot conclude that "it is clear from the face of the complaint, and matters of which the court may take judicial notice…that Plaintiff was engaged in the "practice of law" under 29 C.F.R. § 541.304(a)(1). Because this question is potentially dispositive of the case, however, discovery shall be limited to the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)." None of the above information is dispositive to this question.

With regards to RFP's 11, 18, 19, 20, 21, 22, 23, 24, and 25, DTI reiterates its objection to producing any documents relating to any matter other than those relevant to whether or not Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1) while working on this project. None of these requests fall within those parameters and therefore DTI reiterates its objection.. More specifically:

> **RFP 11**: In RFP 11, Plaintiff did not, as he represents in its letter to the court, "seek documents and communications relating to the relationship between Quinn and DTI with respect to the Project, such as contracts and e-mails describing the Project and the necessary qualifications for first-level reviewers like Plaintiff." He requested "All documents relating to communications between Quinn and DTI regarding the Project." DTI properly objected to

---

[1] *See Strategic Growth In'l Inc. v. Remotemdx Inc., 2007 WL 3341522 (S.D.N.Y.)* and *Bank Brussels Lambert v. Chase Manhatten Bank, N.A., 1997 WL 563792 (S.D.N.Y)* where the Courts allowed irrelevant and non-responsive evidence to remain redacted.

Honorable Kevin N. Fox
Southern District of New York
May 6, 2014
Page 3

>the request as overbroad and exceeding the scope of the Court's December 11, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)."
>
>**RFP 14:** DTI has produced all documents within its possession responsive to this document request.
>
>**RFP 21 and 22:** DTI objects that these two requests exceed the scope of the Court's December 11, 2013 Order limiting discovery to "the question of whether Plaintiff practiced law within the meaning of 29 C.F.R. § 541.304(a)(1)." The information sought by Plaintiff that is relevant to him has been provided.
>
>**RFP 24 and 25:** Whether or not non-attorneys worked on the Quinn Emanuel project is completely irrelevant to the question of whether Plaintiff's assignments on the project would constitute the practice of law within the meaning of 29 C.F.R. § 541.304(a)(1).
>
>**RFP 48:** This request is so vague and ambiguous that DTI, in good faith, cannot provide a response.

## Interrogatories

Regarding **Interrogatories 4 and 6**, it is DTI's position that background information regarding the development of the parameters of the project and the alleged levels of review of the project are irrelevant to the issues under examination at this time. The only level of review under examination at this stage in the litigation is the level of review under which Plaintiff completed his privileged legal analysis. Likewise, identity of the persons who "played a role in developing the search protocols for the project" is not information that will help determine whether the work Plaintiff did would be practicing law within the meaning of 29 C.F.R. § 541.304(a)(1).

Regarding **Interrogatory 5**, the identification of "all DTI employees with knowledge concerning communications with Quinn regarding the hiring or contract attorneys in general or with respect to the Project" is the definition of overbroad; it also exceeds the scope of the Court's Order limiting discovery. Discovery at this stage is limited to Plaintiff's status, not the status of all contract attorneys DTI has ever provided to Quinn Emanuel.

Regarding **Interrogatory 7**, it is DTI's position that Plaintiff was hired as an attorney and that, as such, he was an exempt employee. Aside from this information, the decision making process regarding Plaintiff's pay rate is irrelevant in determining whether or not he practiced law within the meaning of 29 C.F.R. § 541.304(a)(1).

Honorable Kevin N. Fox
Southern District of New York
May 6, 2014
Page 4

## Conclusion

DTI has, in good faith, produced responses to Plaintiff's Discovery Requests pursuant to the parameters set by Judge Abrams order. DTI respectfully requests the Court deny Plaintiff's application for additional discovery.

Respectfully,

/s/ *Zachary A. Hummel*

Zachary A. Hummel

cc: Marc L. Greenwald, Esq. (via ECF)
    Maimon Kirschenbaum, Esq. (via ECF)