D. Maimon Kirschenbaum
Denise Schulman
Charles Joseph
JOSEPH, & KIRSCHENBAUM LLP
233 Broadway
5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff, proposed FLSA*
*Collective Plaintiffs, and proposed Class*
*Members*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

**WILLIAM HENIG, on behalf of himself and**      **INDEX NO: 13 CV 1432**
**all others similarly situated,**

                                                 **SECOND AMENDED COMPLAINT**

          **Plaintiff,**

                                                 **FLSA COLLECTIVE ACTION AND**
     **v.**                                      **RULE 23 CLASS ACTION**

**QUINN EMANUEL URQUHART &**                     **DEMAND FOR JURY TRIAL**
**SULLIVAN, LLP and PROVIDUS**
**NEW YORK, LLC,**

          **Defendants.**
-------------------------------------------------------x

        Plaintiff William Henig, on behalf of himself and all others similarly situated, alleges as

follows:

## JURISDICTION AND VENUE

        1.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331

because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*

("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they

are so related to the claims in this action within the Court's original jurisdiction that they form

part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3.      Defendant Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), a California limited liability partnership, is a 600-lawyer business litigation firm -- the largest in the United States devoted solely to business litigation.

4.      Quinn Emanuel maintains a New York office in midtown Manhattan.

5.      Quinn Emanuel has an annual gross volume of business done in excess of $500,000.

6.      Defendant Providus New York LLC ("Providus") is a Texas limited liability company that provides attorneys and paralegals on a contract and direct-hire basis to law firms and corporate law departments in New York.

7.      Providus maintains an office at 1115 Broadway, New York, NY.

8.      Providus has an annual gross volume of business done in excess of $500,000.

9.      Plaintiff William Henig ("Plaintiff") is a New York resident.  He is an attorney. He was hired by Defendants in mid-August 2012 on a temporary basis to review documents for Quinn Emanuel relating to pending litigation.  Mr. Henig worked on the document review project for approximately 6 weeks.

10.      Mr. Henig was explicitly informed by Providus that he was an employee of Providus for purposes of this project. Providus instructed Mr. Henig to comply with Providus' procedures.  Providus paid Mr. Henig directly.  Upon information and belief, Mr. Henig's pay

rate was determined based on the amount that Quinn Emanuel paid Providus for Mr. Henig's services.

11.     Mr. Henig was also explicitly informed that he was to follow Quinn Emanuel's policies and procedures during the project, and Mr. Henig's work was directed and supervised by Quinn Emanuel attorneys.

12.     Both Defendants had the power to terminate Mr. Henig's employment.

13.     Accordingly Quinn Emanuel and Providus were joint employers under the FLSA.

### FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all individuals employed by Defendants for the purpose of reviewing documents on or after the date that is three years before the filing of the Complaint in this case as defined herein who were paid an hourly wage and worked over 40 hours in a week ("FLSA Collective Plaintiffs").

15.     At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their regular rate of pay for work in excess of forty (40) hours per workweek.  The claims of the Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

16.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice and other purposes related to this

action, their names and addresses are readily available from Defendants.  Notice can be provided

to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17.     Plaintiff brings the Second Claim for Relief pursuant to Federal Rule of Civil

Procedure 23 ("Rule 23"), on behalf of all individuals employed by Defendants for the purpose

of reviewing documents on or after the date that is six years before the filing of the Complaint in

this case as defined herein (the "Class Period") who were paid an hourly wage and worked over

40 hours in a week.

18.     All said persons, including Plaintiff, are referred to herein as the "Class."  The

Class members are readily ascertainable.  The number and identity of the Class members are

determinable from the records of Defendants.  The job duties, hours assigned and worked, the

positions held, and the rates of pay for each Class member are also determinable from

Defendants' records. For the purpose of notice and other purposes related to this action, their

names and addresses are readily available from Defendants.  Notice can be provided by means

permissible under said Rule 23.

19.     The proposed Class is so numerous that joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parties and the court.  Although the

precise number of such persons is unknown, and the facts on which the calculation of that

number are based are presently within the sole control of the Defendants, upon information and

belief, there are more than forty (40) members of the Class.

