# Exhibit FF

Case 1:13-cv-01432-RA-KNF   Document 122-1   Filed 10/08/15   Page 2 of 4

IT IS NOT NECESSARILY IMPROPER FOR A LAWYER..., ABA Formal Op. 328...

ABA Formal Op. 328

ABA Comm. on Ethics and Professional Responsibility, Formal Op. 328

American Bar Association

IT IS NOT NECESSARILY IMPROPER FOR A LAWYER SIMULTANEOUSLY TO HOLD HIMSELF OUT AS A LAWYER AND AS A CERTIFIED PUBLIC ACCOUNTANT. A LAWYER WHO PRACTICES AS A CERTIFIED PUBLIC ACCOUNTANT WHILE ENGAGED IN THE PRACTICE OF LAW SHALL NOT IDENTIFY HIMSELF AS A C.P.A. ON HIS LEGAL PROFESSION LETTERHEAD, OFFICE SIGN, OR PROFESSIONAL CARD. A LAWYER WHO IS ENGAGED, OUT OF THE OFFICE, IN THE PRACTICE OF LAW AND IN ANOTHER PROFESSION OR OCCUPATION WHICH IS CLOSELY RELATED TO LAW MUST CONFORM TO THE CODE OF PROFESSIONAL RESPONSIBILITY IN CONDUCTING SUCH ACTIVITIES.

June 1972

Copyright (c) by the American Bar Association

CODE OF PROFESSIONAL RESPONSIBILITY: DR 2-102(E)

The following questions have been asked regarding the current status, under the Code of Professional Responsibility, of dual practice as a lawyer and as a Certified Public Accountant:

(1) Is it proper for a lawyer simultaneously to hold himself out as a lawyer and as an accountant?

(2) Does the use of separate letterheads as a lawyer and as a C.P.A. affect the situation?

(3) May a lawyer practice two professions, such as law and public accounting, from one office?

The answer to each question is 'Yes,' but with some qualifications.

The history of the so-called dual practitioner has been long and troubled. No canon of the former ABA Canons of Ethics expressly forbade a lawyer to serve simultaneously as a physician, cleric, accountant, dentist, professor, or other professional, nor did and any canon purport to exclude a lawyer from any given occupation or business whether it be operating a bookstore, ranching, or playing a trombone in a professional orchestra. Nevertheless, as early as 1932 in Formal Opinion 57 this Committee expressed doubts concerning a lawyer's being engaged in certain other callings. Later opinions on the subject of dual occupations include Formal Opinions 225, 272, 297, and 305, and Informal Opinions 424, 431, 442, 506, 520, 537, 565, 627, 749, 896, 930, and 931 (all issued prior to the adoption in 1969 of the Code of Professional Responsibility). Generally, see Wise, *Legal Ethics* 185-193 (2nd Ed. 1970).

Myriad reasons for condemning the second activity of the lawyer have been advanced by various commentators. For example, it has been suggested that it is too difficult for a lawyer to devote sufficient time to two occupations to keep abreast of current developments, see Levy & Sprague, *Accounting and Law: Is Dual Practice In the Public Interest*, 52 A.B.A.J. 1110 (1966); that to practice in a law-related area such as accounting is equivalent to holding out as a specialist, see Levy & Sprague, *supra;* that a lawyer should practice full-time, see *Lawyer & Certified Public Accountants: A Study of Interprofessional Relations*, by the National Conference of Lawyers and Certified Public Accountants, 56 A.B.A.J. 776, 778 (1970); and that the public will be misled and confused by dual titles, see *Lawyer & Certified Public Accountants, supra*. The most common explanation for disfavoring dual practice, however, was that the second occupation constituted 'indirect solicitation' and served as a 'feeder' to the law practice; *see e.g.*, Mintz, *Accounting & Law*, 53 A.B.A.J. 225, 228-9 (1967); ABA Opinion 297 (1961); ABA Informal Opinion 431 (1961, lawyer-bank director) and 501 (1962, lawyer-title insurance company agent); and Burke,

Case 1:13-cv-01432-RA-KNF   Document 122-1   Filed 10/08/15   Page 3 of 4

IT IS NOT NECESSARILY IMPROPER FOR A LAWYER..., ABA Formal Op. 328...

*Dueling Over the Dual Practice*, 27 MARYLAND L. REV. 142 (1967). Generally, see Wilson, *The Attorney-C.P.A. and the Dual Practice Problem*, 36 U. DETROIT L.J. 457 (1959).

Perhaps because the terms 'indirect solicitation' and 'feeding the law practice' are vague as well as overbroad, they were entirely omitted from the Code of Professional Responsibility. The Code's draftsmen thus indicated an intent not to rely on those vague phrases as standards by which to judge the outside activities and occupations of lawyers. Instead, the underlying evils were attacked in the Code by means of several comprehensive but specific Disciplinary Rules, particularly DR 2-101 through DR 2-105. Accordingly, this Committee cannot condemn any activity today on the basis of 'indirect solicitation' or 'feeding' of a law practice. Any proscription must be based upon the provisions of the Code.

No disciplinary rule forbids a lawyer to engage simultaneously in another business, profession or endeavor. But DR 2-102(E) prohibits certain conduct by a lawyer while he is carrying on a second business or professiona. DR 2-102(E) provides:

> 'A lawyer who is engaged both in the practice of law and another profession or business shall not so indicate on his letterhead, office sign, or professional card, nor shall he identify himself as a lawyer in any publication in connection with his other profession or business.'

