# Exhibit GG

NY Eth. Op. 557 (N.Y.St.Bar.Assn.Comm.Prof.Eth.), 1984 WL 50012

New York State Bar Association
Committee on Professional Ethics

TOPIC: UNAUTHORIZED PRACTICE OF LAW; DIVISION OF LEGAL FEES; LETTERHEADS.

Opinion Number 557
February 17, 1984

DIGEST: Not proper for lawyer and accountant to form firm that would render legal services; lawyer cannot share legal fees with accountant; lawyer and accountant cannot use joint letterhead.

***1** CODE: Canons 3, 5; EC 1-5, 3-1, 3-2, 3-3, 3-4, 3-5, 3-8; DR 2-101(A), 3-101(A), 3-102(A), 3-103(A), 5-107(C), 7-102(A)(8).

QUESTIONS

(1) May a lawyer form a "professional relationship" with an accountant, who is not a lawyer, for the purpose of providing clients with tax-related legal and accounting services?

(2) May a lawyer share legal fees with an accountant?

(3) May a lawyer state that he or she is a lawyer on stationery shared with an accountant who is not a lawyer?

OPINION

A lawyer, who is not an accountant, asks whether he may form a "professional relationship" with an accountant, who is not a lawyer, for the purposes of preparing tax returns and giving tax-related "professional advice" to clients. The lawyer also asks whether he may share legal fees with the accountant. Finally, the lawyer asks whether he may share professional stationery, indicating that he is a lawyer, with the accountant.

For the purpose of this opinion, the Committee assumes that the term ""professional relationship" means any form of professional or business association in which both the lawyer and the accountant will have a proprietary interest. Further, the Committee limits its opinion to a professional or business association formed for the purpose of providing clients with tax-related legal and accounting services.

For the protection of the public, it is important that legal services be performed for clients only by duly licensed lawyers who have been found to possess the requisite legal training and moral character and who are governed by the high ethical standards of the legal profession. EC 3-1 to 3-5. This is the policy underlying the command of Canon 3: "A lawyer should assist in preventing the unauthorized practice of law." In order to preserve the lawyer's exercise of independent professional judgment on behalf of his clients, Canon 5, and adherence to the unique ethical requirements of the legal profession, lawyers are prohibited from practicing law in any form of association in which a non-lawyer is in a position to control or influence the lawyer's performance of legal services. EC 3-8.

***2** The Code does not specifically define what constitutes the practice of law. EC 3-5. While there are many services that may properly be undertaken by lawyers and non-lawyers alike, especially in the fields of taxation and tax planning, when such services are performed by a lawyer who holds himself out as a lawyer, they constitute the practice of law and the lawyer, in performing them, is governed by the Code. ABA 328 (1972); ABA 297 (1961). By offering "professional services" jointly

with the non-lawyer accountant, the lawyer would be enabling the accountant to hold himself out to his clients as offering legal services through the affiliated lawyer.

Accordingly, we believe that the proposed professional relationship between a lawyer and an accountant would violate several provisions of the Code. First and foremost, the lawyer would be aiding the accountant in the unauthorized practice of law, in violation of DR 3-101(A). ABA 297 (1961).

Second, the lawyer would violate the prohibitions against the lawyer practicing in affiliation with non-lawyers. DR 3-103(A) provides: "A lawyer shall not form a partnership with a non-lawyer if any of the activities of the partnership consist of the practice of law." Similarly, DR 5-107(C) forbids a lawyer to practice with or in the form of a professional corporation or association if a non-lawyer owns any interest in the firm, is a director or officer, or otherwise has the right to direct or control the lawyer's professional judgment.

In addition, while it is not the function of this Committee to address issues of law, we do observe that Judiciary Law § 495 forbids a corporation or voluntary association from practicing law except as specifically authorized by statute. See also, Judiciary Law §§ 478, 484. Generally, conduct that is illegal is also unethical. See EC 1-5; DR 7-102(A)(8); N.Y. State 328 (1974). Therefore, it would be unethical for a lawyer to assist a corporation or voluntary association to practice law in violation of any statute or court rule regulating the practice of law. See also, Canon 3, EC 3-3; EC 3-8; DR 3-101(A); DR 3-103(A).

The first question, therefore, is answered in the negative. That is, a lawyer cannot, with ethical propriety, enter into a professional relationship with an accountant, who is not a lawyer, if one of the purposes of that relationship is to provide legal services to clients. ABA 297 (1961); Mich. Opinion 124 (1949), 38 Mich. S.B.J. 159 (1959), indexed in Maru's Digest No. 1298 (1970); Wis. Memorandum Opinion (June 8, 1971), Wis.B. Bull. 59 (Supp. Dec. 1974), indexed in Maru's Digest No. 10252 (Supp. 1975); Wis. Memorandum Opinion 8-75, Wis. B. Bull. 89 (Supp. June 1979), indexed in Maru's Digest No. 13169 (Supp. 1980); Md. Opinion 74-1, indexed in Maru's Digest No. 11240 (Supp. 1980).

*3 The second question, also, is answered in the negative. DR 3-102(A) prohibits a lawyer from sharing or splitting legal fees with a non-lawyer, with exceptions not relevant here.

The third question, too, is answered in the negative. Since the lawyer and the non-lawyer accountant cannot enter into a professional relationship if one of the purposes of the relationship is to provide legal services to clients, it would be improper for the lawyer and the accountant to share stationery that identifies the lawyer, the accountant, and their respective professions. Letterheads are a form of public communication, and, as such, are subject to DR 2-101(A), which provides, in part, that a lawyer shall not use or disseminate or participate in the preparation of any public communication containing statements that are deceptive or misleading. The use of shared stationery, as described here, would be deceptive and misleading by suggesting to the public and to clients that the lawyer and the accountant are practicing their respective professions together rather than independently. Cf. N.Y. State 500 (1978).

For the reasons stated, the questions posed are all answered in the negative.

NY Eth. Op. 557 (N.Y.St.Bar.Assn.Comm.Prof.Eth.), 1984 WL 50012

---

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.