# Exhibit HH

NEW YORK COUNTY LAWYERS ASSOCIATION
Committee on Professional Ethics

QUESTION NO. 682

TOPIC: UNADMITTED LAW SCHOOL GRADUATES AND LAWYERS ADMITTED IN OTHER JURISDICTIONS: LETTERHEAD; BUSINESS CARDS; SIGNING DOCUMENTS; ACTIVITIES NON-LAWYERS MAY PERFORM.

DIGEST: Law school graduates who have not yet been admitted to the bar and lawyers licensed in other states may be listed on firms' letterheads and business cards. They may sign documents and letters on behalf of law firms only if their status is disclosed, and may perform the kind of activities that may be performed by any non-lawyer employee.

CODE: DR 2-101(A), DR 2-101(D), DR 3-101(A), DR 3-101(B), DR 2-101(A)(4); EC 3-5; EC 3-6; EC 3-8; EC 3-9.

QUESTIONS:

(1) May the letterhead of a New York law firm list a law school graduate not yet admitted to the New York Bar and/or a lawyer licensed to practice only in another state?

(2) May a law graduate not yet admitted to the New York Bar or a lawyer licensed only in another state have a business card with his or her name and the name, address and telephone number of his or her employer, a New York law firm?

(3) What ethical guidelines govern a law graduate not yet admitted to the New York Bar or a lawyer licensed to practice only in another state when signing documents or letters on behalf of a New York law firm?

(4) What activities may be performed by an lawyer not yet admitted to the New York Bar or a lawyer licensed to practice only in another state?

OPINION:

Letterhead

A lawyer licensed to practice law in another jurisdiction but not in New York may be listed on the firm's stationery, provided the letterhead indicates the jurisdictional limitations of the unadmitted lawyer through some appropriate notation (e.g., "Not Admitted in New York" or "Admitted only in New Jersey"). See DR 2-102(D); ABA 316 (1967); N.Y. State 434 (1976); N.Y. State 355 (1974); Philadelphia Bar Association 81-63 (1981).

By analogy, it would not be improper to list a law school graduate not yet admitted to the bar on a firm's letterhead, provided the letterhead clearly indicates that the law graduate is not admitted. Cf. New York County 673 (1989) (paralegals may be included on firm letterhead with appropriate designation). The disclosure requirement is necessary to avoid misleading the public as to the capacity of the person who is listed on the letterhead.

Business Cards

The Code allows a lawyer to use or disseminate any public communication as long as it is not false, deceptive or misleading. DR 2-101(A). In dealing with the issuance of professional cards of a lawyer or law firm, DR 2-102(A) permits inclusion of the name of the lawyer and the name, address and telephone number of the law firm.

In New York County 673 (1989), we concluded it would be professionally proper for a paralegal to use a business card with the firm name appearing on it, provided that the status of the paralegal were clearly revealed on the card. See also N.Y. County 666 (1985); N.Y. City 884 (1974). We see no reason to distinguish between a paralegal and a law graduate not yet admitted to the New York Bar or a lawyer admitted only in another jurisidiction. We believe that a law school graduate whose bar admission is pending may use a business card, provided that he or she is identified as a non-lawyer on the card. Likewise, a lawyer admitted to practice in another state but not in New York may use a business card, provided that the jurisdictional limitation on the lawyer's practice is made clear on the card. See also ABA 316 (1967).

An associate's business card need not designate the precise status of the associate (i.e., "Fourth Year Associate") or indicate the fact that the associate is only an associate as opposed to a partner in the law firm. So long as the individual is a lawyer, we do not believe that further designation of the lawyer's status in the firm -- e.g., associate, of counsel, senior associate, junior partner -- is ethically required. But cf. N.Y. County 612 (1973) (letterhead must differentiate between partners and associates); N.Y. City 890 (1977) (same).

