**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7140**

WRITER'S INTERNET ADDRESS
**marcgreenwald@quinnemanuel.com**

October 26, 2015

<u>VIA ECF</u>

Honorable Ronnie Abrams
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   <u>Henig v. Quinn Emanuel Urquhart & Sullivan, LLP, *et al*</u>
      No. 13 Civ. 1432 (RA) (KNF)

Dear Judge Abrams:

We write respectfully to request that the Court seal the courtroom during portions of oral argument on Defendants' motion for summary judgment scheduled for October 29, 2015. Specifically, we request sealing when the parties address the review Mr. Henig engaged in for Quinn Emanuel's client because that work is protected by attorney-client privilege and the work-product doctrine.  Defendant Document Technologies, LLC consents to this request; Plaintiff takes no position with respect to this request.

The hearing will focus on whether Mr. Henig was practicing law when he worked on a document review for two months.  Quinn Emanuel's motion for summary judgment and Mr. Henig's opposition cite documents and testimony which are protected by attorney-client privilege and the work product doctrine.  Quinn Emanuel has protected this information from disclosure and there has been no privilege waiver.

While there is typically a presumption of public access to judicial proceedings, the Second Circuit recognizes that this presumption can be overcome by "countervailing factors," such as when the documents at issue are privileged.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124-25 (2d Cir. 2006) ("Notwithstanding the presumption of access under both the common law and the First Amendment, the documents may be kept under seal if 'countervailing factors' in the common law framework or 'higher values' in the First Amendment framework so demand. . . .  [A]ttorney-client privilege might well be such a compelling reason."); *Avocent Redmond*

Hon. Ronnie Abrams
October 26, 2015
Page 2

*Corp. v. Raritan Ams., Inc.*, 10 Civ. 6100, 2012 WL 3114855, at \*16 (S.D.N.Y. July 31, 2012) (allowing documents subject to the work-product privilege to be filed under seal); *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 162 (S.D.N.Y. 2003) (providing for the redaction of privileged portions of filed documents). The steps that this Court may take to protect sensitive information, such as privileged or protected information, includes closing the courtroom during discussion of such information. *See Constantine v. Teachers Coll.*, No. 09 CIV 9701 JSR, 2010 WL 3260164, at \*1 (S.D.N.Y. Aug. 6, 2010) ("The Court conducted an initial review of [privileged] documents during a sealed portion of the conference at which only defense counsel was present."); *see also Standard & Poor's Corp. Inc. v. Commodity Exch., Inc.*, 541 F. Supp. 1273, 1276 (S.D.N.Y. 1982) (noting that the presumption of access to open court "can be overcome in proper circumstances," recognizing that protection of a party's trade secret information as one such circumstance, and closing the courtroom to protect plaintiff's trade secret information).

Here, because the interest in preserving attorney-client privilege and work-product protection outweighs any presumption of public access to the underlying information, Quinn Emanuel requests that the Court seal the courtroom for any discussion of the substance of the document review project.

Respectfully,

Marc L. Greenwald

cc:     All Counsel, via ECF