REDACTED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM HENIG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>QUINN EMANUEL URQUHART & SULLIVAN, LLP and PROVIDUS NEW YORK, LLC,<br><br>Defendants. | 13 CIV 1432 (RA)<br><br>**SUPPLEMENTED DECLARATION OF SAMUEL C. KITCHENS** |

I, Samuel C. Kitchens, hereby declare as follows:

1. I am an attorney associated with Quinn Emanuel Urquhart & Sullivan ("Quinn Emanuel"), which is representing itself in the above captioned action, and am admitted to practice before this Court. I submit this declaration in support of Quinn Emanuel's Motion for Summary Judgment. Unless otherwise specified, I have personal knowledge of the facts set forth in this declaration and, if called upon as a witness, I could and would testify to such facts under oath.

2. Attached as Exhibit A is a true and correct copy of excerpts of the transcript of the deposition of Kush Bambrah, an employee at Providus, taken in this action on September 5, 2014 (the "Bambrah Deposition").

3. Attached as Exhibit B is a true and correct copy of excerpts of the transcript of the deposition of Andrew Kutscher, an associate at Quinn Emanuel and Quinn Emanuel's 30(b)(6) witness, taken in this action on September 9, 2014.

**REDACTED**

4. Attached as Exhibit C is a true and correct copy of excerpts of the transcript of the deposition of William Henig, the Plaintiff in this case, taken in this action on July 3, 2014 (the "Henig Deposition").

5. Attached as Exhibit D is a true and correct copy of an e-mail sent from Deb Post to herself, dated August 12, 2012, produced by Quinn Emanuel in this case bearing Bates numbers QE00212005-11, and marked as Exhibit 4 in the Henig Deposition.

6. Attached as Exhibit E is a true and correct copy of William Henig's conflict check form submitted to Quinn Emanuel, dated August 12, 2012, produced by Quinn Emanuel in this case bearing Bates numbers QE00212003-04, and marked as Exhibit 2 in the Henig Deposition.

7. Attached as Exhibit F is a true and correct copy of William Henig's résumé, produced by Quinn Emanuel in this case bearing Bates numbers QE00211991-92.

8. Attached as Exhibit G is a true and correct copy of an e-mail sent from Kush Bambrah to William Henig, dated August 13, 2012, produced by DTI in this case bearing Bates numbers DTI00094-95, and marked as Exhibit 1 in the Bambrah Deposition.

9. Attached as Exhibit H is a true and correct copy of excerpts of the transcript of the deposition of Ken Tanzer, a contract attorney at Quinn Emanuel, taken in this action on September 4, 2014.

10. Attached as Exhibit I is a true and correct copy of an e-mail sent from Ken Tanzer to Todd Riegler, dated August 14, 2012, produced by Quinn Emanuel in this case bearing Bates numbers QE00216090-91.

11. Attached as Exhibit J is a true and correct copy of William Henig's contract with Providus, dated August 15, 2012, produced by Quinn Emanuel in this case bearing Bates numbers QE00215887-92, and marked as Exhibit 3 in the Henig Deposition.

**REDACTED**

12. Attached as Exhibit K is a true and correct copy of William Henig's Temporary Employment Data Sheet, dated August 16, 2012, produced by Quinn Emanuel in this case bearing Bates numbers QE00215865-66.

13. Attached as Exhibit L is a true and correct copy of an e-mail sent from ▓▓▓▓▓▓ to ▓▓▓▓▓▓▓▓, dated August 18, 2012, produced by Quinn Emanuel in this case bearing Bates numbers QE00215992-96, and marked as Exhibit 4 in the deposition of Todd Riegler, a Senior Discovery Attorney at Quinn Emanuel, taken in this action on July 10, 2014 (the "Riegler Deposition").

14. Attached as Exhibit M is a true and correct copy of excerpts (page numbers QE00213400-06) of the redacted bill for services rendered in August 2012 sent from Quinn Emanuel to its client, dated September 25, 2012, produced by Quinn Emanuel in redacted form in this case bearing Bates numbers QE00212141-3409.

