# Exhibit R

**REDACTED**

| | |
|---|---|
| From: | ▇▇▇▇▇ |
| Sent: | Mon 10/01/2012 3:14 PM (GMT -7) |
| To: | ▇▇▇ Doc Review |
| Cc: | Andrew Kutscher; Todd Riegler |
| Bcc: | |
| Subject: | Updated Guidelines 10.1 1LR.DOC |
| Attachments: | 4987735_1_Updated Guidelines 10.1 1LR.DOC |

Hi Everyone-

Here is the latest Document Review Guidance/Update. This document incorporates the original guidelines along with the Weekly Updates. Therefore, it is meant to replace the old updates/guidelines. This document will continue to be updated as warranted.

Thanks-

▇▇▇

PRIVILEGED AND CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          QE00211200

ATTORNEY WORK PRODUCT                                                                                                Page 1
PRIVILEGED and CONFIDENTIAL                                                                                          DRAFT

███

# Document Review Guidelines- 1LR
### Updated as of 10/1/12

## I. General Information

- **Confidentiality**: All documents are presumptively confidential. Reviewers will be determining whether to *remove* confidentiality—tagging public/publicly available documents "Not Confidential".

    o **Highly Confidential Tag:** applied to documents containing highly sensitive (e.g., social security numbers and property addresses

- **Date Range**: The exact date range of responsive documents is still being worked out with the defendants. As such, the current date range of responsive documents is from early ███████. {2LR's see below for post ███████ review instructions.}

- **Interesting and Key tags** should be used to tag documents that would be useful in deposition preparation and/or should be brought to the associates' attention. Please use these tags only to identify crucial documents.

- ███████████████████████████████████████████████████████████

- ███████████████ ████████████████

## II. General ████████ Responsiveness

- Any communication by and between the ███ and any of the defendants.

- **General ███ discussions:** Responsive even if they don't involve specific deals.

- Documents listing ████████ but no names or other identifying information. (7/9/12)

- Any ████████████ that looks like it could be one of ours. *These documents are Responsive regardless of their date (i.e.,* ███ *documents are Responsive).*

- Requests or offers to purchase; preliminary or final agreements; commitments

- Creation, formation, structuring of *those* ████████ or related ████████

- Analysis, evaluation, review, or decision-making process in ████████ concerning our ████████ including ████████████████████ – including ████████████ which apparently *include* ours, like ████████

99999.76613/4987735.1

- ▮▮▮ **emails**: not because they are particularly responsive, but because the ▮▮ ▮▮▮▮ emails tend to come from Defendants so would rather err on the side of caution. Same for ▮▮▮▮▮▮▮. (7/16/12 -Andrew)

- ▮▮▮▮▮▮: Tag as responsive if the document involves ▮▮ or one of our ▮▮▮▮.

- **Computer Programs documents:** Documents that contain settings for computer programs found in the files of a ▮▮▮▮▮▮▮▮▮▮▮ may be Responsive. Similar documents found in the files of a ▮▮▮▮▮▮ are Non-Responsive if they do not concern ▮▮▮▮. (8/14/12)

- Publicly filed **court documents**

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *by any Defendant* concerning our ▮▮▮▮ or, if general, groups which might include our ▮▮▮▮

- ▮▮▮▮▮▮▮▮▮▮ **documents:** The ▮▮▮▮ was arranged by the Defendants and sold to the ▮▮▮ along with the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Documents discussing ▮▮▮▮▮▮▮▮ (i.e., their ▮▮▮▮▮▮) may be Responsive.

- ▮▮▮▮▮▮

    o A document describing or evaluating the practices of one of the *defendant* ▮▮▮▮▮ (Tab 1-Slide 15) (good or bad practices, or ▮▮▮▮▮▮▮▮▮▮) on a *non-complaint* ▮▮ unless it is a ▮▮▮▮▮▮▮▮ doc that did not make it to the ▮▮ side. (7/3/12 -Andrew)

    o ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

    o ▮▮▮▮▮▮ ▮▮ documents responsive if they relate to the ▮▮▮▮ litigations. If you're not sure, then call it Responsive.

- ▮▮▮▮▮▮▮▮: Look out for ▮▮▮▮▮▮▮▮▮▮. If the ▮▮▮ is being proposed or developed or changed by ▮▮▮ the "Deliberative Process" privilege tag may apply." (See below.)

