# Exhibit T

**REDACTED**

ATTORNEY WORK PRODUCT  
PRIVILEGED and CONFIDENTIAL

Page 1  
DRAFT

### ▮ - Doc Review Guidance - DRAFT

The purpose of this document is to attain consistency in the review by summarizing and updating the guidance/ decisions concerning document review and issues identified during 2LR - so that there is a fairly current reference for 2LR and Associates.
*Suggest you insert this into "Responsiveness" in the existing "On-Site Decisions Log" for 1LR. ISSUE TAGGING notes are included in a separate section at the end, to make it easy to separate the first sections for 1LR.*

**Responsiveness** *(proposed to replace On-Site Log 'Responsiveness' Section)*
- Generally, documents about or ▮▮▮▮▮ ▮▮▮▮▮ are **Responsive**—for instance:
    o requests or offers to purchase; preliminary or final agreements; commitments
    o creation, formation, structuring of *those* ▮▮▮▮▮
    o analysis, evaluation, review, or decision-making process in ▮▮▮ concerning any of these ▮▮▮, including ▮▮▮ ▮▮▮ – including ▮▮▮ which apparently *include* ours, like ▮▮▮; or which don't appear to *exclude* ours (see, e.g., below).
    o marketing or sales presentations *by any Defendant* concerning our ▮▮▮ or, if general, ▮▮▮
- Documents presenting or analyzing ▮▮▮ or ▮▮▮ at a high level, including any details referencing at least ▮▮▮ ▮▮▮ are **Responsive**.
- Conversely, documents presenting or analyzing ▮▮▮ or ▮▮▮ at a high level, *without* any detail referencing at least ▮▮▮ ▮▮▮ are **Non Responsive**.
- ▮▮▮ which concern *or which could concern* our ▮▮▮ are **Responsive**. Look out for ▮▮▮, ▮▮▮. If the ▮ is being proposed or developed or changed by ▮▮, the "Deliberative Process" privilege tag may apply—see below, in "Privilege".
- General ▮▮▮ (sent out daily by defendants with long lists of ▮▮, ▮▮) are **Responsive**.

- ▮▮▮ which *exclude* ours, and which are—by themselves—**Non Responsive** are, for instance: ▮▮▮ ▮▮▮ ▮▮▮.
- ▮▮▮ ▮▮▮ are **Not Responsive**
- unless they meet one of our other responsiveness categories.

Generally, if you cannot tell *on the face of a document (and in any family context)* whether or not it is responsive (e.g., draft ▮▮▮), then it is **Not Responsive**.

04250.61937/4858371.1

EXHIBIT 18  
7·3·14

PRIVILEGED AND CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          QE00215856

ATTORNEY WORK PRODUCT  
PRIVILEGED and CONFIDENTIAL

Page 2  
DRAFT

Generally, *without some other basis* for Responsiveness, the following entities are **Non Responsive**:
- ███████████████████████
- ███████████████████
- █████████████████████████████
- █████████████████████████████████████████████████

█████████████████████████████. Documents discussing ████ are not responsive--unless they meet one of our other responsiveness categories.

Documents concerning *only* the ████████████████████████████ ████████ are **Non Responsive**—but must be tagged also ██████████████████████ *Make sure to distinguish documents discussing* ███████████████████████ ██████████████████████████████████████████████████████ *If in doubt, tag Responsive.*

**General statements** about the state of the ██████████████ markets are **Not Responsive** (if they do not pertain to any other responsive issues), *but should be tagged* also with one of the **"General" tags**: either ██████████████████████████████ ████████, depending on the source.
Note that ████████ memos concerning ██████, for instance, are **Responsive** and not considered "general statements about the state of the ████ market". (7/5/12, 7/17/12 -Julia) Statements about the U.S. economy that do not single out the ███████████████ are Not Responsive.