20.     Plaintiff's claims are typical of those claims which could be alleged by any

member of the Class, and the relief sought is typical of the relief which would be sought by each

member of the Class in separate actions.  All the Class members were subject to the same

4

corporate practices of Defendants, as alleged herein, of failing and refusing to pay them one and one half times their regular rate of pay for work in excess of forty (40) hours per workweek. Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

22.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants.

23.     Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.

24.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of

Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

25.     The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members, including:

a.     Whether Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;

b.     Whether Plaintiff and the Class members are entitled to overtime under New York Labor Law; and

6

     c.     Whether Defendants paid Plaintiff and the Class members the overtime rate required by the New York Labor Law for hours worked in excess of 40 per workweek.

## FACTS

28.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

29.     Defendants employ attorneys for document review projects on a temporary or short-term basis.   Specifically, these individuals view hundreds of documents each day for the purpose of sorting the documents into certain categories identified by Defendants.

30.     Plaintiff worked for Defendants in this capacity.  He was required to review documents under very specific guidelines set forth by Defendants and to sort the documents based on those guidelines.

31.     Given the extremely routine nature of Plaintiff's job duties while employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

32.     Specifically, Quinn gave Plaintiff a list of search terms/topics to identify within a set of documents.  Depending on what search terms/topics, including keywords and names of certain attorneys/law firms, if any, appeared in the documents, Plaintiff was instructed to mark each document electronically in a certain category.

33.     Plaintiff's entire responsibility while working for Defendants consisted of looking at documents to see what search terms and/or topics, if any, appeared in the documents and marking those documents into the categories predetermined by Defendants.

34.     To be sure, Defendants gave Plaintiff lengthy written instructions regarding his duties in performing document review.  These instructions for the most part were consistent with Plaintiff's actual job duties, which were to code documents based on the existence of certain terms/topics.  The codes included, *inter alia,* "privileged," "responsive," "key," and "interesting."

35.     In any event, during Plaintiff's in person training and during his employment, Quinn made clear to Plaintiff that his actual duties were to locate the terms/topics in question and code the documents based on the presence of these terms/topics.

36.     Plaintiff was not required to and in fact could not utilize any legal knowledge and/or judgment in performing his job duties for Defendants.

37.     As such, Plaintiff did not practice law as part of his employment with Defendants.

38.     Defendants paid Plaintiff an hourly wage.

39.     In several weeks, Plaintiff worked between 41.7 and 54.7 hours per week for Defendants.

40.     Defendants paid Plaintiff for the hours he worked in excess of 40 per week at his regular hourly wage rather than at one and one half times his regular hourly wage.

41.     Defendants committed the foregoing acts against the Plaintiff, the FLSA Collective Plaintiffs, and members of the Class.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*,**
**Brought by Plaintiff on Behalf of**
**Himself and the FLSA Collective Plaintiffs)**

42.     Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

43.     Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

44.     At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek.

45.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs are entitled to recover their respective unpaid compensation, liquidated (double) damages, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Overtime Violations, 12 NYCRR § 142-2.2,**
**Brought by Plaintiff on Behalf of Himself and the Class)**

46.     Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

47.     Throughout the Class Period, Defendants willfully, intentionally, and regularly failed to pay Plaintiff and the Class members at the overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek, as required by the NYCRR.

48.     As a result of Defendants' willful violations of New York law, Plaintiffs and the Class members are entitled to recover their respective unpaid compensation, attorneys' fees and

costs, liquidated damages as provided for by the New York Labor Law, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A.  Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.  Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.  Designation of this action as a class action pursuant to Rule 23;

D.  Designation of Plaintiff as Representative of the Class;

E.  An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.  Penalties available under applicable laws;

G.  Costs of action incurred herein, including expert fees;

H.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216,  N.Y. Lab. L. § 663 and other applicable statutes;

I.  Pre-judgment and post-judgment interest, as provided by law; and

J.  Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York       Respectfully submitted,
        July 1, 2014

                                 JOSEPH & KIRSCHENBAUM LLP

                                 By: /s/ D. Maimon Kirschenbaum
                                 D. Maimon Kirschenbaum

                                 Denise A. Schulman
                                 Charles E. Joseph
                                 233 Broadway
                                 5th Floor
                                 New York, NY 10279
                                 Tel: (212) 688-5640
                                 Fax: (212) 688-2548

                                 *Attorneys for Plaintiff, proposed collective action
                                 members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.