Inferentially DR 2-102(E) recognizes the right of a lawyer to engage at the same time in another business or profession, and under the Code it is clear that a lawyer is not necessarily subject to discipline for practicing law and accounting concurrently. The answer to Question One is that the lawyer may simultaneously hold himself out as a lawyer and as an accountant provided the requirements of DR2-102(E) are met. Also *cf.* DR 2-101(B)(3).

Since DR 2-102(E) also forbids a lawyer to show on his legal letterhead the fact that he is a C.P.A., Question Two must be answered affirmatively. A letterhead showing 'C.P.A.' as well as 'Lawyer' violates this Disciplinary Rule. Separate letterheads do not.

Question Three is more difficult to answer. Some authorities have distinguished a second occupation which is law-related from one which has little relationship to the practice of law. For example, Opinion 206 (1971) of the Committee on Professional Ethics of the New York State Bar Association (44 N.Y.S.B.J. 120) distinguishes between unrelated occupations such as the operation of a shopping center, retail store or manufacturing plant, and related occupations such as marriage counseling, accountancy, labor relations consulting, and the operation of an insurance agency, a real estate brokerage office, or a loan or mortgage brokerage office. Also *See* ABA Informal Opinions 627, 709, 775, and 896, and DRINKER, *Legal Ethics* 221-222.

There is little ethical difficulty with the operation of an unrelated occupation from the same location as a lawyer's law office so long as the lawyer complies with DR 2-102(E). In this situation there may be an increased risk, of course, that the lawyer will violate some other disciplinary rule. For example, a lawyer who also operates a retail store may be in violation of DR 2-104(A) if he accepts employment as a lawyer from a customer of his retail store after volunteering the suggestion to the customer that the customer needs to seek legal advice about some matter. Nevertheless, mere existence of this risk does not mean that the second occupation cannot be conducted from the premises where the lawyer has his law office.

If the second profession or occupation is law-related, a greater ethical difficulty is encountered. It may be impossible to know whether the lawyer's work for another person is performed as part of the practice of law or as a part of his other occupation or profession. As stated in Opinion 57 (1932), 'It is difficult to conceive how a lawyer should conduct a claims adjustment bureau, a company for the organization of corporations, or a bureau for securing income tax refunds, without practicing law.' Also see Informal Opinion 775 (1965) and DRINKER, *Legal Ethics*, 221-222.

In carrying on law-related occupations and professions the lawyer almost inevitably with engage to some extent in the practice of law, even though the activities are such that a layman can engage in them without being engaged in the unauthorized

IT IS NOT NECESSARILY IMPROPER FOR A LAWYER..., ABA Formal Op. 328...

Case 1:13-cv-01432-RA-KNF   Document 122-1   Filed 10/08/15   Page 4 of 4

practice of law. See Opinion 57 (1932). This truism has been recognized in several of our former opinions. For example, in Opinion 272 (1946), it was said:

> 'In every case where a lawyer performs services for a client which could be performed by one not a member of the bar, nevertheless, in performing them in the course of his legal services *he is acting as a lawyer and subject to the Canons*.' (Emphasis added.)

In Informal Opinion 709 (1964), it is said:

> 'A real estate brokerage business is so closely related to the practice of law that, when engaged in by a lawyer, it constitutes the practice of law.'

If the second occupation is so law-related that the work of the lawyer in such occupation will involve, inseparably, the practice of law, the lawyer is considered to be engaged in the practice of law while conducting that occupation. Accordingly, he is held to the standards of the bar while conducting that second occupation from his law offices. With this qualification, the lawyer may carry on a law-related occupation, such as that of a C.P.A., from the same office.

The qualification just stated is a substantial one, however. Illustrations may indicate its scope. For example, fees set by a lawyer purporting to carry on, from his law office, a mortgage brokerage or loan brokerage business must conform with DR 2-106. Publicity given to the second occupation and methods of seeking business must be in accord with DR 2-101, DR 2-103 and DR 2-104. The lawyer may have a duty under DR 4-101 to preserve confidences and secrets, or information, acquired in carrying on the second occupation even though others engaged in that occupation do not have a similar duty. Similarly, the lawyer may, in connection with the second occupation, owe a duty as a fiduciary even though the relationship of others in that occupation to their clients and customers is not that of a fiduciary; see DR 5-101, DR 5-104, and DR 5-105.

The answer to the third question is, therefore, that a lawyer may conduct, in compliance with DR 2-102(E), his law practice and a second occupation, not law-related, from one office; and he may practice from the same office both as a lawyer and as a member of a law-related profession or occupation, such as a marriage counsellor, accountant, labor relations consultant, real estate broker, or mortgage broker, if he complies not merely with DR 2-102(E) but with all provisions of the Code of Professional Responsibility while conducting his second, law-related occupation. A lawyer may not, of course, escape his obligations under DR 2-102(E) and under other disciplinary rules of the Code by the stratagem of ostensibly dividing into two separate offices his office quarters which are, for practical purposes, unitary or integral. The following language from Informal Opinion 775 (1965) is relevant:

> 'While . . . the Committee does not consider it to be necessarily unethical to practice law and concurrently, but in different transactions, engage in the real estate business, the Committee is of the opinion that to do so in accordance with the Canons is so difficult that suspicions of unethical conduct are almost inevitable. For that reason alone, it is our opinion that only a very few lawyers will expose themselves to such suspicions on the part of their brother lawyers and the public. The lawyer who does so must be willing to undertake the tremendous burdens of conducting his real estate business ethically under our Canons. . . .'

ABA Formal Op. 328

---

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.