Signing Letters and Other Documents

In the opinion of the Committee, it is professionally proper for a law school graduate not yet admitted to the New York Bar to sign his or

her name on documents and letters on behalf of a New York law firm. However, the lawyer must clearly indicate that he or she has not yet been admitted to any bar and may not hold himself or herself out as a "Lawyer" or "Attorney at Law" on stationery. See, e.g., Philadelphia Bar Association 81-65 (1981). See also Judiciary Law § 578. The unadmitted law graduate must disclose his or her non-lawyer status by including an appropriate term such as "Law Clerk" or "Legal Clerk" or "Not Admitted" after his or her signature. See, e.g., New York County 641 (1975); New York City 884 (1974).

Likewise, a lawyer who is licensed to practice law only in a foreign jurisdiction and is not listed on a New York law firm's letterhead must indicate the jurisdictional limitation following his or her signature so that there can be no implication that the person signing is admitted to the bar of this state. Whenever such a lawyer signs his or her name on firm stationary or any other legal paper that does not clearly set forth jurisdictional limitations on the lawyer's practice, he or she must clearly identify his or her status by an appropriate designation under the signature, such as "Admitted only in Massachusetts" or "Not Admitted in New York."

Activities

It is clear that no one but a lawyer duly admitted to the bar of this state may practice law here. See EC 3-5; EC 3-9 ("[a]uthority to engage in the practice of law conferred in any jurisdiction is not per se a grant of the right to practice elsewhere, and it is improper for a lawyer to engage in practice where he or she is not permitted by law or by court order to do so"); Judiciary Law §§ 478 and 484. What constitutes the practice of law is a legal question that is beyond the scope of this Committee's jurisdiction. However, certain ethical principles must be considered. Canon 3 and DR 3-101(A) of the Code prohibit a lawyer from aiding a non-lawyer in the unauthorized practice of law. See EC 3-5 and EC 3-8; N.Y. State 304 (1973). It is the responsibility of both the lawyer employer and the unadmitted law graduate or lawyer admitted only in another state to make certain that the latter does not engage in an activity which would be deemed to be the practice of law.

Nevertheless, non-lawyers may engage in a variety of activities under the supervision and direction of a lawyer. See N.Y. County 641 (1975)(quoting N.Y. County 420 (1953)). Various ethics opinions have established guidelines consisting of permitted and non-permitted activities for legal assistants and unadmitted lawyers. For convenience, we summarize them here. A person not admitted to the bar in this state:

- May not counsel clients about legal matters. See N.Y. City 884 (1974); N.Y. State 44 (1967); ABA 316 (1967); N.Y. City 78 (1927-28).

- May not appear in court. N.Y. City 884 (1974); N.Y. City 78 (1927-28); ABA 316 (1967).

- May not argue motions. N.Y. State 44 (1967).

- May not take depositions or EBTs, even if supervised throughout the deposition by a lawyer admitted to practice in New York. N.Y. State 304 (1973), N.Y. State 44 (1967).

- May not supervise the execution of a will. N.Y. State 343 (1974).

- May interview witnesses. N.Y. City 884 (1974).

- May draft documents of all kinds, including process, affidavits, deeds, contracts, pleadings, briefs and other legal papers, under the supervision of an admitted lawyer. N.Y. City 884 (1974); N.Y. City 78 (1927-28).

- May research questions of law. Id.

- May answer calendar calls provided no argument is necessary, and role is confined to purely ministerial activity. N.Y. State 44 (1967).

- May attend title or mortgage closings if it merely involves formalities, such as receipt or delivery of a deed or payment or receipt of money. N.Y. City 884 (1974); N.Y. City 78 (1927-28).

See also EC 3-5; EC 3-6; N.Y. County 666 (1985); N.Y. State 355 (1974).

CONCLUSION:

Law school graduates not yet admitted to the bar and lawyers licensed only in other states may be listed on firm letterhead and be provided business cards if their status is duly noted. They may sign documents and letters on behalf of New York law firms, provided disclosure is made of the fact that they are not admitted to practice law in this jurisdiction, and may perform the kinds of activities that may be performed by any non-lawyer employee.

November 11, 1990