15. Attached as Exhibit N is a true and correct copy of excerpts (page numbers QE00214618-24) of the redacted bill for services rendered in September 2012 sent from Quinn Emanuel to its client, dated October 22, 2012, produced by Quinn Emanuel in redacted form in this case bearing Bates numbers QE00213410-4627.

16. Attached as Exhibit O is a true and correct copy of excerpts (page numbers QE00215812-18) of the redacted bill for services rendered in October 2012 sent from Quinn Emanuel to its client, dated November 19, 2012, produced by Quinn Emanuel in redacted form in this case bearing Bates numbers QE00212141-5821.

17. Attached as Exhibit P is a true and correct copy of a spreadsheet showing William Henig's hours billed from August 16, 2012 to October 16, 2012, produced by Quinn Emanuel in this case bearing Bates numbers QE00215902.

**REDACTED**

18. Attached as Exhibit Q is a true and correct copy of a document discussing the document review project for which Mr. Henig was engaged, produced by Quinn Emanuel in this case bearing Bates numbers QE00212025-55, and marked as Exhibit 5 in the Henig Deposition.

19. Attached as Exhibit R is a true and correct copy of an e-mail and attachment sent from ▮▮▮▮▮▮ to the First Level Reviewers, produced by Quinn Emanuel in this case bearing Bates numbers QE00211200-10.

20. Attached as Exhibit S is a true and correct copy of an e-mail and attachment sent from ▮▮▮▮▮▮ to the First Level Reviewers, produced by Quinn Emanuel in this case bearing Bates numbers QE00211393-400.

21. Attached as Exhibit T is a true and correct copy of a document produced by Quinn Emanuel in this case bearing Bates numbers QE00215856-60, and marked as Exhibit 8 in the Henig Deposition.

22. Attached as Exhibit U is a true and correct copy of a document produced by Quinn Emanuel in this case bearing Bates numbers QE00215861-63, and marked as Exhibit 9 in the Henig Deposition.

23. Attached as Exhibit V is a true and correct copy of the table of contents of the document review training materials, produced by Quinn Emanuel in this case bearing Bates numbers QE00215893, and marked as Exhibit 9 in the Riegler Deposition.

24. Attached as Exhibit W is a true and correct copy of an e-mail and attachment sent from ▮▮▮▮▮▮ to the First Level Reviewers with attachment, produced by Quinn Emanuel in this case bearing Bates numbers QE00211557-606.

25. Attached as Exhibit X is a true and correct copy of an e-mail sent from Andrew Kutscher to the First Level Reviewers, produced by Quinn Emanuel in this case bearing Bates numbers QE00211551-52, and marked as Exhibit 6 in the Henig Deposition.

**REDACTED**

26. Attached as Exhibit Y is a true and correct copy of a document produced by Quinn Emanuel in this case bearing Bates numbers QE00215864.

27. Attached as Exhibit Z is a true and correct copy of excerpts of the transcript of the deposition of Michael Belgraier, a contract attorney at Quinn Emanuel, taken in this action on July 18, 2014.

28. Attached as Exhibit AA is a true and correct copy of an e-mail sent ▆▆▆▆ ▆▆▆▆ to the First Level Reviewers produced by Quinn Emanuel in this case bearing Bates numbers QE00212001-02.

29. Attached as Exhibit BB is a true and correct copy of an e-mail sent ▆▆▆▆ ▆▆▆ to ▆▆▆▆▆ produced by Quinn Emanuel in this case bearing Bates numbers QE00211211, and marked as Exhibit 11 in the Henig Deposition.

30. Attached as Exhibit CC is a true and correct copy of William Henig's résumé, produced by William Henig in this case bearing Bates numbers P0060-61, and marked as Exhibit 1 in the Henig Deposition.

31. Attached as Exhibit DD is a true and correct copy of excerpts of the transcript of the Riegler Deposition.

32. Attached as Exhibit EE is a true and correct copy of Opinion 721 of the New York State Bar Association Committee on Professional Ethics (1999), *available at* http://old.nysba.org/Content/ContentFolders/EthicsOpinions/Opinions676750/EO_721.pdf.