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮: These are responsive (7/5/12, 7/17/12 ▮▮)

- ▆▆▆▆▆ **documents**: Documents analyzing ▆▆▆▆▆▆▆▆▆ at a high level, including any details referencing at least ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆ are responsive.

- ▆▆▆▆▆▆▆▆▆▆: It is theoretically possible for a ▆▆▆ to relate back to a much earlier filed ▆▆▆▆▆ (as far back as the early ▆▆▆). Mark early-filed ▆▆▆▆▆▆▆ as Responsive if it appears they could track to one of our ▆▆▆ A ▆▆▆▆ related to one of our ▆▆▆▆▆▆ with comments from the ▆▆▆▆▆▆▆▆▆ folks (as opposed to legal) is Responsive.

- **Public newsletters** and other documents discussing the ▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆ (from ▆▆▆, consultants, news sources)

- ▆▆▆▆▆▆▆ **Emails**: If you see direct communications between ▆▆▆▆▆▆▆▆ ▆▆▆▆ and any ▆▆▆▆▆▆, notify the ▆▆▆▆▆▆. However, you only have to let the team know of ▆▆▆▆▆▆ communications if it contains non-public information – such as a ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆. (9/4/12) Discussions about the ▆▆▆▆▆▆ are Responsive, but would not be particularly interesting.

- ▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆ (NR if not ours) (9/7/12)

- ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ ▆▆▆▆▆▆▆▆▆ (7/9/12)

### III. ▆▆▆▆▆▆▆▆▆▆▆▆ (2LR's- see Section X. below)

- ▆▆▆▆▆▆ documents are relevant if the following applies:

    1. Pertains substantively to ▆▆▆▆▆▆▆▆▆ AND

    2. To/From/CC/Seen by the ▆▆▆▆▆▆▆" (ie: ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆). (See Players List Tab 3 for names.)

- Other instances where ▆▆▆▆▆▆ documents are responsive:

    1. ▆▆▆▆▆▆ documents discussing ▆▆▆▆▆▆▆▆ and/or adherence to same

    2. ▆▆▆▆▆▆ documents discussing ▆▆▆▆▆ – even if the ▆▆▆▆▆ being discussed is not an ▆▆▆▆▆ of any of our ▆▆▆▆▆▆▆.

    3. *Where the issue is primarily a* ▆▆▆▆▆▆ ***policy*** *document:*

    a. Evaluation of **specific** ▇▇▇ (not just ▇▇▇ in general) (Example: discussion about the quality of an ▇▇▇ –data regarding this evaluation is sufficient to establish responsiveness)

    b. ▇▇▇ modeling **by** ▇▇▇ **custodians** even if there isn't anything specifically mentioning ▇▇▇ (otherwise do not produce)

- Remember: It's not a blanket rule that we're producing any ▇▇▇ doc that crossed the ▇▇▇' desks.  A mere passing reference to ▇▇▇ is not enough to make a document responsive)

**IV.  Privilege**

- Use discretion marking documents Privileged.  But, if a document has "a hint" of privilege, mark it Privileged.  1LRs should apply privilege tagging liberally, to be refined during 2LR – but ultimately reviewed during a separate Privilege Review.  **When in doubt, err on the side of calling a doc /family privileged/work product** so it can be reviewed more fully in Privilege Review.

- That being said, If you come across a document where it's obviously that priv has been broken, you no longer have to tag it as priv.  For example, if you have an email that went outside of the ▇▇▇ or their attorneys and consultants (and are sure that priv was broken) then you can skip the priv tag. (9/4/12)

- If you come across an attorney whose name is not on the players list, then send the name with the Relativity DocID to the supervising 2LR attorney.

- If parent is priv, whole family is priv. (Todd, 9/25/12)

- People with /LEGAL/ in their email address should be treated as attorneys.

- ▇▇▇ ▇▇▇ or later should be tagged **Privileged**. (7/11/12)

- Communications with ▇▇▇: treat these communications as preserving privilege (7/17/12  -Andrew)

- **Consultants:** A privileged document that is sent to a consultant working for the ▇▇▇ should be tagged Privileged.

- ▇▇▇ **Meetings:** Where there is a question about whether draft minutes from ▇▇▇ meetings are privileged, mark them Privileged.