**Tagging Caution:** Remember that *families are forced to be tagged consistent* by Relativity, *according to the last tagged member of the family.* So once you have found and tagged a Responsive or Privileged member of a family, you must *not* tag a following family member otherwise—or it will change the tagging on all preceding family members. **Pay attention to family status.**

**Special Cases/Updates:**
- Documents concerning only ████████ are Not Responsive (and may be ████ █████).
- Documents concerning ████████████████████████████ are **Not Responsive** (and are usually Single Family).
- Documents that deal only with the company, ████████, are **Not Responsive**, unless they meet another test for responsiveness (i.e., ████████████████████████ ████).
- Documents dealing with analysis of █████████████████████████ ████████████████████████████████████████—should be marked **Responsive** because they are potentially underlying ████████. (6/18/12 –Jeff) *but—*
- Documents concerning an ████████████████████████████████████ ████████████████████████████, should be marked **Not Responsive**. (7/6/12)

04250.61937/4858371.1

ATTORNEY WORK PRODUCT  
PRIVILEGED and CONFIDENTIAL

Page 3  
DRAFT

- A document about a ▮▮▮▮▮ is **Not Responsive**, even if the counterparty is one of our defendants. (7/3/12 ▮)
- A document describing or evaluating the practices of one of the *defendant* ▮▮▮▮▮ on a *non-complaint* ▮▮▮▮▮ would be **Responsive** *unless* it is a ▮▮▮▮▮ doc that did not make it to the ▮ side. (7/3/12 -Andrew)
- Documents listing ▮▮▮▮▮ but no names or other identifying information should be considered **Responsive** until further notice. (7/9/12)
- Documents dealing *only* with ▮▮▮▮▮ for ▮▮▮▮▮ are **Not Responsive** (unless they mention an otherwise responsive topic). (7/11/12 -▮)
- Documents concerning ▮▮▮▮▮ for example) are **Responsive**. (7/9/12 -▮)
- Documents concerning general ▮▮▮▮▮ analysis/review are **Not Responsive** unless they at least mention or break out figures for ▮▮▮▮▮ (7/13/12)
- Documents generated for/by the ▮▮▮▮▮ should be treated as **Responsive** and **Privileged-Work Product** for the time being. If you see an email reflecting the *beginning* or *creation* of this ▮▮▮▮▮ please send a copy to both teams. (7/13/12 -Andrew)
- We are producing the ▮▮▮▮▮, not because they are particularly responsive, but because the ▮▮▮▮▮ emails tend to come from Defendants so would rather err on the side of caution. Same would go for ▮▮. (7/16/12 -Andrew)
- It appears that the ▮ had minimal direct contact with the ▮▮▮▮▮. If you see direct communications between ▮▮▮▮▮ and include the document number(s). (7/17/12 -Andrew)
- Documents concerning ▮▮▮▮▮) are Not Responsive, absent any other basis for responsiveness.

**Privilege**
- 1LR should apply privilege tagging liberally, to be refined during 2LR – but ultimately reviewed during a separate Privilege Review. *When in doubt, err on the side of calling a doc /family privileged/work product* so it can be reviewed more fully in Privilege Review.
- **Deliberative Process** ["DP"] Privilege: to qualify for the deliberative process privilege, the communication must be (1) about policy, (2) pre-decision, and (3) ▮▮▮▮▮
  - ▮▮▮▮▮

ATTORNEY WORK PRODUCT  
PRIVILEGED and CONFIDENTIAL

Page 4  
DRAFT



- o ███████████████████████████████████
- o Generally, ███████████████████████████████ do not qualify for the deliberative process privilege. If you see a ███████████████████████████ you may tag it "DP" but bring it to the attention of the Associate team.
- ███████ reviews dated ███████ or later should be tagged **Privileged**. (7/11/12)
- For now, treat communications with ███████████ as preserving privilege (7/17/12 -Andrew)

**Confidentiality**
- All documents are presumptively confidential. Reviewers will be determining whether to *remove* confidentiality—tagging public/publicly available documents "Not Confidential".
- The "highly confidential" tag will be available for second-level review only—and should be applied to documents containing highly sensitive or personal information (e.g., social security number(s), private cell phone number(s), individual salary or performance review information or corporate bank account routing information).

*[ISSUE TAGGING for 2LR – follows]*

04250.61937/4858371.1

**ISSUE TAGGING –**
Current List (additional explanation/clarification):



**Highly Confidential** - applied to documents containing highly sensitive or personal information (e.g., social security number(s), private cell phone number(s), individual salary or performance review information or corporate bank account routing information).