33. Also included in Quinn Emanuel's production are several spreadsheets that were prepared by Quinn Emanuel by exporting data from Relativity, the document review platform used by the First Level Reviewers. Due to the size and the privileged nature of these spreadsheets, this declaration summarizes their contents in lieu of submitting the large, privileged spreadsheets to the Court.

34. The production document with Bates number QE00210823 is an Excel spreadsheet with 12,940 rows and 11 columns of data identifying the documents reviewed by Mr. Henig in the First Level Review along with certain tags and comments that he assigned to those documents (the "Responsiveness Spreadsheet"). The Responsiveness Spreadsheet identifies (1) the documents reviewed by Mr. Henig, represented by the internal Relativity identification number of each document, referred to as the "Relativity ID", (2) whether Mr. Henig tagged those documents as "Responsive," "Non Responsive," "Other," or "Privilege," represented by an "X" in the column corresponding to those tags, and (3) whether Mr. Henig included an attorney comment in Relativity for other reviewers, represented by the text of Mr. Henig's comment in the "Comment" column.

35. In total, the Responsiveness Spreadsheet shows that Mr. Henig reviewed 12,938 documents. Of those 12,938 documents, Mr. Henig tagged: 10,103 as "Responsive"; 2,823 as "Non Responsive"; 1,845 as "Privileged"; and 4 as "Other." Some of these documents were tagged multiple times: 1,757 documents were tagged as both "Privileged" and "Responsive"; 88 documents were tagged as both "Privileged" and "Non Responsive"; and 1 document was tagged as both "Responsive" and "Non Responsive." Additionally, 9 documents were not tagged with the "Responsive," "Non Responsive," "Other," or "Privilege" tags. Mr. Henig also included comments on three of the documents: (1) on the document with Relativity ID ███████ Mr. Henig wrote "Looks like this could be A/C but not sure the source."; (2) on the document with Relativity ID ███████ Mr. Henig wrote "looks like it may be A/C. Not 100% sure."; and (3) on the document with Relativity ID ███████ Mr. Henig wrote "Possibly A/C priveleged [sic]."

36. The production document with Bates number QE00210824 is an Excel spreadsheet with 28,755 rows and 9 columns of data showing what actions in the Relativity

document review platform were performed by Mr. Henig on which documents and at what time (the "Relativity Spreadsheet"). Of relevance here, the Relativity Spreadsheet shows (1) the "Action" that was performed by Mr. Henig on the Relativity platform ("Document Query," "Print," "Update," "Update – Propagation," or "View"); (2) the "Object Type" that Mr. Henig performed the action on ("Batch," "Document," or "View"); (3) the "Name" of the Object Type (for documents this was the "Relativity ID" present in QE00210823); (4) the "Timestamp" of the Action; (5) the "User Name" associated with the Action (here "Henig, William"); and (6) the "Details" of the Action performed by Mr. Henig.

37. Included in the "Details" column in the Relativity Spreadsheet are numbers associated with the tags used by the First Level Reviewers. These numbers are found within the production documents with Bates numbers QE00216086, QE00216087, QE00216088, and QE00216089 (the "Code Spreadsheets"). The Code Spreadsheets all contain a column called "Name" that lists the names of certain tags used by the First Level Reviewers in the Relativity document review platform along with another column called "Artifact ID" that lists a 7 or 8 digit number. The Artifact ID numbers found in the "Details" column of the Relativity Spreadsheet signify that Mr. Henig's Action related to the tag associated with that Artifact ID number.

38. According to the "Details" column in the Relativity Spreadsheet , Mr Henig's Actions in Relativity included using each of the following tags: (1) "Responsive"; (2) "Non Responsive"; (3) "Key Doc"; (4) "Highly Confidential"; (5) "Privilege – Withhold"; (6) "Privilege – Redact"; (7) "A/C" subtag; (8) "W/P" subtag; and (9) "Deliberative Process" subtag.

**REDACTED**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2015, in New York, NY.

_____
                                    Samuel C. Kitchens