- Drafts of **10Ks** and drafts of **10Qs** should be tagged Privileged if they include a discussion of the ▇▇▇.  If they do not include a discussion of the ▇▇▇ then they are Non-Responsive.

99999.76613/4987735.1

PRIVILEGED AND CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                QE00211204

- **Draft** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- **Handwritten notes:** Notes have been tagged as priv without any indication that they notes could be an attorney. There should be some reason to believe that the notes were in fact made by attorney or in discussions with an attorney or qualify as work product.

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be treated as **Responsive** and **Privileged-Work Product** for the time being. If you see an email reflecting the *beginning* or *creation* of this ▮▮▮▮▮▮ send a copy to both teams. (7/13/12) Andrew is interested in seeing those ▮▮▮▮▮ documents to figure out ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. So would not include ▮▮ documents after QE was retained. (9/10/12) Just to clarify, in case there are any questions, Andrew does not expect to see emails regarding the ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮. (10/1/12)

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ If you come across these types of documents, you should tag them priv/DP. Here's a snippet: (9/13/12)

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## V. Deliberative Process Privilege

From ▮▮▮▮▮▮▮▮▮▮ (Associate who is handling priv matters) (9/13/12): DP applies to the "opinions, recommendations, and deliberations" of a ▮▮▮▮▮▮▮▮ in the course of formulating ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The communication has to have occurred prior to the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in question, and it must contain recommendations or opinions – DP won't apply to communications that contain only factual material. Because they can be considered ▮▮▮▮▮▮▮▮▮▮▮ DP may apply to communications *within* either ▮▮▮▮ ▮▮▮▮▮▮, or *between* ▮▮▮▮▮▮▮▮▮▮ (if any). Docs/communications produced by ▮▮ ▮▮▮▮▮▮ which contain opinions, recommendations or deliberations as to ▮▮▮▮▮▮▮▮▮▮ future decisions or policies – whether draft or final, and in the form of reports or documents from any other part of the examining process – should be tagged DP. Docs/communications produced by ▮▮▮▮▮▮▮▮ which respond to same, should be tagged BEP. In short:

1. Look for any internal documents/communications at or between ▮▮▮▮▮▮ ▮▮▮▮▮▮

2. Don't consider internal documents/communications at or between ▮▮▮▮▮▮▮▮ or external communications between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3. Ask whether the communications in 1. are discussing a ▮▮▮▮▮▮▮▮▮▮ or a decision to be made, or contain a recommendation in respect of same;

PRIVILEGED AND CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER                                    QE00211205

    4.    If yes, tag as DP.

- If you see a ███████████████████████████ discussion by another ████████ ███████████████████████—which should be extremely rare, you may tag it "DP" but bring it to the attention of the Associate.

**VI.  ██████████████████████:**

From ██████ (9/13/12): ████████████████████████████████████████████
████████, it is DP applied to the "opinions, recommendations, and deliberations" of ████████
████████████████████████████████ BEP goes further than DP however, because the courts have held that BEP will protect communications ████████████████████████████
████████████████████████ subsequent, internal deliberations, etc.  Because they can be considered ████████ BEP may apply to external communications between ████████████
████████████ In short:

    1.    Look for external communications between ██████████████████ ██████;

    2.    Ask whether the content of those communications would meet the test for DP;

    3.    If yes, tag as BEP.

## VII. Non-Responsive Documents

- Generally, if you cannot tell on the face of a document (an in any family context) whether or not it is responsive (e.g., draft ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬), then it is NOT Responsive.

- ▬▬▬▬▬▬: His ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ emails are not responsive. (8/30/12)

- ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

- **Court documents**: That's a publically filed complaint **against us** in federal court – we don't need to provide them that – they have it.

- ▬▬▬▬▬▬: as far as Andrew knows, there aren't any ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ at issue in these cases. (Andrew 9/19/12)

- Documents dealing *only* with ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (7/11/12 – ▬▬▬)

- **General statements about the U.S. economy** that do not single out the ▬▬▬▬▬ ▬▬▬▬▬▬▬▬

- **Individual** ▬▬▬▬▬▬▬ document (as a ▬▬▬▬▬▬▬▬), which is not identified with one of our ▬▬▬▬▬▬▬. (7/6/12)

- Documents concerning ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

- ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

- ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ These docs are not responsive--unless they meet one of our other responsiveness categories.

- Documents concerning general ▬▬▬▬▬▬▬▬▬▬ analysis/review ( unless they at least mention or break out figures for ▬▬▬▬▬▬

- ▬▬▬▬▬▬ **reference:** A document that primarily concerns ▬▬▬▬▬▬▬, with only a passing reference to ▬▬ would be NR.

- ▬▬▬▬▬▬ - Non-responsive. The document in question didn't pertain to the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬. Instead, it seemed to be provide details on ▬▬▬▬▬ business selling their own ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

99999.76613/4987735.1

PRIVILEGED AND CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER　　　　　　QE00211207

- ▬▬▬▬▬▬ **Reporting:** Consist of large modeling spreadsheets pertaining to ▬▬▬▬ reporting.  These appear to be non-responsive ▬▬▬▬▬▬ documents. (9/13/12)  Here are snippets:



- ▬▬▬▬▬▬ : Generally, a ▬▬▬▬ is when the ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬.  (9/24/12) ▬▬▬▬ ▬▬▬▬ should be marked *Non-Responsive and tagged* ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬  There must be substantive discussion regarding any ▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬ or not).

- ▬▬▬▬▬▬▬▬▬▬▬▬▬▬

- ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ most likely all NR

- ▬▬▬▬▬▬ Documents that deal only this company are NR unless they meet another test for responsiveness (ie., discussing ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

## VIII. Technical

- If you come across a document that has been produced, your layout default will change to "Reviewer – READ ONLY – PRODUCED DOC." 
Let Andrew or a second level reviewer know immediately.  Please note that when moving to the next document, you will have to manually change your layout to the correct layout for review- i.e. "Reviewer" mode as shown below.

    

- Review batches may contain documents from more than one custodian.

- ▬▬▬▬▬▬ was a document storage program at ▬▬▬▬.

- If a custodian named something like "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" is a ▮▮▮▮▮ LAN. In your billing description, you can call this custodian ▮▮▮▮▮▮▮▮▮▮▮▮

- If a document is not opening in viewer mode, you can select the dropdown were it says "Draft" and select "Normal", this will show the main body of the document. When you select "Preview" this will try to pull in all of the data.

- **.CAD, .CAS, .NEX, .mdb, .snp, Microsoft Access files** and other files with unusual extensions that will not open in Relativity should be tagged Technical Issues.

- **.JAR and .txt files**: If you come across these files you can review these documents as normal as they are similar to .zip files. (9/11/12)

- **NSF Emails:** There is a new "NSF" tag. It should be used anytime you encounter a doc with the NSF problem and should be used in conjunction with Responsive, Non-Responsive and Privileged documents. Use of this tag will help our vendor research the issue and provide a solution. As a reminder, the NSF issue concerns documents that aren't displayed properly in Viewer and Extracted Text modes. Clues you have an NSF doc and how to review them are:

    Viewer Mode
    1. The viewer may have scroll bars which normally aren't there. Use them to see text that may be moved far right, left or to the bottom.
    2. The viewer may stretch paragraphs/sentences beyond the normal parameters. Scroll to review.
    3. The viewer may appear to drop text such as headers or info from the headers and then may put display info in another location on the document. Look for headers in odd locations, including the bottom of a message.

    Extracted Text
    1. The extracted text view may place text in alternate locations of document. Again, look for "missing" text in other locations on the document.

You can also spot the NSF docs in the document list:



## IX. ADMINISTRATIVE

- **Phone Numbers** for the Offsite Rooms:

    1275/76:  (646) 378-7971  {Priv Team Rom}
    1277: tba
    1278:  (646) 378-7826
    1279: tba
    Penthouse:  N/A

- **Special Projects**: Alert Andrew if you get asked to work on a special project, unless he's already cc'd in the email. (8/29/12)

- **Email**: And don't forget to check your QE email at least once an hour. (8/29/12)

- **Review Center hours:** Going forward, the review center's hours will return to our original hours:
    **Monday – Friday:**  8:30 AM – 8:00 PM
    **Saturday:**  CLOSED

99999.76613/4987735.1

PRIVILEGED AND CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER QE00211210